1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TERRYLYN MCCAIN,

11           Plaintiff,                 No. 2:11-cv-01265 KJM KJN PS

12       v.

13   CALIFORNIA HIGHWAY PATROL,
     et al.,

14
             Defendants.               <u>ORDER</u>
15   _____/

16           On June 2, 2011, defendant California Highway Patrol filed a motion to dismiss

17   plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and noticed that

18   motion for a hearing before the undersigned to take place on July 7, 2011.[1]  (<u>See</u> Notice of Mot.

19   & Mot. to Dismiss, Dkt. No. 4.)  Pursuant to the court's Local Rules, plaintiff was obligated to

20   file and serve a written opposition or statement of non-opposition to the California Highway

21   Patrol's motion at least fourteen days prior to the hearing date, or June 23, 2011.  <u>See</u> E. Dist.

22   Local Rule 230(c).[2]  The court's docket reveals that plaintiff, who is proceeding without counsel,

23   _____

24       [1]  This action proceeds before the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

25
         [2]  Eastern District Local Rule 230(c) provides:

26

                                             1

1   failed to file a written opposition or statement of non-opposition to the California Highway

2   Patrol's motion.

3            Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to

4   comply with these Rules or with any order of the Court may be grounds for imposition by the

5   Court of any and all sanctions authorized by statute or Rule or within the inherent power of the

6   Court."  Moreover, Eastern District Local Rule 183(a) provides, in part:

7            Any individual representing himself or herself without an attorney is
         bound by the Federal Rules of Civil or Criminal Procedure, these Rules,
8            and all other applicable law.  All obligations placed on "counsel" by these
         Rules apply to individuals appearing <u>in propria persona</u>.  Failure to comply
9            therewith may be ground for dismissal . . . or any other sanction
         appropriate under these Rules.

10

11   <u>See also</u> <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the

12   same rules of procedure that govern other litigants.").  Case law is in accord that a district court

13   may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal

14   Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to

15   comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.[3]

16   <u>See</u> <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua*

17   *sponte* to dismiss a suit for failure to prosecute"); <u>Hells Canyon Preservation Council v. U.S.</u>

18   <u>Forest Serv.</u>, 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action

19   ──────────────────────

20            **(c) Opposition and Non-Opposition.**  Opposition, if any, to the granting of
         the motion shall be in writing and shall be filed and served not less than
21            fourteen (14) days preceding the noticed (or continued) hearing date.  A
         responding party who has no opposition to the granting of the motion shall
22            serve and file a statement to that effect, specifically designating the motion
         in question.  No party will be entitled to be heard in opposition to a motion
23            at oral arguments if opposition to the motion has not been timely filed by that
         party. . . .

24

25   [3]  The Ninth Circuit Court of Appeals had held that under certain circumstances a district
    court does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil
26   Procedure 41(b) for failing to file an opposition to a motion to dismiss.  <u>See</u>, *e.g.*, <u>Trice v. Clark</u>
    <u>County Sch. Dist.</u>, 376 Fed. Appx. 789, 790 (9th Cir. 2010), <u>cert. denied</u>, 131 S. Ct. 422 (2010).

1   pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute

2   or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52,

3   53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground

4   for dismissal."), cert. denied, 516 U.S. 838 (1995); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th

5   Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an

6   action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992);

7   Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam)

8   (stating that district courts have inherent power to control their dockets and may impose

9   sanctions including dismissal), cert. denied, 479 U.S. 829 (1986).[4]  In light of plaintiff's failure to

10  file a written opposition or statement of non-opposition to the California Highway Patrol's

11  motion to dismiss, the undersigned continues the July 7, 2011 hearing and provides plaintiff with

12  a final opportunity to oppose the motion.

13          On June 22, 2011, plaintiff filed two motions to strike the California Highway

14  Patrol's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(f), both of which do

15  not substantively oppose the motion to dismiss.  (Dkt. Nos. 19, 20.)  As an initial matter, plaintiff

16  did not properly notice these motions pursuant to Local Rule 230.  In any event, plaintiff's

17  motions are summarily denied because Federal Rule of Civil Procedure 12(f) is inapplicable here.

18  Rule 12(f) may be used to strike "pleadings," and a motion is not a "pleading"  See Fed. R. Civ.

19  P. 12(f) ("The court may strike from a *pleading* an insufficient defense or any redundant,

20  immaterial, impertinent, or scandalous matter.") (emphasis added); see Fed. R. Civ. P. 7(a)

21  (defining a "pleading" as a complaint, an answer to a complaint, an answer to a counterclaim, an

22  answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and a reply

23

24

---

25      [4]  The court previously warned plaintiff in another action of the consequences for failing to
    file an opposition to a motion to dismiss.  (See Order, Aug. 13, 2010, Dkt. No. 31, McCain v. Bank
26  of Am., No. CIV S-10-1266 JAM KJM PS (E.D. Cal.).)

to an answer).)  Accordingly, plaintiff may not use Rule 12(f) to strike a motion.[5]

In light of the foregoing, IT IS HEREBY ORDERED that:

1.      The hearing on defendant California Highway Patrol's motion to dismiss (Dkt. No. 4), which is presently set for July 7, 2011, is continued until August 11, 2011.

2.      Plaintiff shall file a written opposition to the motion to dismiss, or a statement of non-opposition thereto, on or before July 7, 2011.  *Plaintiff's failure to file a written opposition will be deemed a statement of non-opposition to the pending motion and consent to the granting of the motion to dismiss, and shall constitute an additional ground for the imposition of appropriate sanctions, including a recommendation that all or part of plaintiff's case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).*

3.      Defendant California Highway Patrol may file a written reply to plaintiff's opposition, if any, on or before July 28, 2011.

4.      Plaintiff's motions to strike (Dkt. Nos. 19, 20) are denied.

IT IS SO ORDERED.

DATED:  June 28, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[5]  To the extent that the California Highway Patrol erroneously listed "Bank of America" as a defendant in the caption of its motion to dismiss (Dkt. No. 4), such error effectuated no prejudice to plaintiff or any other party and, accordingly, is disregarded.  The California Highway Patrol should take care to list the correct parties in any future filings.