IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRYLYN MCCAIN,

Plaintiff,

No. 2:11-cv-01265 KJM KJN PS

v.

CALIFORNIA HIGHWAY PATROL, et al.,

Defendants.

ORDER

_______________________________/

This order addresses four motions to strike filed by plaintiff on July 5, 2011.[1] (See Dkt. Nos. 24-28.) The undersigned summarily denies all four motions to strike because, as the court already advised plaintiff (see Order, June 29, 2011, at 3-4, Dkt. No. 23), a party may not use Federal Rule of Civil Procedure 12(f) to strike another party's motion or moving papers. Any further attempt by plaintiff to use Rule 12(f) to strike another party's moving papers will result in the imposition of monetary sanctions on plaintiff, and might also result in the imposition of other sanctions including dismissal of plaintiff's case for failure to comply with the court's orders and the Federal Rules of Civil Procedure.

On June 2, 2011, defendant California Highway Patrol ("CHP") filed a motion to

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and noticed that motion for a hearing before the undersigned to take place on July 7, 2011. (See Notice of Mot. & Mot. to Dismiss, Dkt. No. 4.) Plaintiff failed to file a timely written opposition or statement of non-opposition in response to CHP's motion to dismiss. Meanwhile, plaintiff filed two motions to strike CHP's moving papers pursuant to Federal Rule of Civil Procedure 12(f), which contained no substantive opposition to CHP's motion to dismiss. (Dkt. Nos. 19-20.) As a result of plaintiff's failure to file a written opposition or statement of non-opposition, the undersigned continued the hearing on CHP's motion to dismiss until August 11, 2011, and ordered plaintiff to file a written opposition to the motion to dismiss, or a statement of non-opposition thereto, on or before July 7, 2011. (Order, June 29, 2011, at 4.) The undersigned also denied plaintiff's two motions to strike on the grounds that plaintiff could not permissibly use Rule 12(f) to strike CHP's motion to dismiss.[2] (See id. at 3-4.) Defendants Michael D. Olivarez and Mike's Towing Service, Inc.'s ("Towing Defendants") motions to dismiss, for a more definite statement, and to declare plaintiff a vexatious litigant are also set to be heard by the court on August 11, 2011. (See Dkt. No. 7-9, 16.)

Despite the undersigned's June 29, 2011 order denying plaintiff's two motions to strike, on July 5, 2011, plaintiff filed four additional motions to strike pursuant to Rule 12(f). Through these motions, plaintiff moves to strike: (1) the Towing Defendants' request for judicial notice in support of their motion (Mot. to Strike, Dkt. No. 24); (2) CHP's motion to dismiss, which arguably contains, in part, a substantive opposition to CHP's motion to dismiss (Mot. to Strike, Dkt. No. 25); (3) CHP's motion to dismiss, which does not contain a substantive

---

[2] The undersigned also provided plaintiff with a lengthy admonition regarding, among other things, plaintiff's obligations to follow the court's orders, the court's Local Rules, and the Federal Rules of Civil Procedure. (See Order, June 29, 2011, at 2-3 & n.4.) The undersigned warned plaintiff in very clear terms, and with numerous citations to relevant legal authority, that plaintiff's failure to prosecute her case or follow the court's orders, the Federal Rules of Civil Procedure, or the court's Local Rules would result in the imposition of appropriate sanctions, including a recommendation that all or part of plaintiff's case be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b). (See id. at 2-4.)

opposition to CHP's motion (Mot. to Strike, Dkt. No. 26); (4) the Towing Defendants' motion (Mot. to Strike, Dkt. No. 27). Plaintiff also filed a purported memorandum of points and authorities in support of her four motions to strike, which is essentially an unintelligible, 32-page collection of copied-and-pasted rules of procedure, federal statutes, the Articles of Confederation, and secondary legal sources. (Dkt. No. 28.)

As the court previously informed plaintiff, Federal Rule of Civil Procedure 12(f) permits the court to "strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" (emphasis added), and the term "pleading" is further defined in Federal Rule of Civil Procedure 7 as follows:

> **(a) Pleadings.** Only these pleadings are allowed:
>
> **(1)** a complaint;
>
> **(2)** an answer to a complaint;
>
> **(3)** an answer to a counterclaim designated as a counterclaim;
>
> **(4)** an answer to a crossclaim;
>
> **(5)** a third-party complaint;
>
> **(6)** an answer to a third-party complaint; and
>
> **(7)** if the court orders one, a reply to an answer.

(See also Order, June 29, 2011, at 3-4.) Here, plaintiff s motions to strike seek to strike materials that are not pleadings or contained in pleadings. Accordingly, plaintiff's motions to strike are denied. See Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983) ("Under the express language of the rule, only pleadings are subject to motions to strike."). However, the undersigned advises the parties that the court might consider one of plaintiff's motions to strike (Dkt. No. 25) in resolving CHP's motion to dismiss to the extent that plaintiff offers some substantive opposition to the motion to dismiss therein.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's four motions to strike filed on July 5, 2011 (Dkt. Nos. 24-27),

and all of the relief sought therein, are denied.

2. The hearing on defendant California Highway Patrol's motion to dismiss (Dkt. No. 4), which is presently set for August 11, 2011, will remain on calendar.

3. Any further attempt by plaintiff to use Federal Rule of Civil Procedure 12(f) to strike documents or other materials filed by parties to this action that do not consist of, or are contained in, "pleadings" as defined by the Federal Rules of Civil Procedure, will result in the imposition of sanctions on plaintiff, including monetary sanctions and/or dismissal of plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).

IT IS SO ORDERED.

DATED: July 7, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE