IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRYLYN MCCAIN,

Plaintiff, No. 2:11-cv-01265 KJM KJN PS

v.

CALIFORNIA HIGHWAY PATROL, et al.,

Defendants. ORDER AND FINDINGS AND RECOMMENDATIONS

_______________________________/

Presently before the court is defendant California Highway Patrol's ("CHP") motion to dismiss plaintiff's claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that plaintiff's claims against the CHP are barred by the Eleventh Amendment to the United States Constitution.[1] Because oral argument would not materially aid the resolution of the pending motion, this matter is submitted on the briefs and record without a hearing. See Fed. R. Civ. P. 78(b); E. Dist. Local Rule 230(g). The undersigned has considered the briefs and appropriate portions of the record in this case and, for the reasons stated below, recommends that the CHP's motion to dismiss be granted, that all of plaintiff's claims alleged

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

against the CHP be dismissed with prejudice, and that the CHP be dismissed from this action.

I.     BACKGROUND

Plaintiff alleges that on March 14, 2011, at approximately 7:30 p.m., she was driving eastward on "highway 4" in her automobile when she was pulled over by CHP Officer Manningham (Compl. ¶¶ 7, 16-17, 23, 25-28, 73.) It appears from plaintiff's often confusing allegations that plaintiff refused to provide Officer Manningham with identification or registration and was subsequently arrested, handcuffed, searched by Officer Jane Doe #1, booked into the San Joaquin County Jail, and cited for various traffic violations. (See id. ¶¶ 33-64, 73.) Plaintiff alleges violations of her constitutional rights provided by the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. (Id. ¶ 75.) It does not appear that plaintiff alleges any state law claims against the CHP.

On June 2, 2011, the CHP filed the pending motion to dismiss. (Dkt. No. 4.) In response, plaintiff filed several, unsuccessful motions to strike, some of which were directed to the CHP's motion to dismiss. (See Order, June 29, 2011, Dkt. No. 23; Order, July 8, 2011, Dkt. No. 29.) A portion of one of plaintiff's motions to strike arguably contained a substantive opposition to the CHP's motion and has been considered here. (See Order, July 8, 2011, at 2-3; Mot. to Strike, Dkt. No. 25.)

II.    LEGAL STANDARDS

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). "A complaint may survive a motion to dismiss if, taking all well-pleaded factual allegations as true, it contains 'enough facts to state a claim to relief that is plausible on its face.'" Coto Settlement v. Eisenberg, 593 F.3d

1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949). The court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted).

The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).

III.     DISCUSSION

Plaintiff alleges several claims against the CHP pursuant to 42 U.S.C. § 1983. However, the CHP is a California state agency, or "arm of the state," and thus plaintiff's claims against it are barred by the Eleventh Amendment. Accordingly, the undersigned recommends that plaintiff's claims against the CHP be dismissed with prejudice.

The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity,

commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment prohibits federal courts from hearing suits brought against a state by its own citizens or citizens of other states. Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). "[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." Kentucky v. Graham, 473 U.S. 159, 169 (1985); accord Pittman v. Ore., Employment Dep't, 509 F.3d 1065, 1071 (9th Cir. 2009); Henry v. County of Shasta, 132 F.3d 512, 517 (9th Cir. 1997).

The Eleventh Amendment's prohibition applies not only to states, but also to state agencies. E.g., Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that claims against the California Department of Corrections were barred by state immunity); Durning v. Citibank, 950 F.2d 1419, 1422-23 (9th Cir. 1991) (noting that the Eleventh Amendment bars "federal courts from deciding virtually any case in which a state or the 'arm of a state' is a defendant"); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("The Nevada Department of Prisons, as a state agency, clearly was immune from suit under the Eleventh Amendment."). "In the absence of a waiver by the state or a valid congressional override, '[u]nder the eleventh amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court.'" Dittman v. California, 191 F.3d 1020, 1026 (9th Cir. 1999) (quoting Mitchell v. L.A. Cmty. College Dist., 861 F.2d 198, 201 (9th Cir. 1989)) (modification in original); see also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); accord Aholelei v. Dep't of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities.").

To determine whether an agency is an "arm of the state" for purposes of the

Eleventh Amendment, a court applies a multi-factored balancing test.[2] See Mitchell, 861 F.2d at 201. Although the CHP did not address these factors in its moving papers, various courts have persuasively concluded that the CHP is such an agency or arm of the state for the purposes of the Eleventh Amendment; thus the CHP enjoys sovereign immunity.[3] See, e.g., Oremus v. Cal. Highway Patrol, No. CIV S-09-2734-MCE-CMK-P, 2010 WL 2817072, at *1-2 (E.D. Cal. July 15, 2010) (unpublished); May v. Cal. Highway Patrol, No. C 09-3460 BZ, 2010 WL 234868, at *1 (N.D. Cal. Jan. 14, 2010) (unpublished); Townsend v. California, No. CV F 10-0470 LJO SKO, 2010 WL 1644740, at *6 (E.D. Cal. Apr. 21, 2010) (unpublished); Vierria v. Cal. Highway Patrol, 644 F. Supp. 2d 1219, 1232 (E.D. Cal. 2009); Heymann v. State, No. C 99-1788 MJJ, 1999 WL 638205, at *1-2 (N.D. Cal. Aug.16, 1999) (unpublished) (applying the five factors to the CHP and finding it to be a state agency entitled to Eleventh Amendment immunity); Guzman v. Van Demark, 651 F. Supp. 1180, 1183 (C.D. Cal. 1987) (recognizing that "the CHP's immunity is coextensive with the State's immunity"). The State of California has not consented to suit here, and the CHP is a state agency that enjoys Eleventh Amendment immunity.

In particular regards to plaintiff's Section 1983 claims, the Ninth Circuit Court of Appeals has recognized that "[t]he State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity."

---

[2] In Mitchell, the Ninth Circuit Court of Appeals stated: "To determine whether a governmental agency is an arm of the state, the following factors must be examined: whether a money judgment would be satisfied out of state funds, whether the entity performs central governmental functions, whether the entity may sue or be sued, whether the entity has the power to take property in its own name or only the name of the state, and the corporate status of the entity." Mitchell, 861 F.2d at 201.

[3] Provisions of the California Government Code support that the CHP is considered a state agency under California law. California Government Code § 11000(a) defines the term "state agency" as including "every state office, officer, department, division, bureau, board, and commission.." Additionally, in terms of the provisions of California's Government Claims Act, the term "State" is defined as "the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller." Cal. Govt. Code § 900.6.

Dittman, 191 F.3d at 1025-26 (citations and quotation marks omitted); accord Brown v. Cal. Dept. of Corrections, 554 F.3d 747, 752 (9th Cir. 2009). As a result, plaintiffs' Section 1983 claims against the CHP are barred by the Eleventh Amendment.

And although plaintiff does not appear to allege any state law claims against the CHP, this court may not hear any such claims as a result of the Eleventh Amendment.[4] Although the State of California has waived its sovereign immunity through the Government Claims Act with respect to tort actions brought in state court, see Cal. Gov't Code § 945, that waiver does not effectuate a waiver of its Eleventh Amendment protection from tort suits in federal court. BV Eng'g v. Univ. of Cal., L.A., 858 F.2d 1394, 1396 (9th Cir. 1988) (holding that the waiver of sovereign immunity in the California Tort Claims Act does not constitute a waiver of Eleventh Amendment immunity in federal court); accord Riggle v. California, 577 F.2d 579, 585-86 (9th Cir. 1978); see also Guzman v. Van Demark, 651 F. Supp. 1180, 1183-84 (C.D. Cal. 1987) (granting CHP's motion to dismiss and holding that "[i]t has long been recognized that a state may waive its state sovereign immunity without relinquishing its eleventh amendment immunity"); Kirchmann v. Lake Elsinore Unified Sch. Dist., 83 Cal. App. 4th 1098, 1103, 100 Cal. Rptr. 2d 289, 293 (Ct. App. 2000) ("Tort actions may be brought against the state or its agencies in state court under the California Tort Claims Act (Gov. Code, § 810 et seq.) but may not be brought in federal court, because the consent to suit contained in the act (Gov. Code, § 945) is not a waiver of Eleventh Amendment immunity.").

Based on the foregoing discussion, the State of California has not waived its sovereign immunity as to claims brought under 42 U.S.C. § 1983 in federal court. The CHP is entitled to immunity from suit as to plaintiffs' Section 1983 claims. The result is the same to the

[4] To the extent that subject matter jurisdiction over plaintiffs' state law tort claims is premised on the federal supplemental jurisdiction statute, 28 U.S.C. § 1367, the Ninth Circuit Court of Appeals has held that "28 U.S.C. § 1367 does not abrogate state sovereign immunity for supplemental state law claims." Stanley v. Trustees of Cal. State Univ., 433 F.3d 1129, 1133-34 (9th Cir. 2006).

extent that plaintiff has attempted to plead any state law tort claims. Because plaintiff's claims against the CHP are barred as a matter of law, the undersigned recommends that all of plaintiff's claims against the CHP be dismissed with prejudice.

IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that defendant California Highway Patrol's motion to dismiss is submitted without oral argument, and the August 11, 2011 hearing on the motion is vacated. See Fed. R. Civ. P. 78(b); E. Dist. Local Rule 230(g).

It is FURTHER RECOMMENDED that:

1. Defendant California Highway Patrol's motion to dismiss (Dkt. No. 4) be granted.

2. All of plaintiff's claims against the defendant California Highway Patrol be dismissed, and that defendant California Highway Patrol be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also E. Dist. Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. E. Dist. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

DATED: August 3, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE