IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRYLYN MCCAIN,

        Plaintiff,                    No. 2:11-cv-01265 KJM KJN PS

       v.

CALIFORNIA HIGHWAY PATROL,
et al.,

        Defendants.              ORDER AND FINDINGS AND
                                                   RECOMMENDATIONS

_____/

        Presently before the court is a motion attacking plaintiff's verified complaint, which was filed by defendants Mike's Towing Service, Inc. and Michael D. Olivarez ("Towing Defendants") and: (1) moves to dismiss plaintiff's civil rights claims pursuant to Federal Rule of Civil Procedure 12(b)(6); and, in the alternative, (2) moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e); and, as an additional alternative, (3) moves the court to declare plaintiff a vexatious litigant pursuant to 28 U.S.C. § 1927, and seeks sanctions pursuant to Federal Rule of Civil Procedure 11.[1]  (See Dkt. Nos. 16, 33.)  The undersigned heard the Towing Defendants' motion on its law and motion calendar on August 25,

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

2011. Attorney Floyd Cranmore appeared on behalf of the Towing Defendants. Plaintiff, who is proceeding without counsel, appeared and represented herself at the hearing.

The undersigned has considered the briefs, oral arguments, and appropriate portions of the record in this case and, for the reasons stated below, recommends that the Towing Defendants' motion to dismiss be granted in part and denied in part. Specifically, the undersigned recommends that plaintiff's claims be dismissed with prejudice to the extent that those claims are premised on an alleged violation of plaintiff's "right to travel." However, the motion to dismiss should be denied in all other respects. Additionally, the undersigned denies the Towing Defendants' motion for a more definite statement and motion to declare plaintiff a vexatious litigant pursuant to 28 U.S.C. § 1927 and for Rule 11 sanctions.[2]

## I. BACKGROUND

Plaintiff alleges in her verified complaint that on March 14, 2011, at approximately 7:30 p.m., she was driving eastward on "highway 4" in her automobile, a "1994 Jaguar SJX," when she was pulled over by CHP Officer Mangham. (See Compl. ¶¶ 7, 16-17, 23, 25-28, 73.) It appears from plaintiff's allegations that plaintiff refused to provide Officer Mangham with identification, registration, or both and was subsequently arrested, handcuffed, searched by Officer Jane Doe #1, placed in a patrol vehicle, booked into the San Joaquin County Jail, and cited for various traffic violations. (See id. ¶¶ 33-64, 73.)

Relevant here, plaintiff alleges claims against Mike's Towing Service, Inc.; Michael D. Olivarez, who is alleged to be the president and owner of the towing company; and "DOE #2," who is alleged to be a tow truck operator for the towing company. (See Compl. ¶¶ 10-12.) Specifically, plaintiff alleges that "DOE #2" from Mike's Towing Service, Inc.

---

[2] The remaining named defendants in this action are the California Highway Patrol ("CHP"), "Officer Mangham #16581," and "Officer Walling #14881." On August 4, 2011, the undersigned entered findings and recommendations that recommended the dismissal with prejudice of all claims asserted against the CHP. (See Order and Findings & Recommendations, Aug. 4, 2011, Dkt. No. 38.) On June 10, 2011, the clerk entered default as to Officers Mangham and Walling. (Clerk's Cert. of Entry of Def., Dkt. No. 14.)

unlawfully seized plaintiff's vehicle and has possession of it.  (Id. ¶¶ 68-69, 74.)  Plaintiff alleges that Officer Mangham "ordered Plaintiff's private property to be seized and towed away."  (Id. ¶ 62.)  Plaintiff alleges that the Towing Defendants acted jointly or in concert with the CHP officers involved in the traffic stop and arrest of plaintiff.  (See id. ¶¶ 1, 10-12, 74-75, 77.)

Plaintiff alleges violations of her constitutional rights provided by the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.  (See Compl. ¶¶ 1, 75, 79-83.)  Each of plaintiff's enumerated claims for relief alleges, at least in part, that the defendants' actions violated her "right to travel on the public right of ways [*sic*]."  (See id. ¶¶ 79-83.)

II.   THE TOWING DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE

The Towing Defendants filed two requests for judicial notice.  (Dkt. Nos. 9, 37.)  Their first request for judicial notice asks the court to take notice of documents listed as Exhibits A through J.  Although the Towing Defendants cite *absolutely no legal authority* in support of their request for judicial notice, the undersigned grants the request for judicial notice as to Exhibits A, B, C, D, G, H, and I, which consist of court records from other actions proceeding in other courts that have a direct relation to the Towing Defendants' motion for sanctions.  See Betker v. U.S. Trust Corp. (In re Heritage Bond Litig.), 546 F.3d 667, 670 n.1, 673 n.8 (9th Cir. 2008) (citing U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992)); Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002); Shaw v. Hahn, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995).[3]  Exhibits A through D consist of public court filings from the matter of McCain v. Mike's Towing Service, Inc., No. 39-2008-00198825-CL-PT-STK, filed in San Joaquin County Superior Court.  Exhibits G

---

[3] As to those documents that have been judicially noticed, the court does not take notice of the truth of any factual findings stated in the noticed documents.  See Wyatt v. Terhune, 315 F.3d 1108, 1114 & n.5 (9th Cir. 2003).

3

through I consist of public court filings from the matter of McCain v. United States, et al., No. 2010 CA 001792B, filed in the Superior Court for the District of Columbia.

The undersigned denies the Towing Defendants' first request for judicial notice as to Exhibits E, F, and J. Exhibit E appears to be a federal tort claim presentation form signed by plaintiff. However, there is no basis to conclude that Exhibit E is part of any court file or is otherwise the proper subject of judicial notice. Similarly, Exhibit F is a document entitled "Notice of International Commercial Claim Within Admiralty ab initio Administrative Remedy" which appears to have been prepared by plaintiff. Again, the undersigned has no basis to conclude that Exhibit F is part of any court file or is otherwise the proper subject of judicial notice. Additionally, the undersigned does not take judicial notice of Exhibit J, which consists of a "screen shot" of the San Joaquin County Sheriff's website and is not the proper subject of judicial notice.

The Towing Defendants' second request for judicial notice requests that the court take judicial notice of a motion filed by plaintiff in this action that is already part of the court's record. The undersigned denies this request as moot.

Finally, the Towing Defendants filed a letter dated March 28, 2011, purportedly from plaintiff to defendant Mike's Towing Service, Inc. (See Bossi Decl. ¶ 1 & Ex. 1, July 18, 2011, Dkt. No. 35, Doc. Nos. 35, 35-1.) The undersigned has not considered this letter because: (1) the Towing Defendants did not request that the court take judicial notice of it; and (2) it is not the proper subject of judicial notice.

III. DISCUSSION

    A.     The Towing Defendants' Motion to Dismiss

        1.     Standards Governing A Motion to Dismiss, Fed. R. Civ. P. 12(b)(6)

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard

4

1  of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and
2  plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); see
3  also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  "A complaint may survive a
4  motion to dismiss if, taking all well-pleaded factual allegations as true, it contains 'enough facts
5  to state a claim to relief that is plausible on its face.'"  Coto Settlement v. Eisenberg, 593 F.3d
6  1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).  "'A claim
7  has facial plausibility when the plaintiff pleads factual content that allows the court to draw the
8  reasonable inference that the defendant is liable for the misconduct alleged.'"  Caviness v.
9  Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at
10 1949).  The court accepts all of the facts alleged in the complaint as true and construes them in
11 the light most favorable to the plaintiff.  Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007).
12 The court is "not, however, required to accept as true conclusory allegations that are contradicted
13 by documents referred to in the complaint, and [the court does] not necessarily assume the truth
14 of legal conclusions merely because they are cast in the form of factual allegations." Paulsen,
15 559 F.3d at 1071 (citations and quotation marks omitted).

16        The court must construe a pro se pleading liberally to determine if it states a claim
17 and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an
18 opportunity to cure them if it appears at all possible that the plaintiff can correct the defect.  See
19 Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica
20 Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In ruling on a motion to dismiss pursuant to
21 Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings,
22 exhibits attached to the complaint, and matters properly subject to judicial notice."  Outdoor
23 Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and
24 quotation marks omitted).
25 ////
26 ////

### 2. The Towing Defendants' Motion to Dismiss Should Be Granted In Part and Denied In Part

Plaintiff's complaint is awkwardly pled in several respects, but it is clear that plaintiff has asserted claims for relief pursuant 42 U.S.C. § 1983, alleging that the Towing Defendants acted jointly or in concert with CHP officers to violate plaintiff's rights provided by the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution. (See, e.g., Compl. ¶¶ 1, 10-12, 74-75.) Plaintiff alleges, among other things, that in connection with the traffic stop, the Towing Defendants unlawfully seized plaintiff's vehicle, deprived plaintiff of her possession of that property, and have possession of the vehicle. (See id. ¶¶ 68-71, 74, 80, 82-83.) She further alleges that the Towing Defendants, acting in concert with CHP officers, interfered with her "right to travel" on the public highways. (See id. ¶¶ 74, 79.)

The Towing Defendants move to dismiss plaintiff's Section 1983 claims pursuant to Rule 12(b)(6). They offer two perfunctory and relatively unsupported arguments in support of their motion to dismiss. First, the Towing Defendants argue that they are private actors and thus cannot act under color of state law for the purposes of a Section 1983 claim. (See Towing Defs.' Memo. of P. & A. at 5, Dkt. No. 8.) Second, the Towing Defendants appear to argue that plaintiff cannot assert a violation of her "right to travel," because plaintiff's ability to legally operate a motor vehicle derives from a license provided by the State of California, rather than a right provided by the federal government. (See id. at 6.)

In relevant part, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Generally, with respect to individual defendants, "Section 1983 imposes civil liability upon an individual who under color of state law subjects or causes, any citizen of the United States to the

6

1  deprivation of any rights, privileges or immunities secured by the Constitution and laws."
2  Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002).  "To state a claim under § 1983, a plaintiff
3  must allege two essential elements: (1) that a right secured by the Constitution or laws of the
4  United States was violated, and (2) that the alleged violation was committed by a person acting
5  under the color of State law."  Long v. County of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006)
6  (citing West v. Atkins, 487 U.S. 42, 48 (1988)); accord Karim-Panahi v. L.A. Police Dep't, 839
7  F.2d 621, 624 (9th Cir. 1988) ("To make out a cause of action under section 1983, plaintiffs must
8  plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights
9  secured by the Constitution or federal statutes" (citation omitted).).

10              Although "[a] civil rights plaintiff suing a private individual under § 1983 must
11  demonstrate that the private individual acted under color of state law," Franklin, 312 F.3d at 444,
12  it is well-settled that "even a private entity can, in certain circumstances, be subject to liability
13  under section 1983," Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 954 (9th Cir. 2008)
14  (en banc).  "A private individual may be liable under § 1983 if she conspired or entered joint
15  action with a state actor."  Crowe v. County of San Diego, 608 F.3d 406, 440 (9th Cir. 2010)
16  (citation and quotation marks omitted); see also Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir.
17  2003) ("While generally not applicable to private parties, a § 1983 action can lie against a private
18  party when he is a willful participant in joint action with the State or its agents.") (citation and
19  quotation marks omitted).  Although the United States Supreme Court has articulated several
20  alternative tests that may be used to determine whether a private individual's actions amount to
21  state action, see Franklin, 312 F.3d at 445, the "joint action test" is appropriate here.  The joint
22  action test applies where, as here, state officials and private parties are alleged to have acted in
23  concert to effectuate a deprivation of constitutional rights, and "focuses on whether the state has
24  so far insinuated itself into a position of interdependence with the private actor that it must be
25  recognized as a joint participant in the challenged activity."  Id. (citation, quotation marks, and
26  modifications omitted).

Here, plaintiff alleges that the CHP officers and the Towing Defendants acted in concert to deprive plaintiff of her constitutional rights by, among other things, unlawfully seizing and towing plaintiff's vehicle following a traffic stop. The Towing Defendants first contend that they are private parties not acting under color of state law, and offer only the following argument:

> Generally, private parties are not acting under color of state law. (See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991).)
>
> There is no civil rights violation merely for being stopped by the CHP for failure to have a valid registration car tag on one's automobile, or for being arrested for driving on a suspended driver's license.
>
> There is no civil rights violation for a tow truck company, such as Mike's Towing, obeying the directive of the CHP and towing an automobile, the driver of which has been arrested by the CHP and so is no longer available to drive the automobile, even if they were lawfully allowed to do so.
>
> Plaintiff's Complaint simply fails to state any lawful claim upon which relief can be granted.
>
> Plaintiff has previously sued Mike's Towing for towing her automobile after she was stopped and taken into custody by the CHP, and the matter was dismissed. There is no legal or factual basis for such claim against any defendant. However, even, assuming *arguendo*, such a claim existed against CHP, there is no reasonable basis for imputing any theoretical wrongdoing by CHP to Mike's Towing, who merely towed Plaintiff McCain's vehicle after CHP took her into custody.

(Towing Defs.' Memo. of P. & A. at 5-6, Dkt. No. 8.) The Towing Defendants cite no legal authority for these propositions, except as indicated in the quoted text.

The problem with the Towing Defendants' all-or-nothing argument is that it is contrary to binding Ninth Circuit law that was not acknowledged by the Towing Defendants in their briefs. In Stypmann v. City & County of San Francisco, 557 F.2d 1338 (9th Cir. 1977), a class of plaintiffs challenged the constitutionality of provisions of the California Vehicle Code that authorized the removal of privately owned vehicles from streets and highways without prior notice or opportunity for a hearing and established a possessory lien for towage and storage fees without a hearing. Id. at 1340. In holding that the there was sufficient state action between law enforcement officers and a private towing company to support a due process challenge brought

pursuant to Section 1983, the Ninth Circuit Court of Appeals stated:

> Nor is there substance in appellants' argument that the state action required for jurisdiction under 28 U.S.C. [§] 1343(3) and 42 U.S.C. [§] 1983 is lacking. A police officer makes the initial determination that a car will be towed and summons the towing company. The towing company tows the vehicle only at the direction of the officer. The officer designates the garage to which the vehicle will be towed. The officer notifies the owner that his vehicle has been removed, the grounds for the action, and the place of storage. The towing company detains the vehicle and asserts the lien for towing and storage charges pursuant to a statutory scheme designed solely to accomplish the state's purpose of enforcing its traffic laws. Thus, the private towing company is a willful participant in a joint activity with the State or its agents, and there is a sufficiently close nexus between the State and the challenged action of the (towing company) so that the action of the latter may be fairly treated as that of the State itself.

Id. at 1341-42 (citations and quotation marks omitted). Five years later, in Goichman v. Rheuban Motors, Inc., 682 F.2d 1320 (9th Cir. 1982), the Ninth Circuit Court of Appeals rejected the argument offered by the Towing Defendants here. In Goichman, where the plaintiff sued a private towing company for damages an injunctive relief pursuant to Section 1983 for detention of the plaintiff's automobile without due process of law, the Court of Appeals reiterated its holding that "a private towing company acting at the behest of a police officer and pursuant to a statutory scheme designed solely to accomplish the state's purpose of enforcing its traffic laws, acts under color of state law for purposes of section 1983." Id. at 1322. The decisions of federal district courts sitting in California are in accord. See Hawkins v. San Mateo County Law Library, No. C 05-2623 SI (pr), 2008 WL 2782717, at *4 (N.D. Cal. July 16, 2008) (unpublished) (concluding that a plaintiff satisfied the state action requirement with respect to his Section 1983 due process claim in regards to a private individual doing business as a towing company that towed the plaintiff's vehicle after the plaintiff was arrested); Tarantino v. Syputo, No. C 03-03450 MHP, 2006 WL 1530030, at *7 (N.D. Cal. June 2, 2006) (unpublished) (concluding that Fourth Amendment claims premised on Section 1983 could proceed against defendants who towed the plaintiff's vehicle in response to law enforcement officials' orders); Winn v. Snell, No. C 98-04956, 1999 WL 1268359, at *1 (N.D. Cal. Dec. 20, 1999) (unpublished) (addressing the

1  merits of the plaintiff's Section 1983 claims against a private towing operators after grudgingly
2  assuming that the towing operators acted under color of state law by towing and storing the
3  plaintiff's vehicle after the plaintiff was caught driving without a valid driver's license); Soffer v.
4  City of Costa Mesa, 607 F. Supp. 975, 978 (C.D. Cal. 1985) (rejecting, albeit grudgingly, the
5  arguments of a private towing company that the towing company was not a state actor for
6  purposes of a Section 1983 due process claim where it simply towed the plaintiff's vehicle in
7  response to a law enforcement officers' order), aff'd, 798 F.2d 361, 364 (9th Cir. 1986) ("The
8  district court is correct in its published opinion that, in this circuit, private towing companies may
9  be liable under § 1983."); but see Sui v. Southside Towing, No. SACV 10–01973 JAK (AJW),
10 2011 WL 2940990, at *4 (C.D. Cal. July 18, 2011) (unpublished) (recognizing that a "private
11 towing agency may act under color of law if it acts at the request of the police," but concluding
12 that a towing company acting at the behest of a private homeowners' association did not, on its
13 face, act under color of state law).

14 In light of the foregoing authorities, the Towing Defendants' argument that they
15 may not be considered state actors for the purpose of plaintiff's Section 1983 claim is incorrect
16 as a matter of law.  The Towing Defendants in this case are alleged to have taken orders from the
17 CHP officers and to have unlawfully towed and held plaintiff's vehicle.  Without more than
18 conclusory arguments from the Towing Defendants supported by no legal authority, the
19 undersigned concludes that the Towing Defendants may be considered to have engaged in joint
20 action with the CHP officers such that the Towing Defendants acted under color of state law.

21 The Towing Defendants also argue that plaintiff's allegations of violations of
22 plaintiff's "right to travel" are misplaced.  (See Towing Defs.' Memo. of P. & A. at 6, Dkt.
23 No. 8.)  Specifically, they argue:

> A federal right to travel is not a right to drive an automobile.  The ability
> to drive a motor vehicle on the public roads of the State of California is by
> license, not right, and it derives from the state Vehicle Code, and NOT
> from the federal government.  It is not a protected federal right.

(Id.)

The Ninth Circuit Court of Appeals's decision in Miller v. Reed, 176 F.3d 1202 (9th Cir. 1999), is instructive.[4] In Miller, the appellant alleged that the rejection of his driver's license renewal application violated his civil rights where the appellant refused to provide his social security number based on strongly held religious beliefs. The appellant contended that the requirement of state law that the Department of Motor Vehicles obtain an applicant's social security number violated, among other rights, the appellant's right to interstate travel. The Court of Appeals affirmed the district court's dismissal of plaintiff's Section 1983 claim, holding that the denial of one mode of interstate transportation, even if it was the appellant's primary and preferred mode of transportation, did not impede the appellant's rights to interstate travel. See id. at 1204; see also id. at 1206 (noting that "[t]he plaintiff is not being prevented from traveling interstate by public transportation, by common carrier, or in a motor vehicle driven by someone with a license to drive it"). In doing so, the Court of Appeals noted the Supreme Court's recognition of a fundamental right to interstate travel, but held that the right to interstate travel does not encompass a "fundamental 'right to drive.'"[5] Id. at 1205-06 (stating that "Miller does not have a fundamental right to drive a motor vehicle, and the DMV did not unconstitutionally impede his right to interstate travel by denying him a driver's license").

Here, plaintiff alleges constitutional violations of her "right to travel on the public right of ways [*sic*]" that is "secured to Her by the Bill of Rights." (See Compl. ¶¶ 74, 79-83.) Plaintiff's right to interstate travel is implicated by all five of her claims for relief. (See Compl. ¶¶ 79-83.) Those claims allege additional constitutional violations that have not been specifically

---

[4] The Towing Defendants did not cite Miller in their moving papers, but rely heavily on Miller in their reply brief.

[5] See also cf. Gilmore v. Gonzales, 435 F.3d 1125, 1137 (9th Cir. 2006) (holding that the appellant had no "fundamental right to travel by airplane even though it is the most convenient mode of travel to him"); Tutor-Saliba Corp. v. City of Hailey, 452 F.3d 1055, 1062 (9th Cir. 2006) (holding that burdens on the appellant's ability to reach his vacation home by a particular type of private aircraft did not burden his fundamental right to interstate travel).

11

challenged by the Towing Defendants, except on the basis of the "private actor" argument addressed above. To the extent that plaintiff alleges that the towing and detention of her vehicle following the traffic stop and her arrest constituted a constitutional violation of her fundamental right to interstate travel, such allegations fail as a matter of law. At bottom, plaintiff asserts the same argument that was squarely rejected in <u>Miller</u>. Although the post-arrest towing of plaintiff's vehicle deprived her of her right to her preferred means of interstate travel—by privately operated motor vehicle—she retains the right to travel among the states by other means such as public transportation, a common carrier, a motor vehicle operated by a properly licensed drive, etc. Accordingly, the undersigned recommends that plaintiff's claims be dismissed with prejudice to the extent that they are premised on an alleged violation of plaintiff's right to travel. <u>Accord</u> <u>Pierre v. Citrus Heights Police Dep't</u>, No. CIV S-07-1997 FCD GGH PS, 2008 WL 1767018, at *2 (E.D. Cal. Apr. 15, 2008) (unpublished) (recommending the dismissal with prejudice of plaintiff's action premised on the assertion that plaintiff possessed a right to drive a motor vehicle without a valid driver's license), <u>adopted by</u>, 2008 WL 1767018 (E.D. Cal. Aug. 27, 2008) (unpublished). The undersigned recommends that the Towing Defendants' motion to dismiss be denied in all other respects.

        B.       <u>The Towing Defendants' Motion for A More Definite Statement</u>

The Towing Defendants alternatively move for a more definite statement pursuant Federal Rule of Civil Procedure 12(e). The undersigned denies the Towing Defendants' motion because the Towing Defendants have not met their burden in regards to a motion for a more definite statement. Indeed, the Towing Defendants appear to have misinterpreted the purpose of such a motion.

In authorizing a motion for a more definite statement, Federal Rule of Civil Procedure 12(e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made

> before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

See also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."); C.B. v. Sonora Sch. Dist., 691 F. Supp. 2d 1170, 1191 (E.D. Cal. 2010) ("A Rule 12(e) motion is proper only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted, i.e., so vague that the defendant cannot begin to frame a response."). A court must deny a motion for a more definite statement "if the complaint is specific enough to notify defendant of the substance of the claim being asserted," and may deny the motion "if the detail sought by a motion for more definite statement is obtainable through discovery." C.B., 691 F. Supp. 2d at 1191 (citations omitted); see also San Bernardino Pub. Employees Ass'n v. Stout, 946 F. Supp. 790, 804 (C.D. Cal. 1996) ("A motion for a more definite statement is used to attack unintelligibility, not mere lack of detail, and a complaint is sufficient if it is specific enough to apprise the defendant of the substance of the claim asserted against him or her.").

Here, the Towing Defendants have not met their burden under the Rule 12(e) standard. In their motion, the Towing Defendants do not "point out the defects complained of and the details desired," as required by the plain text of Rule 12(e). Instead of identifying aspects of the complaint that purportedly render plaintiff's complaint unintelligible, vague, or ambiguous, the Towing Defendants attempt to argue the merits of plaintiff's claims. They provide only the following substantiation of their Rule 12(e) motion:

> Plaintiff McCain's purported Compliant simply fails to allege that Defendants Mike's Towing did anything that can reasonably be ascertained as violative of her rights. For example, Defendants Mike's Towing had no duty to read Plaintiff her Miranda warning rights. (E.g., Complaint, p. 10, para. 75.) And once CHP took Plaintiff McCain into custody, her automobile had to be moved into a secure holding facility -- she was simply no longer present to drive it, even if she was otherwise

13

lawfully allowed to drive it.
(Towing Defs.' Memo. of P. & A. at 7, Dkt. No. 8.) The purpose of a motion for a more definite statement is not to contest the merits of a plaintiff's allegations or claims for relief, such as attacking whether a plaintiff has alleged facts that "can reasonably be ascertained as violative of her rights." Instead, the focus is on whether the complaint is so unintelligible that a defendant cannot begin to frame a response to the complaint. The Towing Defendants' motion for a more definite statement is misplaced.

Additionally, plaintiff's complaint contains intelligible allegations that are sufficient to place the Towing Defendants on notice of the substance of the claims against them. Plaintiff's basic allegations regarding the Towing Defendants are fairly clear. Plaintiff alleges that the Towing Defendants acted in concert with law enforcement officers to unlawfully seize and detain plaintiff's vehicle following plaintiff's arrest. Plaintiff pleads five claims for relief alleging violations of different constitutional rights. The complaint is specific enough to provide the Towing Defendants with a basis to respond, i.e., the Towing Defendants can specifically admit or deny the allegations in an answer. Accordingly, the Towing Defendants' motion for a more definite statement is denied.

  C. <u>The Towing Defendants' Motion For Sanctions Pursuant to 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 11</u>

The Towing Defendants devoted the lion's share of their briefing to their motion to declare plaintiff a vexatious litigant pursuant to 28 U.S.C. § 1927, and for sanctions pursuant to Federal Rule of Civil Procedure 11. The Towing Defendants contend that the present lawsuit is one in a long line of cases that plaintiff has filed against the Towing Defendants as a means of harassing them. The Towing Defendants summarize their position in their memorandum of points and authorities as follows:

> Plaintiff is a vexatious litigant who repeatedly files vexatious and frivolous litigation for traffic stops by the California Highway Patrol ("CHP") and other law enforcement, and for the towing of her automobile,

14

> for the failure to display or have valid tags and automobile registration on her automobile, as her prior litigation has not had, and the instant complaint does not have: (a) any plausible factual or legal basis, and instead, (b) her prior litigation and the current Complaint are brought solely for the improper purposes of: (i) harassing law enforcement and those who support law enforcement, and (ii) attempting to discourage law enforcement and those who support law enforcement from continuing to enforce the laws and support law enforcement in doing so.

(See Towing Defs.' Memo. of P. & A. at 1-2, Dkt. No. 8; accord Towing Defs.' Memo. of P & A. In Supp. of Mot. for Rule 11 Sanctions at 2, Dkt. No. 34.)  The Towing Defendants seek relief in the form of a pre-filing order and attorney's fees.

The Towing Defendants are not entitled to any form of sanction pursuant to 28 U.S.C. § 1927 because Section 1927 cannot be applied to the filing of an initial pleading. Section 1927 provides: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so *multiplies the proceedings in any case* unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927 (emphasis added).  The Ninth Circuit Court of Appeals has plainly held that Section 1927 does "not apply to complaints or initial pleadings." See De Dios v. Int'l Realty & Investments, 641 F.3d 1071, 1076 (9th Cir. 2011) (recognizing that "sanctions under 28 U.S.C. § 1927 do not apply to complaints or initial pleadings"); see also Moore v. Keegan Mgmt. Co. (In Re Keegan Mgmt. Co., Securities Litig.), 78 F.3d 431, 435 (9th Cir. 1996) ("Because the section authorizes sanctions only for the "multipli[cation of] proceedings," it applies only to unnecessary filings and tactics once a lawsuit has begun.  We have twice expressly held that § 1927 cannot be applied to an initial pleading.") (modification in original, citations omitted).[6]  In Moore, the Court of

---

[6] See also, e.g., Delamater v. Anytime Fitness, Inc., 722 F. Supp. 2d 1168, 1181 n.16 (E.D. Cal. 2010) (denying an request for sanctions made pursuant to 28 U.S.C. § 1927 where the request was based on the filing of an initial pleading); Gomes v. Am. Century Cos., No. 2:09-cv-02153-FCD/KJM, 2010 WL 1980201, at *3-4 (E.D. Cal. May 17, 2010) (unpublished) ("[D]efendants are precluded from seeking sanctions under § 1927 because the conduct that is the subject of defendants'

15

Appeals expressly stated that "[t]he filing of a complaint may be sanctioned pursuant to Rule 11 or a court's inherent power, but it may not be sanctioned pursuant to § 1927."[7] Moore, 78 F.3d at 435. Here, the Towing Defendants impermissibly seek sanctions pursuant to Section 1927 based on plaintiff's act of filing an initial pleading in this case.[8] Accordingly, the undersigned denies the Towing Defendants' motion for sanctions to the extent it is premised on 28 U.S.C. § 1927.

The undersigned also denies the Towing Defendants' motion for Rule 11 sanctions. In relevant part, Federal Rule of Civil Procedure 11 provides:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>   **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
>   **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
>   **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
>   **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

---

sanctions motion is plaintiff's filing of the complaint in the Eastern District of California.").

[7] Although the Towing Defendants have not requested the imposition of sanctions on the court's inherent power, the undersigned finds no basis for the imposition of such sanctions. The undersigned addresses the Towing Defendants' request for Rule 11 sanctions below.

[8] To the extent that the Towing Defendants might argue that this court may sanction plaintiff as a result of plaintiff's prior conduct in cases that proceeded in other courts, they are mistaken. The court may not impose sanctions on a party or counsel pursuant to 28 U.S.C. § 1927 for conduct that occurred before the allegedly offending party appeared in this court. See GriD Sys. Corp. v. John Fluke Mfg. Co., 41 F.3d 1318, 1319 (9th Cir. 1994) ("Section 1927 cannot reach conduct of a party who is not involved in an action before the sanctioning court at the time of the conduct."); accord Trulis v. Barton, 107 F.3d 685, 694 (9th Cir. 1995).

     **(c) Sanctions.**

        **(1) In General.** If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

Fed. R. Civ. P. 11(b)-(c)(1). "[T]he central purpose of Rule 11 is to deter baseless filings in district court and . . . streamline the administration and procedure of the federal courts." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990). When the "complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005) (citation and quotation marks omitted). The Ninth Circuit Court of Appeals has used the term "frivolous" as shorthand for this test denoting a filing that is both baseless and made without a reasonable and competent inquiry.[9] Id. A request for Rule 11 sanctions, at least in the form of attorney's fees, must meet a heightened standard: "attorneys' fees should be granted to a defendant in a civil rights action only if the District Court finds that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." See Manufactured Home Cmtys. Inc. v. City of San Jose, 420 F.3d 1022, 1036 (9th Cir. 2005) (citation and quotation marks omitted) (reversing district court for failing to apply the heightened standard for civil rights action when awarding attorneys' fees pursuant to Rule 11).

     At this early point in the proceedings, and given plaintiff's status as a pro se

---

[9] Pro se parties can be subjected to Rule 11 sanctions, but the court may exercise "discretion" in the form of the following considerations: "(1) what is objectively reasonable for a pro se litigant and for an attorney may not be the same, and (2) the pro se status of a violator may be relevant to the court's discretionary choice of the appropriate sanction in a given case." See Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc., 892 F. 2d 802, 811 (9th Cri. 1989).

1  litigant, the undersigned cannot conclude that plaintiff's claims are legally or factually baseless
2  from an objective perspective such that Rule 11 sanctions are presently warranted.  Although the
3  question is a somewhat close one, the record does not support such sanctions, and the Towing
4  Defendants have not helped their cause to any great degree.  Taking into account the
5  undersigned's rulings on the Towing Defendants' requests for judicial notice above, the Towing
6  Defendants' Rule 11 motion is based on the merits of plaintiff's complaint in this action, and the
7  results in two other cases filed by plaintiff.  Regarding this action, the undersigned cannot
8  conclude at this point that plaintiff's claims are frivolous.  Indeed, if plaintiff's claims were
9  frivolous, one might imagine that the Towing Defendants would have been able to forward
10 arguments that counseled the dismissal of the action at this early stage.  The Towing Defendants
11 fell well short of that mark.  In regards to plaintiff's case in the San Joaquin County Superior
12 Court, it appears from the docket sheet in that case that the Superior Court ultimately granted a
13 demurrer in that case.  (See Towing Defs.' First Req. for Judicial Notice, Ex. A.)  However, it is
14 not at all clear whether that demurrer was granted with leave to amend or with prejudice.
15 Moreover, the Towing Defendants did not seek judicial notice of the actual order granting the
16 demurrer, which might suggest whether the Superior Court believed that plaintiff's case had any
17 merit.  As for plaintiff's action in the Superior Court for the District of Columbia, that case was
18 dismissed for lack of personal jurisdiction, not on the merits.  (See id., Ex. I.)  Rather than
19 provide a basis for this court to assess the alleged frivolity of plaintiff's lawsuits, the Towing
20 Defendants appear to request that the undersigned evaluate the complaints in two other cases and
21 essentially rule on demurrers or motions to dismiss in those case.  The undersigned declines to do
22 the Towing Defendants' work for them.  Alternatively, the Towing Defendants appear to invite
23 the undersigned impose sanctions based solely on their counsel's representations about the merits
24 of plaintiff's lawsuits.  Again, the undersigned declines such an invitation.
25         In sum, the Towing Defendants' request for sanctions pursuant to 28 U.S.C.
26 § 1927 is entirely misplaced.  Additionally, they have not substantiated a sufficient basis, at this

point, for the award of any Rule 11 sanctions. Accordingly, the Towing Defendants' motion for sanctions pursuant to Section 1927 and Rule 11 is denied.

## IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The Towing Defendants' first request for judicial notice (Dkt. No. 9) is granted in part, and the court takes judicial notice of Exhibits A, B, C, D, G, H, and I. The first request for judicial notice is denied as to Exhibits E, F, and J.

2. The Towing Defendants' second request for judicial notice (Dkt. No. 37) is denied as moot.

3. The Towing Defendants' motion for a more definite statement (see Dkt. Nos. 7, 16) is denied.

4. The Towing Defendants' motion for sanctions pursuant to 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 11 (see Dkt. Nos. 7, 16, 33) is denied.

5. Plaintiffs' objections (Dkt. Nos. 39-41, 43) are overruled.[10]

It is FURTHER RECOMMENDED that:

1. The Towing Defendants' motion to dismiss plaintiff's complaint (see Dkt. Nos. 7, 16) be granted in part and denied in part.

2. Plaintiff's claims for relief alleged against the Towing Defendants be dismissed with prejudice to the extent that they are premised on plaintiff's "right to travel."

3. The Towing Defendants' motion to dismiss plaintiff's complaint be denied in all other respects.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written

---

[10] On August 11, 2011, plaintiff filed four, largely indecipherable "objections," portions of which constitute oppositions to the pending motions. None of plaintiff's objections is well-taken.

19

objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

DATED:  August 25, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE