1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TERRYLYN MCCAIN,

11            Plaintiff,                    No. 2:11-cv-01265 KJM KJN PS

12       v.

13   CALIFORNIA HIGHWAY PATROL,
     et al.,
14
              Defendants.               ORDER AND FINDINGS AND
15                                       RECOMMENDATIONS

16   _____/

17            Presently before the court is a motion attacking plaintiff's verified complaint,

18   which was filed by defendants Mike's Towing Service, Inc. and Michael D. Olivarez ("Towing

19   Defendants") and: (1) moves to dismiss plaintiff's civil rights claims pursuant to Federal Rule of

20   Civil Procedure 12(b)(6); and, in the alternative, (2) moves for a more definite statement

21   pursuant to Federal Rule of Civil Procedure 12(e); and, as an additional alternative, (3) moves

22   the court to declare plaintiff a vexatious litigant pursuant to 28 U.S.C. § 1927, and seeks

23   sanctions pursuant to Federal Rule of Civil Procedure 11.[1]  (See Dkt. Nos. 16, 33.)  The

24   undersigned heard the Towing Defendants' motion on its law and motion calendar on August 25,

25   _____

26            [1]  This action proceeds before the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

                                            1

1    2011.  Attorney Floyd Cranmore appeared on behalf of the Towing Defendants.  Plaintiff, who is

2    proceeding without counsel, appeared and represented herself at the hearing.

3           The undersigned has considered the briefs, oral arguments, and appropriate

4    portions of the record in this case and, for the reasons stated below, recommends that the Towing

5    Defendants' motion to dismiss be granted in part and denied in part.  Specifically, the

6    undersigned recommends that plaintiff's claims be dismissed with prejudice to the extent that

7    those claims are premised on an alleged violation of plaintiff's "right to travel."  However, the

8    motion to dismiss should be denied in all other respects.  Additionally, the undersigned denies

9    the Towing Defendants' motion for a more definite statement and motion to declare plaintiff a

10   vexatious litigant pursuant to 28 U.S.C. § 1927 and for Rule 11 sanctions.[2]

11   I.      BACKGROUND

12          Plaintiff alleges in her verified complaint that on March 14, 2011, at

13   approximately 7:30 p.m., she was driving eastward on "highway 4" in her automobile, a "1994

14   Jaguar SJX," when she was pulled over by CHP Officer Mangham.  (See Compl. ¶¶ 7, 16-17, 23,

15   25-28, 73.)  It appears from plaintiff's allegations that plaintiff refused to provide Officer

16   Mangham with identification, registration, or both and was subsequently arrested, handcuffed,

17   searched by Officer Jane Doe #1, placed in a patrol vehicle, booked into the San Joaquin County

18   Jail, and cited for various traffic violations.  (See id. ¶¶ 33-64, 73.)

19          Relevant here, plaintiff alleges claims against Mike's Towing Service, Inc.;

20   Michael D. Olivarez, who is alleged to be the president and owner of the towing company; and

21   "DOE #2," who is alleged to be a tow truck operator for the towing company.  (See Compl.

22   ¶¶ 10-12.)  Specifically, plaintiff alleges that "DOE #2" from Mike's Towing Service, Inc.

23    

24        [2] The remaining named defendants in this action are the California Highway Patrol ("CHP"), "Officer Mangham #16581," and "Officer Walling #14881."  On August 4, 2011, the undersigned entered findings and recommendations that recommended the dismissal with prejudice of all claims

25   asserted against the CHP.  (See Order and Findings & Recommendations, Aug. 4, 2011, Dkt. No. 38.)  On June 10, 2011, the clerk entered default as to Officers Mangham and Walling. (Clerk's

26   Cert. of Entry of Def., Dkt. No. 14.)

1  unlawfully seized plaintiff's vehicle and has possession of it.  (Id. ¶¶ 68-69, 74.)  Plaintiff alleges

2  that Officer Mangham "ordered Plaintiff's private property to be seized and towed away."  (Id.

3  ¶ 62.)  Plaintiff alleges that the Towing Defendants acted jointly or in concert with the CHP

4  officers involved in the traffic stop and arrest of plaintiff.  (See id. ¶¶ 1, 10-12, 74-75, 77.)

5          Plaintiff alleges violations of her constitutional rights provided by the First,

6  Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.  (See

7  Compl. ¶¶ 1, 75, 79-83.)  Each of plaintiff's enumerated claims for relief alleges, at least in part,

8  that the defendants' actions violated her "right to travel on the public right of ways [sic]."  (See

9  id. ¶¶ 79-83.)

10  II.     THE TOWING DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE

11          The Towing Defendants filed two requests for judicial notice.  (Dkt. Nos. 9, 37.)

12  Their first request for judicial notice asks the court to take notice of documents listed as Exhibits

13  A through J.  Although the Towing Defendants cite *absolutely no legal authority* in support of

14  their request for judicial notice, the undersigned grants the request for judicial notice as to

15  Exhibits A, B, C, D, G, H, and I, which consist of court records from other actions proceeding in

16  other courts that have a direct relation to the Towing Defendants' motion for sanctions.  See

17  Betker v. U.S. Trust Corp. (In re Heritage Bond Litig.), 546 F.3d 667, 670 n.1, 673 n.8 (9th Cir.

18  2008) (citing U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244,

19  248 (9th Cir. 1992)); Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007); Reyn's Pasta Bella,

20  LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Holder v. Holder, 305 F.3d 854,

21  866 (9th Cir. 2002); Shaw v. Hahn, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995).[3]  Exhibits A through

22  D consist of public court filings from the matter of McCain v. Mike's Towing Service, Inc., No.

23  39-2008-00198825-CL-PT-STK, filed in San Joaquin County Superior Court.  Exhibits G

25          [3] As to those documents that have been judicially noticed, the court does not take notice of
the truth of any factual findings stated in the noticed documents.  See Wyatt v. Terhune, 315 F.3d
26  1108, 1114 & n.5 (9th Cir. 2003).

1  through I consist of public court filings from the matter of <u>McCain v. United States, et al.</u>, No.

2  2010 CA 001792B, filed in the Superior Court for the District of Columbia.

3     The undersigned denies the Towing Defendants' first request for judicial notice as

4  to Exhibits E, F, and J.  Exhibit E appears to be a federal tort claim presentation form signed by

5  plaintiff.  However, there is no basis to conclude that Exhibit E is part of any court file or is

6  otherwise the proper subject of judicial notice.  Similarly, Exhibit F is a document entitled

7  "Notice of International Commercial Claim Within Admiralty ab initio Administrative Remedy"

8  which appears to have been prepared by plaintiff.  Again, the undersigned has no basis to

9  conclude that Exhibit F is part of any court file or is otherwise the proper subject of judicial

10  notice.  Additionally, the undersigned does not take judicial notice of Exhibit J, which consists of

11  a "screen shot" of the San Joaquin County Sheriff's website and is not the proper subject of

12  judicial notice.

13     The Towing Defendants' second request for judicial notice requests that the court

14  take judicial notice of a motion filed by plaintiff in this action that is already part of the court's

15  record.  The undersigned denies this request as moot.

16     Finally, the Towing Defendants filed a letter dated March 28, 2011, purportedly

17  from plaintiff to defendant Mike's Towing Service, Inc.  (<u>See</u> Bossi Decl. ¶ 1 & Ex. 1, July 18,

18  2011, Dkt. No. 35, Doc. Nos. 35, 35-1.)  The undersigned has not considered this letter because:

19  (1) the Towing Defendants did not request that the court take judicial notice of it; and (2) it is not

20  the proper subject of judicial notice.

21  III. <u>DISCUSSION</u>

22    A. <u>The Towing Defendants' Motion to Dismiss</u>

23      1. <u>Standards Governing A Motion to Dismiss, Fed. R. Civ. P. 12(b)(6)</u>

24     A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6)

25  challenges the sufficiency of the pleadings set forth in the complaint.  <u>Vega v. JPMorgan Chase</u>

26  <u>Bank, N.A.</u>, 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009).  Under the "notice pleading" standard

1    of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and

2    plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); see

3    also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  "A complaint may survive a

4    motion to dismiss if, taking all well-pleaded factual allegations as true, it contains 'enough facts

5    to state a claim to relief that is plausible on its face.'"  Coto Settlement v. Eisenberg, 593 F.3d

6    1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).  "'A claim

7    has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

8    reasonable inference that the defendant is liable for the misconduct alleged.'"  Caviness v.

9    Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at

10   1949).  The court accepts all of the facts alleged in the complaint as true and construes them in

11   the light most favorable to the plaintiff.  Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007).

12   The court is "not, however, required to accept as true conclusory allegations that are contradicted

13   by documents referred to in the complaint, and [the court does] not necessarily assume the truth

14   of legal conclusions merely because they are cast in the form of factual allegations."  Paulsen,

15   559 F.3d at 1071 (citations and quotation marks omitted).

16           The court must construe a pro se pleading liberally to determine if it states a claim

17   and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

18   opportunity to cure them if it appears at all possible that the plaintiff can correct the defect.  See

19   Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica

20   Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In ruling on a motion to dismiss pursuant to

21   Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings,

22   exhibits attached to the complaint, and matters properly subject to judicial notice."  Outdoor

23   Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and

24   quotation marks omitted).

25   ////

26   ////

1    2.    The Towing Defendants' Motion to Dismiss Should Be Granted In Part
          and Denied In Part

2

3         Plaintiff's complaint is awkwardly pled in several respects, but it is clear that

4    plaintiff has asserted claims for relief pursuant 42 U.S.C. § 1983, alleging that the Towing

5    Defendants acted jointly or in concert with CHP officers to violate plaintiff's rights provided by

6    the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution.

7    (See, e.g., Compl. ¶¶ 1, 10-12, 74-75.)  Plaintiff alleges, among other things, that in connection

8    with the traffic stop, the Towing Defendants unlawfully seized plaintiff's vehicle, deprived

9    plaintiff of her possession of that property, and have possession of the vehicle.  (See id. ¶¶ 68-71,

10   74, 80, 82-83.)  She further alleges that the Towing Defendants, acting in concert with CHP

11   officers, interfered with her "right to travel" on the public highways.  (See id. ¶¶ 74, 79.)

12        The Towing Defendants move to dismiss plaintiff's Section 1983 claims pursuant

13   to Rule 12(b)(6).  They offer two perfunctory and relatively unsupported arguments in support of

14   their motion to dismiss.  First, the Towing Defendants argue that they are private actors and thus

15   cannot act under color of state law for the purposes of a Section 1983 claim.  (See Towing Defs.'

16   Memo. of P. & A. at 5, Dkt. No. 8.)  Second, the Towing Defendants appear to argue that

17   plaintiff cannot assert a violation of her "right to travel," because plaintiff's ability to legally

18   operate a motor vehicle derives from a license provided by the State of California, rather than a

19   right provided by the federal government.  (See id. at 6.)

20        In relevant part, 42 U.S.C. § 1983 provides:

21        Every person who, under color of any statute, ordinance, regulation,
          custom, or usage, of any State . . . , subjects, or causes to be subjected, any
22        citizen of the United States or other person within the jurisdiction thereof
          to the deprivation of any rights, privileges, or immunities secured by the
23        Constitution and laws, shall be liable to the party injured in an action at
          law, suit in equity, or other proper proceeding for redress . . . .
24

25   Generally, with respect to individual defendants, "Section 1983 imposes civil liability upon an

26   individual who under color of state law subjects or causes, any citizen of the United States to the

                                          6

1   deprivation of any rights, privileges or immunities secured by the Constitution and laws."

2   Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002). "To state a claim under § 1983, a plaintiff

3   must allege two essential elements: (1) that a right secured by the Constitution or laws of the

4   United States was violated, and (2) that the alleged violation was committed by a person acting

5   under the color of State law." Long v. County of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006)

6   (citing West v. Atkins, 487 U.S. 42, 48 (1988)); accord Karim-Panahi v. L.A. Police Dep't, 839

7   F.2d 621, 624 (9th Cir. 1988) ("To make out a cause of action under section 1983, plaintiffs must

8   plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights

9   secured by the Constitution or federal statutes" (citation omitted).).

10         Although "[a] civil rights plaintiff suing a private individual under § 1983 must

11   demonstrate that the private individual acted under color of state law," Franklin, 312 F.3d at 444,

12   it is well-settled that "even a private entity can, in certain circumstances, be subject to liability

13   under section 1983," Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 954 (9th Cir. 2008)

14   (en banc). "A private individual may be liable under § 1983 if she conspired or entered joint

15   action with a state actor." Crowe v. County of San Diego, 608 F.3d 406, 440 (9th Cir. 2010)

16   (citation and quotation marks omitted); see also Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir.

17   2003) ("While generally not applicable to private parties, a § 1983 action can lie against a private

18   party when he is a willful participant in joint action with the State or its agents.") (citation and

19   quotation marks omitted). Although the United States Supreme Court has articulated several

20   alternative tests that may be used to determine whether a private individual's actions amount to

21   state action, see Franklin, 312 F.3d at 445, the "joint action test" is appropriate here. The joint

22   action test applies where, as here, state officials and private parties are alleged to have acted in

23   concert to effectuate a deprivation of constitutional rights, and "focuses on whether the state has

24   so far insinuated itself into a position of interdependence with the private actor that it must be

25   recognized as a joint participant in the challenged activity." Id. (citation, quotation marks, and

26   modifications omitted).

7

1      Here, plaintiff alleges that the CHP officers and the Towing Defendants acted in

2  concert to deprive plaintiff of her constitutional rights by, among other things, unlawfully seizing

3  and towing plaintiff's vehicle following a traffic stop.  The Towing Defendants first contend that

4  they are private parties not acting under color of state law, and offer only the following argument:

5           Generally, private parties are not acting under color of state
            law.  (See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991).)
6
            There is no civil rights violation merely for being stopped by the
7           CHP for failure to have a valid registration car tag on one's automobile, or
            for being arrested for driving on a suspended driver's license.
8
            There is no civil rights violation for a tow truck company, such as
9           Mike's Towing, obeying the directive of the CHP and towing an
            automobile, the driver of which has been arrested by the CHP and so is no
10          longer available to drive the automobile, even if they were lawfully
            allowed to do so.
11
            Plaintiff's Complaint simply fails to state any lawful claim upon
12          which relief can be granted.

13          Plaintiff has previously sued Mike's Towing for towing her
            automobile after she was stopped and taken into custody by the CHP, and
14          the matter was dismissed. There is no legal or factual basis for such claim
            against any defendant. However, even, assuming arguendo, such a claim
15          existed against CHP, there is no reasonable basis for imputing any
            theoretical wrongdoing by CHP to Mike's Towing, who merely towed
16          Plaintiff McCain's vehicle after CHP took her into custody.

17  (Towing Defs.' Memo. of P. & A. at 5-6, Dkt. No. 8.)  The Towing Defendants cite no legal

18  authority for these propositions, except as indicated in the quoted text.

19      The problem with the Towing Defendants' all-or-nothing argument is that it is

20  contrary to binding Ninth Circuit law that was not acknowledged by the Towing Defendants in

21  their briefs.  In Stypmann v. City & County of San Francisco, 557 F.2d 1338 (9th Cir. 1977), a

22  class of plaintiffs challenged the constitutionality of provisions of the California Vehicle Code

23  that authorized the removal of privately owned vehicles from streets and highways without prior

24  notice or opportunity for a hearing and established a possessory lien for towage and storage fees

25  without a hearing.  Id. at 1340.  In holding that the there was sufficient state action between law

26  enforcement officers and a private towing company to support a due process challenge brought

8

1    pursuant to Section 1983, the Ninth Circuit Court of Appeals stated:

2           Nor is there substance in appellants' argument that the state action
            required for jurisdiction under 28 U.S.C. [§] 1343(3) and 42 U.S.C.
3           [§] 1983 is lacking.  A police officer makes the initial determination that a
            car will be towed and summons the towing company.  The towing
4           company tows the vehicle only at the direction of the officer.  The officer
            designates the garage to which the vehicle will be towed.  The officer
5           notifies the owner that his vehicle has been removed, the grounds for the
            action, and the place of storage.  The towing company detains the vehicle
6           and asserts the lien for towing and storage charges pursuant to a statutory
            scheme designed solely to accomplish the state's purpose of enforcing its
7           traffic laws.  Thus, the private towing company is a willful participant in a
            joint activity with the State or its agents, and there is a sufficiently close
8           nexus between the State and the challenged action of the (towing
            company) so that the action of the latter may be fairly treated as that of the
9           State itself.

10   Id. at 1341-42 (citations and quotation marks omitted).  Five years later, in Goichman v. Rheuban

11   Motors, Inc., 682 F.2d 1320 (9th Cir. 1982), the Ninth Circuit Court of Appeals rejected the

12   argument offered by the Towing Defendants here.  In Goichman, where the plaintiff sued a

13   private towing company for damages an injunctive relief pursuant to Section 1983 for detention

14   of the plaintiff's automobile without due process of law, the Court of Appeals reiterated its

15   holding that "a private towing company acting at the behest of a police officer and pursuant to a

16   statutory scheme designed solely to accomplish the state's purpose of enforcing its traffic laws,

17   acts under color of state law for purposes of section 1983."  Id. at 1322.  The decisions of federal

18   district courts sitting in California are in accord.  See Hawkins v. San Mateo County Law

19   Library, No. C 05-2623 SI (pr), 2008 WL 2782717, at *4 (N.D. Cal. July 16, 2008) (unpublished)

20   (concluding that a plaintiff satisfied the state action requirement with respect to his Section 1983

21   due process claim in regards to a private individual doing business as a towing company that

22   towed the plaintiff's vehicle after the plaintiff was arrested); Tarantino v. Syputo, No. C

23   03-03450 MHP, 2006 WL 1530030, at *7 (N.D. Cal. June 2, 2006) (unpublished) (concluding

24   that Fourth Amendment claims premised on Section 1983 could proceed against defendants who

25   towed the plaintiff's vehicle in response to law enforcement officials' orders); Winn v. Snell, No.

26   C 98-04956, 1999 WL 1268359, at *1 (N.D. Cal. Dec. 20, 1999) (unpublished) (addressing the

9

1    merits of the plaintiff's Section 1983 claims against a private towing operators after grudgingly

2    assuming that the towing operators acted under color of state law by towing and storing the

3    plaintiff's vehicle after the plaintiff was caught driving without a valid driver's license); <u>Soffer v.</u>

4    <u>City of Costa Mesa</u>, 607 F. Supp. 975, 978 (C.D. Cal. 1985) (rejecting, albeit grudgingly, the

5    arguments of a private towing company that the towing company was not a state actor for

6    purposes of a Section 1983 due process claim where it simply towed the plaintiff's vehicle in

7    response to a law enforcement officers' order), <u>aff'd</u>, 798 F.2d 361, 364 (9th Cir. 1986) ("The

8    district court is correct in its published opinion that, in this circuit, private towing companies may

9    be liable under § 1983."); <u>but see</u> <u>Sui v. Southside Towing</u>, No. SACV 10–01973 JAK (AJW),

10    2011 WL 2940990, at *4 (C.D. Cal. July 18, 2011) (unpublished) (recognizing that a "private

11    towing agency may act under color of law if it acts at the request of the police," but concluding

12    that a towing company acting at the behest of a private homeowners' association did not, on its

13    face, act under color of state law).

14         In light of the foregoing authorities, the Towing Defendants' argument that they

15    may not be considered state actors for the purpose of plaintiff's Section 1983 claim is incorrect

16    as a matter of law.  The Towing Defendants in this case are alleged to have taken orders from the

17    CHP officers and to have unlawfully towed and held plaintiff's vehicle.  Without more than

18    conclusory arguments from the Towing Defendants supported by no legal authority, the

19    undersigned concludes that the Towing Defendants may be considered to have engaged in joint

20    action with the CHP officers such that the Towing Defendants acted under color of state law.

21         The Towing Defendants also argue that plaintiff's allegations of violations of

22    plaintiff's "right to travel" are misplaced.  (<u>See</u> Towing Defs.' Memo. of P. & A. at 6, Dkt.

23    No. 8.)  Specifically, they argue:

24         A federal right to travel is not a right to drive an automobile.  The ability
          to drive a motor vehicle on the public roads of the State of California is by

25         license, not right, and it derives from the state Vehicle Code, and NOT
          from the federal government.  It is not a protected federal right.

26

1  (Id.)

2          The Ninth Circuit Court of Appeals's decision in Miller v. Reed, 176 F.3d 1202

3  (9th Cir. 1999), is instructive.[4]  In Miller, the appellant alleged that the rejection of his driver's

4  license renewal application violated his civil rights where the appellant refused to provide his

5  social security number based on strongly held religious beliefs.  The appellant contended that the

6  requirement of state law that the Department of Motor Vehicles obtain an applicant's social

7  security number violated, among other rights, the appellant's right to interstate travel.  The Court

8  of Appeals affirmed the district court's dismissal of plaintiff's Section 1983 claim, holding that

9  the denial of one mode of interstate transportation, even if it was the appellant's primary and

10  preferred mode of transportation, did not impede the appellant's rights to interstate travel.  See

11  id. at 1204; see also id. at 1206 (noting that "[t]he plaintiff is not being prevented from traveling

12  interstate by public transportation, by common carrier, or in a motor vehicle driven by someone

13  with a license to drive it").  In doing so, the Court of Appeals noted the Supreme Court's

14  recognition of a fundamental right to interstate travel, but held that the right to interstate travel

15  does not encompass a "fundamental 'right to drive.'"[5]  Id. at 1205-06 (stating that "Miller does

16  not have a fundamental right to drive a motor vehicle, and the DMV did not unconstitutionally

17  impede his right to interstate travel by denying him a driver's license").

18          Here, plaintiff alleges constitutional violations of her "right to travel on the public

19  right of ways [sic]" that is "secured to Her by the Bill of Rights."  (See Compl. ¶¶ 74, 79-83.)

20  Plaintiff's right to interstate travel is implicated by all five of her claims for relief.  (See Compl.

21  ¶¶ 79-83.)  Those claims allege additional constitutional violations that have not been specifically

22

23          [4]  The Towing Defendants did not cite Miller in their moving papers, but rely heavily on
    Miller in their reply brief.

24          [5]  See also cf. Gilmore v. Gonzales, 435 F.3d 1125, 1137 (9th Cir. 2006) (holding that the
    appellant had no "fundamental right to travel by airplane even though it is the most convenient mode
25  of travel to him"); Tutor-Saliba Corp. v. City of Hailey, 452 F.3d 1055, 1062 (9th Cir. 2006)
    (holding that burdens on the appellant's ability to reach his vacation home by a particular type of
26  private aircraft did not burden his fundamental right to interstate travel).

challenged by the Towing Defendants, except on the basis of the "private actor" argument addressed above.  To the extent that plaintiff alleges that the towing and detention of her vehicle following the traffic stop and her arrest constituted a constitutional violation of her fundamental right to interstate travel, such allegations fail as a matter of law.  At bottom, plaintiff asserts the same argument that was squarely rejected in Miller.  Although the post-arrest towing of plaintiff's vehicle deprived her of her right to her preferred means of interstate travel—by privately operated motor vehicle—she retains the right to travel among the states by other means such as public transportation, a common carrier, a motor vehicle operated by a properly licensed drive, etc.  Accordingly, the undersigned recommends that plaintiff's claims be dismissed with prejudice to the extent that they are premised on an alleged violation of plaintiff's right to travel.  Accord Pierre v. Citrus Heights Police Dep't, No. CIV S-07-1997 FCD GGH PS, 2008 WL 1767018, at *2 (E.D. Cal. Apr. 15, 2008) (unpublished) (recommending the dismissal with prejudice of plaintiff's action premised on the assertion that plaintiff possessed a right to drive a motor vehicle without a valid driver's license), adopted by, 2008 WL 1767018 (E.D. Cal. Aug. 27, 2008) (unpublished).  The undersigned recommends that the Towing Defendants' motion to dismiss be denied in all other respects.

      B.    The Towing Defendants' Motion for A More Definite Statement

      The Towing Defendants alternatively move for a more definite statement pursuant Federal Rule of Civil Procedure 12(e).  The undersigned denies the Towing Defendants' motion because the Towing Defendants have not met their burden in regards to a motion for a more definite statement.  Indeed, the Towing Defendants appear to have misinterpreted the purpose of such a motion.

      In authorizing a motion for a more definite statement, Federal Rule of Civil Procedure 12(e) provides:

> A party may move for a more definite statement of a pleading to which a
> responsive pleading is allowed but which is so vague or ambiguous that
> the party cannot reasonably prepare a response.  The motion must be made

1
2
3

> before filing a responsive pleading and must point out the defects complained of and the details desired.  If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

4  See also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("If a pleading fails to specify

5  the allegations in a manner that provides sufficient notice, a defendant can move for a more

6  definite statement under Rule 12(e) before responding."); C.B. v. Sonora Sch. Dist., 691 F. Supp.

7  2d 1170, 1191 (E.D. Cal. 2010) ("A Rule 12(e) motion is proper only if the complaint is so

8  indefinite that the defendant cannot ascertain the nature of the claim being asserted, i.e., so vague

9  that the defendant cannot begin to frame a response.").  A court must deny a motion for a more

10 definite statement "if the complaint is specific enough to notify defendant of the substance of the

11 claim being asserted," and may deny the motion "if the detail sought by a motion for more

12 definite statement is obtainable through discovery." C.B., 691 F. Supp. 2d at 1191 (citations

13 omitted); see also San Bernardino Pub. Employees Ass'n v. Stout, 946 F. Supp. 790, 804 (C.D.

14 Cal. 1996) ("A motion for a more definite statement is used to attack unintelligibility, not mere

15 lack of detail, and a complaint is sufficient if it is specific enough to apprise the defendant of the

16 substance of the claim asserted against him or her.").

17         Here, the Towing Defendants have not met their burden under the Rule 12(e)

18 standard.  In their motion, the Towing Defendants do not "point out the defects complained of

19 and the details desired," as required by the plain text of Rule 12(e).  Instead of identifying aspects

20 of the complaint that purportedly render plaintiff's complaint unintelligible, vague, or

21 ambiguous, the Towing Defendants attempt to argue the merits of plaintiff's claims.  They

22 provide only the following substantiation of their Rule 12(e) motion:

23
> Plaintiff McCain's purported Compliant simply fails to allege that Defendants Mike's Towing did anything that can reasonably be ascertained as violative of her rights.  For example, Defendants Mike's Towing had no duty to read Plaintiff her Miranda warning rights. (E.g., Complaint, p. 10, para. 75.)  And once CHP took Plaintiff McCain into custody, her automobile had to be moved into a secure holding facility -- she was simply no longer present to drive it, even if she was otherwise

24

25

26

13

1    lawfully allowed to drive it.

2    (Towing Defs.' Memo. of P. & A. at 7, Dkt. No. 8.)  The purpose of a motion for a more definite

3    statement is not to contest the merits of a plaintiff's allegations or claims for relief, such as

4    attacking whether a plaintiff has alleged facts that "can reasonably be ascertained as violative of

5    her rights."  Instead, the focus is on whether the complaint is so unintelligible that a defendant

6    cannot begin to frame a response to the complaint.  The Towing Defendants' motion for a more

7    definite statement is misplaced.

8          Additionally, plaintiff's complaint contains intelligible allegations that are

9    sufficient to place the Towing Defendants on notice of the substance of the claims against them.

10   Plaintiff's basic allegations regarding the Towing Defendants are fairly clear.  Plaintiff alleges

11   that the Towing Defendants acted in concert with law enforcement officers to unlawfully seize

12   and detain plaintiff's vehicle following plaintiff's arrest.  Plaintiff pleads five claims for relief

13   alleging violations of different constitutional rights.  The complaint is specific enough to provide

14   the Towing Defendants with a basis to respond, i.e., the Towing Defendants can specifically

15   admit or deny the allegations in an answer.  Accordingly, the Towing Defendants' motion for a

16   more definite statement is denied.

17   C.    The Towing Defendants' Motion For Sanctions Pursuant to 28 U.S.C. § 1927 and
          Federal Rule of Civil Procedure 11
18

19         The Towing Defendants devoted the lion's share of their briefing to their motion

20   to declare plaintiff a vexatious litigant pursuant to 28 U.S.C. § 1927, and for sanctions pursuant

21   to Federal Rule of Civil Procedure 11.  The Towing Defendants contend that the present lawsuit

22   is one in a long line of cases that plaintiff has filed against the Towing Defendants as a means of

23   harassing them.  The Towing Defendants summarize their position in their memorandum of

24   points and authorities as follows:

25         Plaintiff is a vexatious litigant who repeatedly files vexatious and
           frivolous litigation for traffic stops by the California Highway Patrol
26         ("CHP") and other law enforcement, and for the towing of her automobile,

14

for the failure to display or have valid tags and automobile registration on her automobile, as her prior litigation has not had, and the instant complaint does not have: (a) any plausible factual or legal basis, and instead, (b) her prior litigation and the current Complaint are brought solely for the improper purposes of: (i) harassing law enforcement and those who support law enforcement, and (ii) attempting to discourage law enforcement and those who support law enforcement from continuing to enforce the laws and support law enforcement in doing so.

(See Towing Defs.' Memo. of P. & A. at 1-2, Dkt. No. 8; accord Towing Defs.' Memo. of P & A. In Supp. of Mot. for Rule 11 Sanctions at 2, Dkt. No. 34.)  The Towing Defendants seek relief in the form of a pre-filing order and attorney's fees.

The Towing Defendants are not entitled to any form of sanction pursuant to 28 U.S.C. § 1927 because Section 1927 cannot be applied to the filing of an initial pleading. Section 1927 provides: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so *multiplies the proceedings in any case* unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927 (emphasis added).  The Ninth Circuit Court of Appeals has plainly held that Section 1927 does "not apply to complaints or initial pleadings."  See De Dios v. Int'l Realty & Investments, 641 F.3d 1071, 1076 (9th Cir. 2011) (recognizing that "sanctions under 28 U.S.C. § 1927 do not apply to complaints or initial pleadings"); see also Moore v. Keegan Mgmt. Co. (In Re Keegan Mgmt. Co., Securities Litig.), 78 F.3d 431, 435 (9th Cir. 1996) ("Because the section authorizes sanctions only for the "multipli[cation of] proceedings," it applies only to unnecessary filings and tactics once a lawsuit has begun.  We have twice expressly held that § 1927 cannot be applied to an initial pleading.") (modification in original, citations omitted).[6]  In Moore, the Court of

_____

[6]  See also, e.g., Delamater v. Anytime Fitness, Inc., 722 F. Supp. 2d 1168, 1181 n.16 (E.D. Cal. 2010) (denying a request for sanctions made pursuant to 28 U.S.C. § 1927 where the request was based on the filing of an initial pleading); Gomes v. Am. Century Cos., No. 2:09-cv-02153-FCD/KJM, 2010 WL 1980201, at *3-4 (E.D. Cal. May 17, 2010) (unpublished) ("[D]efendants are precluded from seeking sanctions under § 1927 because the conduct that is the subject of defendants'

1  Appeals expressly stated that "[t]he filing of a complaint may be sanctioned pursuant to Rule 11

2  or a court's inherent power, but it may not be sanctioned pursuant to § 1927."[7] Moore, 78 F.3d at

3  435.  Here, the Towing Defendants impermissibly seek sanctions pursuant to Section 1927 based

4  on plaintiff's act of filing an initial pleading in this case.[8]  Accordingly, the undersigned denies

5  the Towing Defendants' motion for sanctions to the extent it is premised on 28 U.S.C. § 1927.

6      The undersigned also denies the Towing Defendants' motion for Rule 11

7  sanctions.  In relevant part, Federal Rule of Civil Procedure 11 provides:

8      **(b) Representations to the Court.**  By presenting to the court a pleading,
   written motion, or other paper--whether by signing, filing, submitting, or
9   later advocating it--an attorney or unrepresented party certifies that to the
   best of the person's knowledge, information, and belief, formed after an
10   inquiry reasonable under the circumstances:

11      **(1)** it is not being presented for any improper purpose, such as to
   harass, cause unnecessary delay, or needlessly increase the cost of
12   litigation;

13      **(2)** the claims, defenses, and other legal contentions are warranted by
   existing law or by a nonfrivolous argument for extending, modifying, or
14   reversing existing law or for establishing new law;

15      **(3)** the factual contentions have evidentiary support or, if specifically so
   identified, will likely have evidentiary support after a reasonable
16   opportunity for further investigation or discovery; and

17      **(4)** the denials of factual contentions are warranted on the evidence or,
   if specifically so identified, are reasonably based on belief or a lack of
18   information.

19  _____

20  sanctions motion is plaintiff's filing of the complaint in the Eastern District of California.").

21      [7] Although the Towing Defendants have not requested the imposition of sanctions on the
   court's inherent power, the undersigned finds no basis for the imposition of such sanctions. The
22  undersigned addresses the Towing Defendants' request for Rule 11 sanctions below.

23      [8] To the extent that the Towing Defendants might argue that this court may sanction plaintiff
   as a result of plaintiff's prior conduct in cases that proceeded in other courts, they are mistaken.  The
24  court may not impose sanctions on a party or counsel pursuant to 28 U.S.C. § 1927 for conduct that
   occurred before the allegedly offending party appeared in this court.  See GriD Sys. Corp. v. John
25  Fluke Mfg. Co., 41 F.3d 1318, 1319 (9th Cir. 1994) ("Section 1927 cannot reach conduct of a party
   who is not involved in an action before the sanctioning court at the time of the conduct."); accord
26  Trulis v. Barton, 107 F.3d 685, 694 (9th Cir. 1995).

1   **(c) Sanctions.**

2       **(1) In General.**  If, after notice and a reasonable opportunity to
        respond, the court determines that Rule 11(b) has been violated, the court
3       may impose an appropriate sanction on any attorney, law firm, or party
        that violated the rule or is responsible for the violation.  Absent
4       exceptional circumstances, a law firm must be held jointly responsible for
        a violation committed by its partner, associate, or employee.

5

6   Fed. R. Civ. P. 11(b)-(c)(1).  "[T]he central purpose of Rule 11 is to deter baseless filings in

7   district court and . . . streamline the administration and procedure of the federal courts."  Cooter

8   & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990).  When the "complaint is the primary focus

9   of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine

10  (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if

11  the attorney has conducted a reasonable and competent inquiry before signing and filing it."

12  Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005) (citation and quotation marks omitted).

13  The Ninth Circuit Court of Appeals has used the term "frivolous" as shorthand for this test

14  denoting a filing that is both baseless and made without a reasonable and competent inquiry.[9]  Id.

15  A request for Rule 11 sanctions, at least in the form of attorney's fees, must meet a heightened

16  standard: "attorneys' fees should be granted to a defendant in a civil rights action only if the

17  District Court finds that the plaintiff's action was frivolous, unreasonable, or without foundation,

18  even though not brought in subjective bad faith."  See Manufactured Home Cmtys. Inc. v. City of

19  San Jose, 420 F.3d 1022, 1036 (9th Cir. 2005) (citation and quotation marks omitted) (reversing

20  district court for failing to apply the heightened standard for civil rights action when awarding

21  attorneys' fees pursuant to Rule 11).

22       At this early point in the proceedings, and given plaintiff's status as a pro se

23

24       [9] Pro se parties can be subjected to Rule 11 sanctions, but the court may exercise "discretion"
    in the form of the following considerations: "(1) what is objectively reasonable for a pro se litigant
25  and for an attorney may not be the same, and (2) the pro se status of a violator may be relevant to the
    court's discretionary choice of the appropriate sanction in a given case."  See Bus. Guides, Inc. v.
26  Chromatic Commc'ns Enters., Inc., 892 F. 2d 802, 811 (9th Cri. 1989).

litigant, the undersigned cannot conclude that plaintiff's claims are legally or factually baseless

from an objective perspective such that Rule 11 sanctions are presently warranted.  Although the

question is a somewhat close one, the record does not support such sanctions, and the Towing

Defendants have not helped their cause to any great degree.  Taking into account the

undersigned's rulings on the Towing Defendants' requests for judicial notice above, the Towing

Defendants' Rule 11 motion is based on the merits of plaintiff's complaint in this action, and the

results in two other cases filed by plaintiff.  Regarding this action, the undersigned cannot

conclude at this point that plaintiff's claims are frivolous.  Indeed, if plaintiff's claims were

frivolous, one might imagine that the Towing Defendants would have been able to forward

arguments that counseled the dismissal of the action at this early stage.  The Towing Defendants

fell well short of that mark.  In regards to plaintiff's case in the San Joaquin County Superior

Court, it appears from the docket sheet in that case that the Superior Court ultimately granted a

demurrer in that case.  (See Towing Defs.' First Req. for Judicial Notice, Ex. A.)  However, it is

not at all clear whether that demurrer was granted with leave to amend or with prejudice.

Moreover, the Towing Defendants did not seek judicial notice of the actual order granting the

demurrer, which might suggest whether the Superior Court believed that plaintiff's case had any

merit.  As for plaintiff's action in the Superior Court for the District of Columbia, that case was

dismissed for lack of personal jurisdiction, not on the merits.  (See id., Ex. I.)  Rather than

provide a basis for this court to assess the alleged frivolity of plaintiff's lawsuits, the Towing

Defendants appear to request that the undersigned evaluate the complaints in two other cases and

essentially rule on demurrers or motions to dismiss in those case.  The undersigned declines to do

the Towing Defendants' work for them.  Alternatively, the Towing Defendants appear to invite

the undersigned impose sanctions based solely on their counsel's representations about the merits

of plaintiff's lawsuits.  Again, the undersigned declines such an invitation.

        In sum, the Towing Defendants' request for sanctions pursuant to 28 U.S.C.

§ 1927 is entirely misplaced.  Additionally, they have not substantiated a sufficient basis, at this

18

point, for the award of any Rule 11 sanctions.  Accordingly, the Towing Defendants' motion for

sanctions pursuant to Section 1927 and Rule 11 is denied.

IV.    CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.    The Towing Defendants' first request for judicial notice (Dkt. No. 9) is

granted in part, and the court takes judicial notice of Exhibits A, B, C, D, G, H, and I.  The first

request for judicial notice is denied as to Exhibits E, F, and J.

2.    The Towing Defendants' second request for judicial notice (Dkt. No. 37)

is denied as moot.

3.    The Towing Defendants' motion for a more definite statement (see Dkt.

Nos. 7, 16) is denied.

4.    The Towing Defendants' motion for sanctions pursuant to 28 U.S.C.

§ 1927 and Federal Rule of Civil Procedure 11 (see Dkt. Nos. 7, 16, 33) is denied.

5.    Plaintiffs' objections (Dkt. Nos. 39-41, 43) are overruled.[10]

It is FURTHER RECOMMENDED that:

1.    The Towing Defendants' motion to dismiss plaintiff's complaint (see Dkt.

Nos. 7, 16) be granted in part and denied in part.

2.    Plaintiff's claims for relief alleged against the Towing Defendants be

dismissed with prejudice to the extent that they are premised on plaintiff's "right to travel."

3.    The Towing Defendants' motion to dismiss plaintiff's complaint be denied

in all other respects.

These findings and recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen

days after being served with these findings and recommendations, any party may file written

---

[10] On August 11, 2011, plaintiff filed four, largely indecipherable "objections," portions of which constitute oppositions to the pending motions.  None of plaintiff's objections is well-taken.

objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).

Such a document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations."  Any response to the objections shall be filed with the court and served on

all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).

Failure to file objections within the specified time may waive the right to appeal the District

Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d

1153, 1156-57 (9th Cir. 1991).

        IT IS SO ORDERED AND RECOMMENDED.

DATED:  August 25, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE