1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TERRYLYN MCCAIN,

11              Plaintiff,                          No. 2:11-cv-01265 KJM KJN PS

12        v.

13   CALIFORNIA HIGHWAY PATROL,
     et al.,
14
                Defendants.                ORDER
15   _____/

16              Presently before the court is a motion to set aside the Clerk's Certificate of Entry

17   of Default filed by two defaulted defendants, Brent Mangham and Michael Walling (Dkt.

18   No. 58).[1]  The court heard this matter on its law and motion calendar on October 27, 2011.

19   (Minutes, Oct. 27, 2011, Dkt. No. 69.)  Deputy Attorney General William Krabbenhoft appeared

20   on behalf of Mangham and Walling.  Plaintiff, who is proceeding without counsel, appeared and

21   represented herself at the hearing.  The undersigned has considered the briefs, oral arguments,

22   and appropriate portions of the record in this case and, for the reasons stated below, grants the

23   motion to set aside the default on the grounds that plaintiff did not effectuate proper service of

24   process on Mangham and Walling and, accordingly, the default was entered in error.  Consistent

25   _____

26              [1] This case proceeds before the undersigned pursuant to Eastern District of California Local
     Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

                                                    1

1    with Mangham and Walling's request, Mangham and Walling shall file answers to plaintiff's

2    complaint within 14 days of the date of this order.

3    I.      <u>BACKGROUND</u>

4                Plaintiff alleges in her verified complaint that on March 14, 2011, at

5    approximately 7:30 p.m., she was driving eastward on "highway 4" in her automobile, a "1994

6    Jaguar SJX," when  she was pulled over by California Highway Patrol ("CHP") Officer

7    Mangham.  (<u>See</u> Compl. ¶¶ 7, 16-17, 23, 25-28, 73, Dkt. No. 1.)  It appears from plaintiff's

8    allegations that plaintiff refused to provide Officer Mangham with identification, registration, or

9    both and was subsequently arrested, handcuffed, searched by Officer Jane Doe #1, placed in a

10   patrol vehicle, booked into the San Joaquin County Jail, and cited for various traffic violations.

11   (<u>See</u> <u>id.</u> ¶¶ 33-64, 73.)  Plaintiff appears to allege that CHP Officer Walling assisted Officer

12   Mangham during the traffic stop and arrest.  (<u>See</u> <u>id.</u> ¶¶ 8, 52-53.)

13               Plaintiff filed her complaint on May 11, 2011, alleging claims against Officers

14   Mangham and Walling in their individual capacities.  (Compl. ¶¶ 7-8.)  That same day, the Clerk

15   of Court issued a summons as to defendants including Officers Mangham and Walling (Dkt.

16   Nos. 1-2).

17               On June 3, 2011, plaintiff filed Return of Service forms pertaining to defendants

18   including Officers Mangham and Walling, which were executed under penalty of perjury by

19   plaintiff's process server, Patricia Bonnifield (Dkt. No. 6).  Ms. Bonnifield's Return of Service

20   forms declare that she served Officers Mangham and Walling on May 13, 2011; Officers

21   Mangham and Walling contend that the attempted service actually occurred on May 12, 2011.

22   (<u>Compare</u> Return of Service, Dkt. No. 6 at 2-3, <u>with</u> Lawton Decl. ¶¶ 4, 8, Dkt. No. 58, Doc. No.

23   58-1.)

24   ////

25   ////

26   ////

1    The Return of Service forms are rather cryptic.  The Return of Service Form

2 relating to the purported service of Officer Mangham states, in relevant part:

3    Other (specify): OFFICER OF THE DAY – CHP – NO NAME BADGE
     WHO SUMMONS WAS LEFT WITH.

4

5    SHARON            CHP office
     Officer Mangham at  3330 Ad Art Rd.
                        Skton, CA 95215

6

7 (Return of Service, Dkt. No. 6 at 2.)  The form pertaining to the service of Officer Walling states,

8 in relevant part:

9    Other (specify): OFFICER OF The day – CHP – NO NAME BADGE
     WHO SUMMONS WAS LEFT WITH.  OFFICER Refused To give NAME

10   TOOK THE Summons AND SAID Sharon would BE RIGHT Out

11   SHARON!           CHP office
     Officer Walling Served at   3330 Ad Art Rd.

12                    Sktn, CA 95215

13 (Return of Service, Dkt. No. 6 at 3.)  Neither Return of Service form reflects the particular

14 documents that were purportedly served.

15    On June 9, 2011, plaintiff requested that default be entered against Officers

16 Mangham and Walling, and the Clerk of Court entered those defendants' default on June 10,

17 2011 (Dkt. Nos. 12-14).[2]  At no time did plaintiff file a motion for default judgment as to Officer

18

_____

19    [2] Shortly after the entry of default, Deputy Attorney General William Krabbenhoft, who had
appeared as counsel of record for the CHP but had not at that point appeared as counsel of record

20 for Officers Mangham or Walling, contacted the Office of the Clerk on an ex parte basis attempting
to have the Clerk's entry of default set aside.  Rather than file a noticed motion addressing the entry

21 of default as directed by the Clerk's staff, Mr. Krabbenhoft persisted in contacting the Office of the
Clerk on an ex parte basis.  As a result, the court issued the following minute order:

22

23    The court has become aware that counsel for defendant California
     Highway Patrol ("CHP") has contacted the Office of the Clerk by telephone

24   regarding the clerk's entry of default entered against defendants Walling and
     Mangham (Dkt. No. 14) and has attempted to discuss or contest the merits of

25   plaintiff's service of process on those two defendants and/or the subsequent
     clerk's entry of default.   To the extent that counsel for CHP represents

26   defendants Walling and Mangham and wishes to contest the clerk's entry of
     default or the adequacy of service of process, he must file a properly noticed

1    Mangham or Officer Walling.

2            On September 16, 2011, Deputy Attorney General William Krabbenhoft appeared

3    on behalf of Officers Mangham and Walling and filed the pending motion to set aside the entry

4    of default on the grounds that Officers Mangham and Walling were not properly served with

5    process (Dkt. No. 58).  The motion indicates that Officers Mangham and Walling intend to file

6    an answer to the complaint within ten days after the motion to set aside the default is granted.

7    (Memo. of P. & A. In Supp. of Mot. to Set Aside Def. at 3:26-27, Dkt. No. 58.)  At the hearing,

8    Mr. Krabbenhoft requested 14 days to file such answers.

9    II.    LEGAL STANDARDS

10           Federal Rule of Civil Procedure 55 governs the entry of default by the clerk and

11   the subsequent entry of default judgment by either the clerk or the district court.  In relevant part,

12   Rule 55(a) provides:

13           **(a) Entering a Default.**  When a party against whom a judgment for
             affirmative relief is sought has failed to plead or otherwise defend, and
14           that failure is shown by affidavit or otherwise, the clerk must enter the
             party's default.

15

16   Fed. R. Civ. P. 55(a).[3]

17           Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an

18   entry of default for good cause."  "The court's discretion is especially broad where . . . it is entry

19   _____

20           motion to attack the clerk's entry of default or plaintiff's service of process.
             Counsel for CHP is ordered to cease contacting the Office of the Clerk by
21           telephone to discuss or contest the merits of the entry of default or service of
             process.  IT IS SO ORDERED.
22

23   (Minute Order, June 15, 2011, Dkt. No. 17.)

24           [3]  As the Ninth Circuit Court of Appeals has stated, Rule 55 requires a "two-step process"
     consisting of: (1) seeking a clerk's entry of default, and (2) filing a motion for the entry of default
25   judgment.  See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) ("Eitel apparently fails to
     understand the two-step process required by Rule 55."); accord Symantec Corp. v. Global Impact,
26   Inc., 559 F.3d 922, 923 (9th Cir. 2009) (noting that Rules 55(a) and (b) provide a two-step process
     for obtaining a default judgment).

4

1    of default that is being set aside, rather than a default judgment." O'Connor v. State of Nev., 27

2    F.3d 357, 364 (9th Cir. 1994). A court considers three factors in determining whether good

3    cause exists: "'(1) whether [the party seeking to set aside the default] engaged in culpable

4    conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether

5    reopening the default judgment would prejudice' the other party." United States v. Signed

6    Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091-94 (9th Cir. 2010)

7    (hereinafter, "Mesle") (modification in original) (quoting Franchise Holding II v. Huntington

8    Rests. Group, Inc., 375 F.3d 922, 925-26 (9th Cir. 2004)). Under this disjunctively framed

9    standard, "a finding that any one of these factors is true is sufficient reason for the district court

10   to refuse to set aside the default." Id. The party seeking relief from the entry of default bears the

11   burden of showing that these factors favor such relief. See Franchise Holding II, 375 F.3d at 926.

12           However, a clerk's entry of default may be set aside as void when default was

13   entered in the absence of proper service of process. See Mason v. Genisco Tech. Corp., 960 F.2d

14   849, 851 (9th Cir. 1992) (holding that because service of process on a party in an earlier action

15   against whom a default judgment was entered was not proper, the default judgment in the earlier

16   action was void and had no preclusive effect in the present action); accord James v. Scribner, 415

17   Fed. Appx. 835, 836 (9th Cir. 2011); see also Banks v. ACS Educ., No. 10cv1886-BTM (CAB),

18   2011 WL 811601, at *1 (S.D. Cal. Mar. 2, 2011) (unpublished) ("Improper service of the

19   complaint presents good cause to set aside entries of default."); Warren v. City of Grass Valley,

20   No. 2:10-CV-1650-JAM-EFB, 2011 WL 596707, at 1-2 (E.D. Cal. Feb. 9, 2011) (unpublished)

21   (setting aside entry of default on the basis of insufficient evidence of proper service of process);

22   Arthur Court Designs, Inc. v. Jensen, No. C-09-0584 EMC, 2009 WL 2157544, at *4 (N.D. Cal.

23   July 20, 2009) (unpublished) (same); Van Dyke v. N. Leasing Sys., Inc., No. CIV.S. 07-1877

24   FCD GGH PS, 2009 WL 1396193, at *3 (E.D. Cal. May 14, 2009) (unpublished) ("The court

25   finds that NLS has shown good cause for setting aside the clerk's entry of default due to

26   defective service."), adopted by 2009 WL 2044254 (E.D. Cal. July 13, 2009); cf., Benny v. Pipes,

5

1   799 F.2d 489, 492 (9th Cir. 1986) ("A failure to make a timely answer *to a properly served*

2   *complaint* will justify the entry of a default judgment" (emphasis added).).

3          Resolution of a motion to set aside the entry of default is necessarily informed by

4   the well-established policies favoring resolution of lawsuits on the merits and generally

5   disfavoring default judgments.  See Mesle, 615 F.3d at 1091 ("Crucially, . . . judgment by default

6   is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be

7   decided on the merits.") (citation and quotation marks omitted); Westchester Fire Ins. Co. v.

8   Mendez, 585 F.3d 1183, 1189 (9th Cir. 2009) ("As a general rule, default judgments are

9   disfavored; cases should be decided upon their merits whenever reasonably possible.").

10  III.   DISCUSSION

11          Officers Mangham and Walling first contend that plaintiff failed to effectuate

12  proper service of process on them and that, accordingly, the clerk's entry of default should be set

13  aside as entered in error.  They subsequently argue that good cause supports setting aside the

14  default under the three-factor test referenced above.  Because the undersigned concludes that

15  service was not proper, and thus default was entered in error, the court need not reach the parties'

16  arguments under the three-factor test.

17          In regards to effectuating service of process on individual defendants, Federal

18  Rule of Civil Procedure 4(e) provides:

19  **Serving an Individual Within a Judicial District of the United States.**
20  Unless federal law provides otherwise, an individual--other than a minor,
    an incompetent person, or a person whose waiver has been filed--may be
    served in a judicial district of the United States by:

21     **(1)** following state law for serving a summons in an action brought in
22     courts of general jurisdiction in the state where the district court is located
       or where service is made; or

23     **(2)** doing any of the following:

24        **(A)** delivering a copy of the summons and of the complaint to the
25        individual personally;

26        **(B)** leaving a copy of each at the individual's dwelling or usual place

6

1               of abode with someone of suitable age and discretion who resides there; or

2                   **(c)** delivering a copy of each to an agent authorized by appointment
or by law to receive service of process.

3

4 Additionally, a plaintiff may seek a written waiver of service by an individual defendant.  <u>See</u>

5 Fed. R. Civ. P. 4(d)(1).

6               Here, plaintiff vehemently disclaims any intention on her part to have effectuated

7 service of process on Officers Mangham and Walling pursuant to California state law.  (Pl.'s

8 Opp'n at 3-4.)  Although Officers Mangham and Walling have raised the issue of potential

9 service pursuant to various provisions of the California Code of Civil Procedure, plaintiff

10 counters that the California Code of Civil Procedure "has absolutely no barring [*sic*] on the case

11 at bar" and "is irrelevant to this instant action."  (<u>Id.</u> at 4.)  Because plaintiff has chosen not to

12 argue proper service under California law, the undersigned does not analyze whether service was

13 proper pursuant to Federal Rule of Civil Procedure 4(e)(1) and, in turn, the California Code of

14 Civil Procedure.

15               Turning to the federal procedural rules governing service of process, plaintiff has

16 not argued or presented evidence supporting that she sought a written waiver of service by

17 Officers Mangham or Walling in accordance with Federal Rule of Civil Procedure 4(d)(1).

18 Additionally, plaintiff has not persuasively argued, or presented evidence supporting, that her

19 process server personally served the summons and complaint on Officers Mangham or Walling

20 or left a copy of each at the officers' respective dwellings or usual places of abode in accordance

21 with Federal Rules of Civil Procedure 4(e)(1) and (e)(2).[4]  Moreover, Officers Mangham and

22 Walling filed declarations under penalty of perjury representing that they have not been

23

24     [4]  At the hearing, plaintiff argued that her process servers served Officers Mangham and
Walling at their "abode," which plaintiff characterized as the CHP field office in Stockton,
25 California.  Setting aside the other mechanical defects in the purported service, the term "abode"
does not mean an "office."  The term "abode" is generally defined as "A home; a fixed place of
26 residence."  <u>Black's Law Dictionary</u> 5 (7th Ed. 1999).

1   personally served with a summons and complaint and have not received a summons, complaint,

2   or waiver of service form via mail.  (Mangham Decl. ¶ 1, Dkt. No. 58, Doc. No. 58-2; Walling

3   Decl. ¶ 1, Dkt. No. 58, Doc. No. 58-3.)

4           The propriety of service rests on whether Ms. Bonnifield properly effectuated

5   service on Officers Mangham and Walling pursuant to Federal Rule of Civil Procedure 4(e)(2)(c)

6   by "delivering a copy of [the summons and complaint] to an agent authorized by appointment or

7   by law to receive service of process" on behalf of the officers.

8           The parties present different accounts of Ms. Bonnifield's attempted service of

9   process.  Plaintiff contends that proper service was effectuated on the CHP and Officers

10  Mangham and Walling on May 13, 2011, when Ms. Bonnifield, accompanied by a witness,

11  Randy Lantrip, left three envelopes with summonses and complaints on the counter at the CHP

12  field office in Stockton, California.  (See Pl.'s Opp'n at 3.)  More specifically, Ms. Bonnifieled's

13  sworn affidavit filed with plaintiff's written opposition states:

14          I, Patricia Bonnifield, delivered three documents to the [CHP] Office on
            May 13, 2011 at approximately 10:00 A.M.  This day I asked Randy
15          Lantrip to ride with me to witness my deliveries and keep me safe.  I tried
            to give the documents to the officer at the duty desk but he refused to take
16          them.  He went to the back of the building and then returned to the front
            counter and told me Barbara would be up in a few minutes.  While waiting
17          for Barbara I asked the officer for his name and he refused to comply.  He
            did not have a name tag on his shirt.
18
            We waited for 10 to 15 minutes for Barbara but she never came to the
19          front desk.  I had other duties to attend to so I left feeling confident that the
            documents had been served.  An unidentified woman did come to the
20          hallway before we left and looked at Randy and me, then returned to the
            direction she came from.[5]
21

22  (Bonnifield Aff., Dkt. No. 67, Doc. No. 67-1.)  A sworn affidavit of Randy Lantrip is in accord

23  with Ms. Bonnifield's affidavit (Dkt. No. 67, Doc. No. 67-1).

24          In contrast to the affidavits filed by plaintiff, Officers Mangham and Walling offer

25  _____

26       [5]  It is entirely unclear who the person referred to as "Barbara" is.

8

the declaration of Annette Lawton, who is an Office Services Supervisor at the CHP's field office in Stockton, California.  (Lawton Decl. ¶ 1, Dkt. No. 58, Doc. No. 58-1.)  Under penalty of perjury, Ms. Lawton describes the CHP's policies regarding acceptance of service of process as follows:

> As part of my duties, I am authorized to accept service of summons [*sic*] and subpoena's [*sic*].  I also supervise Sharon Parker, known as our Subpoena Clerk.  When someone shows up at our office with papers to serve, either I or Sharon are called to the front.  We review the papers and accept service when appropriate.  The Officers who work at the public front counter are not authorized to accept service on behalf of the CHP or any CHP Officer.

(Id. ¶ 2.)  Contrary to Ms. Bonnifield's and Mr. Lantrip's affidavits, Ms. Lawton's declaration states that plaintiff's representatives attempted to serve papers at the CHP's Stockton field office on May *12*, 2011, at approximately 2:40 p.m., not May *13*, 2011.  (Id. ¶ 4.)  Ms. Lawton declares that she was told that a person was attempting to serve papers at the front desk; that Subpoena Clerk Sharon Parker was not available at the time; and that by the time that Ms. Lawton arrived at the front counter, the person attempting to serve papers had left.  (Id. ¶¶ 4-5.)  She further declares that plaintiff's representatives did not leave three envelopes with summonses and complaints; rather, only one complaint, one summons, and one proof of service had been left on the counter and none of the documents was specifically designated for Officers Mangham or Walling.  (Id. ¶¶ 5, 7.)  Ms. Lawton declares that she notified and sent a copy of the single set of documents to "CHP–Legal."  (Id. ¶ 6.)  Ms. Lawton, who is also the "custodian of records for documents pertaining to McCain," declares on the basis of personal knowledge that "[s]ince May 12, 2011, the CHP field office has not received via mail or by hand delivery any summons or complaint."  (Id. ¶ 7.)

In regards to Rule 4(e)(2)(c), plaintiff's process server would have had to serve a summons and complaint on "an agent authorized by appointment or by law to receive service of process" for each officer, both of whom have been sued in their individual capacity.  In regards to an agent authorized by law, plaintiff has not cited any California statute or regulation that

9

1  authorizes an agent to accept service of process on behalf of a CHP officer.[6]  And in regards to an

2  agent authorized by appointment, Officer Mangham, Officer Walling, and Annette Lawton all

3  declare that the officers at the public counter of the CHP field office in Stockton were not

4  authorized to accept service of process on behalf of Officers Mangham or Walling, or any other

5  CHP officer.  (Lawton Decl. ¶ 2; Mangham Decl. ¶ 3; Walling Decl. ¶ 3.)  Although there are

6  conflicting affidavits and declarations in the record regarding the timing of the attempted service,

7  plaintiff still has not shown substantial compliance with Rule 4(e)(2)(C).  Plaintiff's Return of

8  Service forms simply state that plaintiff served the "officer of the day," who was not authorized

9  to accept service on behalf of CHP officers sued in their individual capacity.  See Gerritsen v.

10  Consulado General De Mexico, 989 F.2d 340, 340, 344 (9th Cir. 1993) (holding that under then-

11  numbered Rule 4(d), defendants sued in their individual capacities had to be served personally or

12  by leaving a copy of the summons and complaint at their usual place of abode, and not by leaving

13  process with an employee at their place of employment).  In light of plaintiff's failure to

14  substantially comply with Rule 4(e) and the general policy favoring resolution of cases on the

15  merits, the undersigned recommends that the Clerk's Certificate of Entry of Default as to

16  Officers Mangham and Walling be set aside.

17  IV.   CONCLUSION

18          For the foregoing reasons, IT IS HEREBY ORDERED that:

19          1.     The motion to set aside the Clerk's Certificate of Entry of Default filed by

20  defendants Mangham and Walling (Dkt. No. 58) is granted.

21          2.     The Clerk's Certificate of Entry of Default pertaining to defendants

22  Mangham and Walling (Dkt. No. 14) is set aside.

23  _____

24          [6] Although not in a published decision or an unpublished decision issued on or after January
    1, 2007, and therefore not referred to here for precedential value, see Ninth Cir. Rule 36-3, the Ninth
25  Circuit Court of Appeals has noted that "there is no statute that authorizes an agent to receive process
    for a California Highway Patrol officer."  Littlejohn v. Denno, 9 F.3d 1552, at *1 (9th Cir. Oct. 26,
26  1993) (unpublished).

1          3.     Defendants Mangham and Walling shall file and serve their respective

2    answers to plaintiff's complaint no later than 14 days from the date of this order.

3          IT IS SO ORDERED.

4    DATED:  October 28, 2011

5

6                                   _____

7                            KENDALL J. NEWMAN
                        UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26