IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRY LYN MCCAIN,

        Plaintiff,                          No. CIV S-11-1265 KJM-KJN

    vs.

CALIFORNIA HIGHWAY PATROL; et al.,

        Defendants.                       <u>ORDER</u>

_____/

        This matter comes before the court upon plaintiff's filing of three motions. (ECF 84, 87 & 88.)

<u>ECF 84</u>

        Plaintiff filed this "motion to request de novo Title 28 U.S.C. § 636(b)(1)(C)" on December 1, 2011. The court construes this as a motion for reconsideration of the magistrate judge's denial without prejudice[1] (ECF 81) of plaintiff's motion for partial summary judgment against defendant California Highway Patrol ("CHP") (ECF 79). The magistrate judge denied this motion pending review of the F&Rs recommending dismissal of defendant CHP (ECF 38)

---

[1] Insofar as plaintiff contends that the magistrate judge lacked the authority to issue this order, denials without prejudice are non-dispositive orders because plaintiff has leave to refile. Therefore, the magistrate judge was not required to submit findings and recommendations ("F&Rs").

1

by the undersigned. The undersigned has since adopted the magistrate judge's F&Rs, dismissing CHP with prejudice. (ECF 90.) Accordingly, this motion is denied as moot.

ECF 87

Plaintiff filed this "notice to revoke order document no. #79" on December 1, 2011. Insofar as this "notice" is repetitive of ECF 84, plaintiff's requests are denied as moot. Moreover, plaintiff's contention that defendants could not file their motions to dismiss without filing pleadings and are in default for their failure to file pleadings is wholly without merit. It is black letter law that a party may file a motion to dismiss in lieu of an answer within the time period for filing an answer.

However, plaintiff also brings this motion in part under 28 U.S.C. § 144, in conjunction with a separately filed affidavit.[2] (ECF 85.) Section 144 provides: "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." The standard for disqualification under this section is: "'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Bridgeman v. United States*, 2010 U.S. Dist. LEXIS 137637, * 6 (E.D. Cal. Dec. 16, 2010) (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453-54 (9th Cir. 1997) (internal quotation omitted)). "[I]n order for the 'alleged bias and prejudice to be disqualifying' in the context of a Section 144 affidavit, it must stem from an 'extrajudicial source.'" *Id.* (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). However, "neither the presence of an extrajudicial source necessarily establishes bias, nor [does] the absence of an extrajudicial source necessarily preclude[] bias . . . ." *Liteky v. United States*, 510 U.S. 540, 554 (1994). Moreover, "judicial rulings alone almost never

---

[2] The court does not consider Marc Guisto's affidavit. (ECF 86.) He is not a party to this action.

constitute a valid basis for a bias or partiality motion." *Id.* at 555; *see also United States v. Johnson*, 610 F.3d 1138, 1148 (9th Cir. 2010) ("Adverse findings do not equate to bias.").

None of plaintiff's contentions would lead a reasonable person to conclude that the magistrate judge's impartiality can reasonably be questioned. Plaintiff has wholly failed to show that the magistrate judge displayed "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

ECF 88

This motion filed on December 5, 2011 asking the court to consider her motion for partial summary judgment (ECF 79) de novo is denied as moot. As stated previously, the court has dismissed defendant CHP with prejudice and any motions involving the CHP are moot.

CONCLUSION

For the foregoing reasons, plaintiff's motions (ECF 84, 87, & 88) are DENIED.

IT IS SO ORDERED.

DATED: December 16, 2011.

_____
UNITED STATES DISTRICT JUDGE