IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRYLYN MCCAIN,

        Plaintiff,                    No. 2:11-cv-01265 KJM KJN PS

        v.

CALIFORNIA HIGHWAY PATROL, et al.,

        Defendants.            ORDER
_____/

        Presently before the court is plaintiff's unopposed motion for leave to amend her Complaint (Dkt. No. 108).[1] Plaintiff filed a proposed First Amended Complaint with the court (Dkt. No. 109), which substantially complies with Local Rule 137(c). Because oral argument would not materially aid the resolution of the pending motion, this matter is submitted on the briefs and record without a hearing. See Fed. R. Civ. P. 78(b); E. Dist. Local Rule 230(g). Upon consideration of plaintiff's motion and appropriate portions of the record, the undersigned grants plaintiff's motion for leave to amend her Complaint.

        Generally, plaintiff's claims in this case concern a traffic stop effectuated by officers of the California Highway Patrol, plaintiff's subsequent arrest and detention, and the

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

towing and impounding of plaintiff's vehicle.  Plaintiff's Complaint includes specific allegations regarding the actions of an individual "Jane Doe" defendant, who is alleged to be a sergeant with the California Highway Patrol ("CHP") that violated plaintiff's constitutional rights.  (See, e.g., Compl. ¶¶ 9, 46-47, 50, 58-59.)  Plaintiff named this individual defendant as "JANE DOE #1."  (Id. at 1.)

Plaintiff's motion for leave to amend represents that on January 20, 2012, other defendants who have appeared in this action served "an initial disclosure containing the true identity of JANE DOE #1 as being SERGEANT J. PINI, # 15994."  (Pl.'s Br. In Supp. of Mot. for Leave to Amend at 2, Dkt. No. 108, Doc. No. 108-1.)  Plaintiff seeks leave to file a First Amended Complaint that substitutes Sergeant Pini's name for Jane Doe #1.  (Id. at 4; see also Mot. for Leave to Amend at 1.)  Plaintiff represents that "[n]othing has changed in the Complaint other than JANE DOE #1 [sic] real name."  (Mot. for Leave to Amend at 1.)

Federal Rule of Civil Procedure 15(a)(2) governs plaintiff's request for leave to amend and provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Rule 15(a)(2) further provides that "[t]he court should freely give leave when justice so requires," id., and the Ninth Circuit Court of Appeals has stated that "requests for leave should be granted with 'extreme liberality.'"  Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009) (citation omitted).  However, the Court of Appeals has also cautioned that "liberality in granting leave to amend is subject to several limitations," which include "undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay."  Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (citations and quotation marks omitted); accord AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006).

Additionally, in regards to the permissive joinder of parties, Federal Rule of Civil Procedure 20(a)(2) provides:

**(a) Persons Who May Join or Be Joined.** . . .

>   **(2) *Defendants*.** Persons . . . may be joined in one action as defendants if:
>
>   (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
>   (B) any question of law or fact common to all defendants will arise in the action.

This rule is conjunctive in nature, requiring an adequate showing under Rule 20(a)(2)(A) and Rule 20(a)(2)(B).

Here, in regards to amendment under Federal Rule of Civil Procedure 15(a)(2), plaintiff represents that she attempted to obtain a stipulation to the proposed amendment from the other parties, but that none of the other parties responded to plaintiff's good faith attempts to confer about the proposed amendment. (Pl.'s Br. In Supp. of Mot. for Leave to Amend at 2.) In any event, the undersigned grants plaintiff leave to amend in light of the policies favoring liberal amendment. Plaintiff is merely amending her Complaint to provide the real name for an individual previously identified as a "Jane Doe" defendant, and plaintiff only recently obtained Sergeant Pini's name through discovery. Moreover, there is no evidence in the record suggesting undue prejudice to any party, plaintiff's bad faith, futility of the proposed amendment, or plaintiff's undue delay.

In terms of the specific amendment, plaintiff is not really adding a "new" defendant. Regardless, plaintiff's proposed amendment plainly satisfies the requirements of Federal Rule of Civil Procedure 20(a)(2). As to Rule 20(a)(2)(A)'s "same transaction, occurrence, or series of transactions or occurrences" requirement, plaintiff has satisfactorily alleged that Sergeant Pini was involved, along with the other CHP officers who are named defendants, in searching and detaining plaintiff following the traffic stop. These allegations also satisfy Rule 20(a)(2)(B)'s requirement of the presence of a common question of law or fact common in the action.

Based on the foregoing, the undersigned grants plaintiff's motion for leave to

amend for the sole purpose of substituting the defendant "Seargeant J. Pini, #15994," also referred to as "J. Pini" and "J. Pini, #15994," for the previously named defendant "JANE DOE #1."

        Accordingly, IT IS HEREBY ORDERED that:

        1.    Plaintiff's motion to amend her Complaint is submitted without a hearing, and the May 10, 2012 hearing on plaintiff's motion is VACATED.

        2.    Plaintiff's unopposed motion to amend her Complaint (Dkt. No. 108) is granted.

        3.    Plaintiff's proposed First Amended Complaint (Dkt. No. 109) shall be docketed and serve as plaintiff's "First Amended Complaint."

        4.    The Clerk of Court is directed to issue, and serve on plaintiff, a summons as to defendant "Sergeant J. Pini, #15994," also referred to as "J. Pini" and "J. Pini #15994."

        5.    Defendant Pini shall file an answer or other response to plaintiff's First Amended Complaint within 21 days of being served with the summons and First Amended Complaint.

        6.    On or before May 18, 2012, defendants who have already appeared in this case and filed answers to the original Complaint shall file either: (1) an answer to plaintiff's First Amended Complaint; or (2) notice of that defendant's intent to stand on his or her original answer to the Complaint.[2]

        IT IS SO ORDERED.

DATED: April 27, 2012

*Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The CHP was an originally named as a defendant, but was dismissed from this action with prejudice. (Order, Dec. 12, 2011, Dkt. No. 90.) Of course, the CHP need not file any response to the First Amended Complaint, or the notice identified above.

4