IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRY LYN MCCAIN,

    Plaintiff,                                  No. CIV S-11-1265 KJM-KJN

    vs.

CALIFORNIA HIGHWAY PATROL; et al.,

    Defendants.                             <u>ORDER</u>

/

        This matter comes before the court upon plaintiff's filing of three requests for reconsideration, all captioned "objections." (ECF 93, 94 & 95.)

<u>ECF 93</u>

        Plaintiff filed this "objection to document no. 90" on December 28, 2011.[1] The court construes this as a request for reconsideration of the undersigned's order adopting the magistrate judge's August 4, 2011 findings and recommendations (ECF 38), dismissing California Highway Patrol ("CHP") from this action. Plaintiff contends the court failed to make

/////

---

[1] The court notes that plaintiff filed an interlocutory appeal of this order with the Ninth Circuit on January 9, 2012 (ECF 96), which the court dismissed for lack of jurisdiction on February 21, 2012 (ECF 102).

findings of fact, CHP was in default as it never filed an answer to plaintiff's complaint, and plaintiff's complaint states a claim.

Federal Rule of Civil Procedure 60(b) provides, *inter alia*: "On motion and just terms, the court may relieve a party . . . from a final judgment . . . for . . . (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." "The major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quotation marks and citation omitted). "'A finding is "clearly erroneous" when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Concrete Pipe and Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 622 (1993) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "[R]eview under the 'clearly erroneous' standard is significantly deferential . . . ." *Id.* at 623. "To succeed [on a motion for reconsideration], a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Enriquez v. City of Fresno*, No. CV F 10-0581 AWI DLB, 2011 U.S. Dist. LEXIS 29998, at *3 (E.D. Cal. Mar. 23, 2011).

The court's order adopting the magistrate judge's findings and recommendations was neither clearly erroneous, nor did it create a manifest injustice. Moreover, Federal Rule of Civil Procedure 52, upon which plaintiff relies to contend the court should reconsider its order, is inapplicable; Rule 52(a)(3) states: "The court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion." Furthermore, CHP was not in default; it filed a timely motion to dismiss in lieu of an answer.

Plaintiff's request for reconsideration is denied.

////

<u>ECF 94</u>

Plaintiff filed this "objection to document no. 91" on January 3, 2012.  The court construes this as a request for reconsideration of the undersigned's order adopting the magistrate judge's August 26, 2011 findings and recommendations (ECF 52), granting in part the Towing Defendants' motion to dismiss.  Plaintiff contends the court's order adopting the findings and recommendations was untimely; her civil rights claims are not based on the right to travel; the Towing Defendants are in default; the Towing Defendants' opposition to her objections to said findings and recommendations, answer to the complaint, opposition to plaintiff's request for entry of default, and status report all are "Null and Void" as "[t]hey were filed by an attorney who is not counsel of record"; the Towing Defendants and their counsel are violating Federal Rules of Civil Procedure 7, 8, 12 and 15 and Local Rule 182; plaintiff has declined to have the magistrate judge hear her case; the court failed to make findings of fact and conclusions of law; and the Towing Defendants continue to deprive plaintiff of her property.

The standard the court applies is set forth above.  The court here briefly addresses plaintiff's specific objections.  As discussed above, Rule 52's requirements are inapplicable to Rule 12 motions.  The Towing Defendants were not in default; they filed a timely motion to dismiss in lieu of an answer.  As for plaintiff's claim that this court's order was untimely, the court has the inherent authority to control its own docket.  Moreover, plaintiff has presented no new evidence, nor has she demonstrated the court committed error, regarding her civil rights claims being premised on the right to travel.  Furthermore, Floyd Cranmore has not "just waltz[ed] in off the street and file[d] paper[s]" in this case; he is a licensed attorney appearing on behalf of the Towing Defendants in addition to Vittoria Bossi.  Plaintiff provides no support for her claims the Towing Defendants are violating the enumerated rules and the court accordingly declines to consider this argument.  With regard to plaintiff's claim regarding consent, the parties' option to consent or decline consent refers only to the magistrate judge's issuing of final dispositive motions or conducting of the trial, not pretrial matters.  *See* Local Rules 301-305.

1 Lastly, whether or not the Towing Defendants continue to deprive plaintiff of her property is
2 irrelevant to the order underlying this request for reconsideration.

3     Plaintiff's request for reconsideration is denied.

4 ECF 95

5     Plaintiff filed this "objection to document no. 92" on January 6, 2012.  The court
6 construes this as a request for reconsideration of the undersigned's order denying three motions
7 she filed (ECF 84, 87 & 88).  Plaintiff repeats her contentions that the magistrate judge did not
8 have authority to decide her motion for partial summary judgment against CHP or motions to
9 dismiss, that CHP and the Towing Defendants are in default, the court did not support its denial
10 of her motion for summary judgment with findings of fact and conclusions of law as required by
11 Federal Rule of Civil Procedure 52, the magistrate judge is biased, and plaintiff has not
12 consented to having her case heard by the magistrate judge.  All of these contentions have been
13 addressed, either previously in this order or in the court's order to which plaintiff is presently
14 objecting.  Plaintiff has failed to present any new evidence or demonstrate in any way that the
15 court's order was clearly erroneous or will result in manifest injustice.

16     The court notes that plaintiff also appears to seek reconsideration of the
17 magistrate judge's order setting aside the clerk's entry of default as to defendants Mangham and
18 Walling.  (ECF 70.)  Plaintiff contends these defendants are in default and were served properly.
19 (ECF 95 at 7.)  The magistrate judge's order was neither clearly erroneous nor contrary to law,
20 *see* Local Rule 303(f); as the magistrate judge found, defendants were not properly served and
21 therefore default should not have been entered against them.

22     Accordingly, plaintiff's request for reconsideration is denied in full.
23 /////
24 /////
25 /////
26 /////

4

CONCLUSION

For the foregoing reasons, plaintiff's requests for reconsideration (ECF 93, 94 & 95) are DENIED.

IT IS SO ORDERED.

DATED: August 1, 2012.

_____
UNITED STATES DISTRICT JUDGE