1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TERRYLYN MCCAIN,

11            Plaintiff,              No. 2:11-cv-1265 KJM KJN PS

12        v.

13   CALIFORNIA HIGHWAY PATROL,        ORDER
     et al.,
14
              Defendants.
15
     _____/
16

17            Presently pending before the court is defendants Mike's Towing Service, Inc. and

18   Michael D. Olivarez's ("Tow Defendants") motion for leave to file a clarified answer to

19   plaintiff's first amended complaint.  (Dkt. Nos. 115, 118.)[1]  On October 4, 2012, plaintiff filed a

20   "motion to strike" the Tow Defendants' motion, which the court liberally construes as an

21   opposition to the Tow Defendants' motion.  (Dkt. No. 122.)[2]  Subsequently, on October 10,

22   _____

23       [1]  This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28
     U.S.C. § 636(b)(1).
24
         [2]  Plaintiff's motion to strike, filed on October 4, 2012, was improperly noticed for hearing
25   on October 18, 2012, because it failed to comply with the notice requirements of Local Rule 230.
     See E.D. Cal. L.R. 230(b).  On this basis alone, the motion could be denied without prejudice.
26   Nevertheless, because the substance of plaintiff's motion to strike essentially amounts to an

                                     1

1   2012, the Tow Defendants filed a reply brief in support of their motion.  (Dkt. No. 123.)[3]

2          At the October 18, 2012 hearing, plaintiff represented herself, and attorney Floyd

3   Cranmore appeared on behalf of the Tow Defendants.  The undersigned has fully considered the

4   parties' briefs, the parties' oral arguments, and appropriate portions of the record.  For the

5   reasons that follow, the undersigned grants the Tow Defendants' motion for leave to file a

6   clarified answer and denies plaintiff's motion to strike.

7   BACKGROUND

8          This civil rights action, alleging numerous constitutional violations, arises from a

9   traffic stop effectuated by officers of the California Highway Patrol, plaintiff's subsequent arrest

10  and detention, and the towing of plaintiff's vehicle by the Tow Defendants.  (See First Amended

11  Complaint, Dkt. No. 109.)  Plaintiff filed her original complaint on May 11, 2011, which was

12  served on the Tow Defendants' counsel via mail on May 17, 2011.  (Dkt. Nos. 1, 5.)  Twenty

13  days later, on June 6, 2011, the Tow Defendants responded to the original complaint by filing a

14  motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  (Dkt. No. 7.)  Subsequently, on August

15  26, 2011, the undersigned issued findings and recommendations recommending that the Tow

16  Defendants' motion to dismiss plaintiff's original complaint be granted in part and denied in part.

17  (Dkt. No. 52.)  On September 24, 2011, before the district judge ruled on the findings and

18  recommendations, the Tow Defendants filed an answer to plaintiff's original complaint "as

19  amended" by the August 26, 2011 findings and recommendations.  (Dkt. No. 60.)  The district

20  judge ultimately adopted the undersigned's findings and recommendations regarding the Tow

21  Defendants' motion to dismiss on December 12, 2011.  (Dkt. No. 91.)

22  ////

23

24  opposition to the Tow Defendants' motion for leave to file a clarified answer, the court will liberally
    construe it as such and consider the arguments made in that filing.

25

26  [3] The remaining defendants did not file an opposition to the Tow Defendants' motion.  As
    such, the court assumes that these defendants have no objection to the relief sought.

2

1    On December 1, 2011, the undersigned issued a status (pre-trial scheduling) order

2    providing that "[n]o further joinder of parties or amendments to pleadings will be permitted

3    except with leave of court and upon a showing of good cause." (Dkt. No. 83 at 2.)  It also

4    ordered the parties to complete discovery by January 25, 2013, complete law and motion (except

5    as to discovery-related matters) by March 28, 2013, and set a pretrial conference for June 26,

6    2013, and a jury trial for August 26, 2013.  (Id. at 3-4, 6-7.)

7    Thereafter, on April 30, 2012, the undersigned granted plaintiff's motion to

8    amend her original complaint to substitute the true name of a previous Doe defendant.  (Dkt. No.

9    111 at 3-4.)  The order provided that plaintiff's proposed first amended complaint (dkt. no. 109)

10   was to be deemed the operative first amended complaint.  (Dkt. No. 111 at 4.)  The order further

11   required the defendants who had already appeared and filed answers to the original complaint to

12   file, on or before May 18, 2012, either an answer to plaintiff's first amended complaint or a

13   notice of that defendant's intent to stand on its original answer.  (Id.)  On May 16, 2012, the Tow

14   Defendants filed a notice of intent to stand on their original answer in response to the first

15   amended complaint.  (Dkt. No. 112.)

16   The instant motion for leave to file a clarified answer followed on September 4,

17   2012.  (Dkt. No. 115.)  The Tow Defendants now seek to amend their answer for the following

18   reasons: (1) to clarify that their answer raises a good faith defense; (2) to revise certain

19   grammatical errors in the answer; and (3) to make corrections reflecting that California Highway

20   Patrol officer J. Pini was substituted for a Doe defendant.  (Dkt. No. 115-1 at 2.)  Along with

21   their motion papers, the Tow Defendants submitted a proposed amended answer to plaintiff's

22   first amended complaint that identifies the proposed changes.  (Dkt. No. 117-3.)

23   DISCUSSION

24   Unless a party is entitled to amend its pleading as a matter of course pursuant to

25   Rule 15(a)(1) of the Federal Rules of Civil Procedure, Rule 15(a)(2) provides that "a party may

26   amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R.

1  Civ. P. 15(a)(2).  Rule 15(a)(2) further provides that "[t]he court should freely give leave when

2  justice so requires," id., and the Ninth Circuit Court of Appeals has stated that "requests for leave

3  should be granted with 'extreme liberality.'"  Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th

4  Cir. 2009) (citation omitted).  However, the Court of Appeals has also cautioned that "liberality

5  in granting leave to amend is subject to several limitations," which include "undue prejudice to

6  the opposing party, bad faith by the movant, futility, and undue delay."  Cafasso v. Gen.

7  Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (citation and quotation marks

8  omitted); accord AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir.

9  2006).

10         Furthermore, because the court already entered a pre-trial scheduling order

11  requiring a showing of good cause for any further amendments to pleadings, the Tow Defendants

12  are required to satisfy this "good cause" standard to obtain leave to amend their answer.  See

13  Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000); Johnson v. Mammoth

14  Recreations, Inc., 975 F.2d 604, 607-09 (9th Cir. 1992).

15         The Tow Defendants contend that leave to amend is warranted, primarily because

16  the proposed amended answer would clarify that they are asserting a good faith defense in this

17  action, i.e., that the Tow Defendants exercised no discretion of their own in towing plaintiff's

18  vehicle, but acted at the apparently lawful direction of CHP officers.  The Tow Defendants argue

19  that, although the original answer does not explicitly use the phrase "good faith defense," the

20  current answer's admissions, denials, and affirmative defenses already raise the good faith

21  defense under applicable Ninth Circuit precedent by asserting that the Tow Defendants towed

22  plaintiff's vehicle at the apparently lawful direction of CHP officers, thus providing fair notice of

23  the affirmative defense.  Nevertheless, the Tow Defendants also argue that a clarified record is

24  necessary to avoid any future confusion and unnecessary litigation in regards to this issue.

25         With respect to pleading affirmative defenses, the Ninth Circuit explained that:

26         "The key to determining the sufficiency of pleading an affirmative

4

1
2
3
4
5
6
7
8
9

> defense is whether it gives plaintiff fair notice of the defense."
> *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979); *see
> also In re Gayle Sterten*, 546 F.3d 278, 285 (3d Cir. 2008) (noting
> that "the proper focus of our inquiry" is whether framing the
> defense as a denial of an allegation "specifically deprived [the
> plaintiff] of an opportunity to rebut that defense or to alter her
> litigation strategy accordingly").  Although Rule 8 requires
> affirmative defenses to be included in responsive pleadings, absent
> prejudice to the plaintiff, the district court has discretion to allow a
> defendant to plead an affirmative defense in a subsequent motion.
> *See Ledo Fin. Corp. v. Summers*, 122 F.3d 825, 827 (9th Cir.
> 1997); *see also Rivera v. Anaya*, 726 F.2d 564, 566 (9th Cir. 1984)
> (noting that "[o]ur circuit liberalized the requirement that
> affirmative defenses be raised in a defendant's initial pleading in
> *Healy Tibbits Construction Co. v. Ins. Co. of N.A.*, 679 F.2d 803
> (9th Cir. 1982)").

10   Simmons v. Navajo Cnty, 609 F.3d 1011, 1023 (9th Cir. 2010).

11   Furthermore, in a case with somewhat similar facts to the instant case, the Ninth

12   Circuit held that a private towing company did not waive the good faith defense, and was entitled

13   to summary judgment in its favor, despite the fact that the good faith defense was not expressly

14   asserted in the towing company's answer:

15
16
17
18

> Monterey Tow Service did not waive its good faith defense.  It
> asserted–in both its answer and motion for summary judgment–that
> its employees were acting under the apparently lawful direction
> and authority of the city and officer.  This was sufficient to put
> plaintiffs on notice that Monterey Tow Service intended to raise a
> good faith defense.

19   Clement v. City of Glendale, 518 F.3d 1090, 1097 (9th Cir. 2008); see also Tarantino v. Syputa,

20   270 Fed. App'x 675, 676-77 (9th Cir. 2008) (unpublished) ("The towing companies' filings in

21   the district court did not articulate the defense as clearly as might be desired, but they sufficiently

22   placed Tarrantino on notice that the companies were raising a good faith defense." ); Deligiannis

23   v. City of Anaheim, 2010 WL 1444538, at *12 (C.D. Cal. Mar. 2, 2010) (unpublished) ("Though

24   the Towing Defendants did not list good faith as a separate affirmative defense in their Answer,

25   they asserted that they towed plaintiff's vehicle at the direction of the Anaheim Police

26   Department.  This was sufficient to put plaintiff on notice that the Towing Defendants intended

5

1   to raise a good faith defense."), adopted by 2010 WL 1444535 (C.D. Cal. Apr. 3, 2010).

2              In light of the above authorities, the court finds that the Tow Defendants have

3   shown good cause to amend their answer.  Although the Tow Defendants' present answer does

4   not list the good faith defense as a separate affirmative defense or expressly use the phrase "good

5   faith defense," it is replete with assertions to the effect that Tow Defendants merely complied

6   with the CHP's apparently lawful orders when they towed plaintiff's vehicle.  (See, e.g., Answer

7   to Complaint, Dkt. No. 60, ¶¶ 1, 3, 31, 45, 68, 73, 75, 80-83, etc.)  Accordingly, the Tow

8   Defendants' original answer already provides plaintiff with fair notice that the Tow Defendants

9   intended to raise a good faith defense.  At the hearing, plaintiff, although not conceding that the

10  defense is meritorious, admitted that she was aware from the allegations in the Tow Defendants'

11  original answer that the Tow Defendants contend that they were merely acting at the direction of

12  the CHP.  Even though the above authorities suggest that such fair notice is sufficient for the

13  Tow Defendants to invoke the defense at a later stage in this litigation, the court agrees that it is

14  preferable to allow amendment of the answer to clarify the matter and to forestall any later

15  confusion or unnecessary litigation on the issue.

16             For these reasons, the proposed amendment cannot be characterized as futile.

17  Additionally, there is no indication that the proposed amendment is motivated by bad faith or that

18  the Tow Defendants acted with undue delay.  On May 24, 2012, the Tow Defendants sent

19  plaintiff a letter, which requested her to stipulate to amendment of the answer and outlined the

20  grounds for the proposed amendment.  (Dkt. No. 117-1.)  In a June 9, 2012 letter, plaintiff

21  responded and indicated that she refused to stipulate to the proposed amendment.  (Dkt. No. 117-

22  2.)  Although the Tow Defendants' counsel waited until September 4, 2012, to file the instant

23  motion, he explains in his declaration that this was in part due to: (1) only having received

24  plaintiff's letter in late June; (2) having been out of town for part of July; and (3) the personal

25  medical issues and retirement of the deputy attorney general who represented some of the other

26  defendants and who had asked for extensions of time.  (Cranmore Declaration, Dkt. No. 117, ¶¶

6

6, 8.)  In any event, the court finds that the relatively short delay here is not sufficient grounds to deny the motion, especially because plaintiff had fair notice of the Tow Defendants' good faith defense – both from the original answer and the May 24, 2012 meet-and-confer letter.  Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself...is insufficient to justify denying a motion to amend").

In her "motion to strike," plaintiff asserts that she would be prejudiced by the amendment, and notes that she has already served the Tow Defendants with discovery.  (See Dkt. No. 122 at 14-16.)  However, as discussed above, plaintiff already received fair notice of the Tow Defendants' good faith defense.  Moreover, discovery in this case has not yet closed, and the parties have until January 25, 2013, to complete discovery pursuant to the terms of the pre-trial scheduling order.  (See Dkt. No. 83 at 4.)  As such, the court cannot conclude that plaintiff would be unduly prejudiced by the amendment.

Plaintiff further opposes the Tow Defendants' motion on the basis that these defendants are purportedly in default, arguing that the Tow Defendants failed to file a responsive pleading to plaintiff's complaint within 21 days after being served with a summons, and instead filed a motion to dismiss under Rule 12(b)(6).  (Dkt. No. 122 at 1-2.)  This argument is entirely frivolous, because Rule 12(b)(6) allows a party to respond to a complaint by filing a motion to dismiss for failure to state a claim upon which relief can be granted, and such a motion "must be made before pleading if a responsive pleading is allowed."  Fed. R. Civ. P. 12(b); see also Fed. R. Civ. P. 12(a)(4) (extending the time to serve a responsive pleading when a motion under Rule 12 is filed).  In this case, the Tow Defendants filed a motion to dismiss under Rule 12(b)(6) within 21 days after having been served with plaintiff's original complaint.  Upon resolution of that motion, the Tow Defendants filed a timely answer, which they now seek to amend by leave of court.  The Tow Defendants are plainly not in default.

Additionally, plaintiff's "motion to strike" also appears to contest the merits of the Tow Defendants' good faith defense and the action as a whole.  Plaintiff's contentions in that

7

regard are presently irrelevant, because the Tow Defendants' motion merely concerns an

amendment to the pleadings, and does not involve a determination of the merits of any particular

claim or defense.[4]

Therefore, the court finds that good cause exists to permit the Tow Defendants to

amend their answer to clarify that they are asserting a good faith affirmative defense in this

action.  Furthermore, the court finds it appropriate to allow the Tow Defendants to make the

proposed non-substantive grammatical changes and changes reflecting substitution of officer Pini

as one of the Doe defendants.

Finally, to the extent that plaintiff's "motion to strike" requests the court to strike

the Tow Defendants' motion pursuant to Fed. R. Civ. P. 12(f), the court denies that request.  Rule

12(f) of the Federal Rules of Civil Procedure permits the court to "strike from a *pleading* an

insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R.

Civ. P. 12(f) (emphasis added); see also Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885

(9th Cir. 1983) ("Under the express language of the rule, only pleadings are subject to motions to

strike").  The term "pleadings" is defined in Federal Rule of Civil Procedure 7, and does not

include motions.  Fed. R. Civ. P. 7(a).  The court's record shows that plaintiff frequently files

motions to strike documents other than pleadings, and that plaintiff was previously cautioned to

cease this practice.  (See, e.g., Dkt. Nos. 19-20, 23-27, 29.)  *Plaintiff is hereby given a final*

*warning that any further attempt by plaintiff to use Federal Rule of Civil Procedure 12(f) to*

*strike documents or other materials filed by parties to this action that do not consist of, or are*

*contained in, "pleadings" as defined by the Federal Rules of Civil Procedure, will result in the*

*imposition of sanctions on plaintiff, including monetary sanctions and/or dismissal of*

////

---

[4] In their reply brief, the Tow Defendants included a discussion of recent California case law addressing the propriety of an arrest and vehicle tow when a driver does not have a valid driver's license or vehicle registration.  The court has not considered this portion of the briefing, because the merits of plaintiff's claims are not presently before the court.

1  *plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and*

2  *183(a).*

3  CONCLUSION

4  Accordingly, IT IS HEREBY ORDERED that:

5  1.  The Tow Defendants' motion for leave to file a clarified answer (dkt. no. 115)

6  is GRANTED.

7  2.  Plaintiff's motion to strike (dkt. no. 122) is DENIED.

8  3.  The Tow Defendants shall file a first amended answer incorporating the

9  amendments identified in the proposed clarified answer (dkt. no. 117-3) within fourteen (14)

10 days of the date of service of this order.[5]  For purposes of clarity, the pleading shall be designated

11 as the Tow Defendants' "First Amended Answer."

12 IT IS SO ORDERED.

13 DATED:  October 19, 2012

14

15 _____

16 KENDALL J. NEWMAN
   UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24 [5] The Tow Defendants are advised that the proposed clarified answer (dkt. no. 117-3) still
   contains introductory language reserving these defendants' right to amend the answer in the event
   that the district judge does not adopt the August 26, 2011 findings and recommendations.  Given that
25 those findings and recommendations were adopted by the district judge (dkt. no. 91), the court
   assumes that the inclusion of this language is an inadvertent error, and that it will be removed from
26 the first amended answer when filed in accordance with this order.

9