IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRILYN McCAIN,

    Plaintiff,

vs.

MANGHAM, *et al.*,

    Defendants.

                                          /

No. CIV 2:11-cv-1265 KJM AC PS

ORDER AND

FINDINGS & RECOMMENDATIONS

On January 23, 2013, the undersigned held a hearing on the defendants' January 3, 2013 motion for terminating sanctions or, in the alternative, motion to compel. Alberto Gonzalez appeared on behalf of defendants California Highway Patrol ("CHP") Officers Mangham, Walling, and Pini ("the CHP defendants"). Floyd Cranmore appeared on behalf of defendants Mike's Towing Service and Michael Olivarez ("the Towing defendants"). Plaintiff did not file an opposition to the motion and did not make an appearance at the hearing. On review of the motion, the documents filed in support, examination of the docket, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

////

////

1

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On March 14, 2011 at approximately 7:30 p.m., plaintiff was driving eastward on "highway 4" in her automobile, a "1994 Jaguar SJX," when she was pulled over by defendant CHP Officer Mangham. During this traffic stop, Officer Mangham asked plaintiff for identification. Plaintiff refused to provide it and stated that she had a "right to travel" on the road. Officer Mangham again asked for identification, and plaintiff again refused to provide it. At this point, Officer Mangham arrested plaintiff without obtaining a warrant. Defendants CHP Officers Pini and Walling arrived on the scene, and Officer Pini ordered that plaintiff be searched. Plaintiff was then taken to the San Joaquin County Jail where she was booked. Plaintiff's car was towed away and impounded by defendant Mike's Towing Service.

Plaintiff initiated this suit on May 11, 2011 against the CHP, Officers Mangham, Pini, and Walling, and Mike's Towing Service and Michael Olivarez, the owner of the towing company. Plaintiff alleged violations of her constitutional rights provided by the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. Each of the plaintiff's enumerated claims for relief alleged, at least in part, that the defendants' actions violated her "right to travel on the public right of ways [*sic*]." Plaintiff also alleged that the Towing Defendants acted jointly or in concert with the state defendants.

On June 2, 2011, defendant CHP filed a motion to dismiss on Eleventh Amendment grounds. ECF No. 4. This motion was granted on December 12, 2011, and the CHP was dismissed from this action with prejudice. ECF No. 91.

On June 11, 2011, the Towing Defendants filed a motion to dismiss. ECF No. 16. On July 18, 2011, these same defendants filed a motion for sanctions and for order declaring plaintiff a vexatious litigant. ECF No. 33. On December 12, 2011, the Towing defendants' motion to dismiss was granted in part, and any of the plaintiff's claims that were premised on her "right to travel" were dismissed with prejudice. ECF No. 91. The motion to dismiss and the motion for sanctions were denied in all other respects. Id.

2

On March 22, 2012, plaintiff filed the operative first amended complaint, which sets forth the same factual allegations as in the original complaint. All of the defendants have filed timely answers in this action. See ECF Nos. 75, 112, 125, 128.

On November 28, 2012, plaintiff filed a motion for summary judgment, set for hearing on January 23, 2013.

On January 3, 2013, the defendants filed a joint motion for terminating sanctions or, in the alternative, motion to compel. Defendants assert that they cannot properly respond to plaintiff's motion for summary judgment because plaintiff has refused to provide them with any discovery at all. In order to properly consider this motion, the court continued the hearing on plaintiff's motion for summary judgment to March 13, 2013. By order dated January 7, 2013, plaintiff was directed to file a response to the defendants' joint motion for sanctions by January 16, 2013. As of the date of the hearing, she has not responded to the court order. She also failed to appear at the hearing.

## DISCUSSION

A.  The Parties' Joint Motion

Defendants jointly move for dismissal of this action pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure because of plaintiff's failure to comply with the Federal Rules and the Local Rules. Specifically, they allege that plaintiff has repeatedly failed to participate in discovery in this case.[1] Alternatively, they seek an order directing plaintiff to respond to their discovery requests, as well as a modification to the pretrial scheduling order.

In support of their motion, the defendants highlight the following instances in which plaintiff has failed to participate in discovery:

1.  Plaintiff failed to respond to the CHP defendants' October 19, 2012 request for

---

[1] The CHP defendants, on the other hand, have responded to plaintiff's September 26, 2012 discovery requests. See Gonzalez Decl. ¶¶ 2-3. It is unclear whether plaintiff propounded discovery on the Towing defendants.

        admissions, and further failed to respond to the CHP defendants' December 2, 2012 meet and confer letter. Gonzalez Decl. ¶¶ 4, 9.

2. Plaintiff failed to respond to the Towing defendants' November 13, 2012 discovery requests, which included request for production of documents, request for admissions, and interrogatories, and further failed to respond to the Towing defendants' December 17, 2012 meet and confer letter. Cranmore Decl. ¶¶ 2-4.

3. On November 26, 2012, plaintiff filed a document stating, in full:

> NOTICE TO DEFENDANTS
>
> The following four defendants are in non-compliance with the Federal Rules of Civil Procedure 7, 8, and 12, and failed they failed [sic] to take their responsibilities seriously and file a timely responsive pleading, within 21 days, to plaintiff's complaint and are clearly in default; a motion to dismiss is not a pleading.
>
> 1) The California Highway Patrol
> 2) Walling
> 3) Mangham
> 4) Mike's Towing Service Inc.
>
> The above defendants are not entitled to any discovery.

ECF No. 132. Plaintiff had previously been informed by the court that her position regarding defendants' alleged non-compliance with the rules was without factual or legal basis.[2]

4. Despite numerous notices[3], plaintiff failed to appear at her December 21, 2012

---

[2] See Defs.' Mot. Hr'g Tr. 3:17-22, October 18, 2012 ("[I]f you check with the rules, [the defendants] did file a response, which was their motion to dismiss, which they can do, and the rules provide for that. They don't have to file an answer when they're filing a motion to dismiss. And once that was denied, then they did timely file an answer.")

[3] Plaintiff received notice of the deposition multiple times: (1) the CHP defendants served the Notice of Taking Deposition and Request for Production of Documents on plaintiff on November 19, 2012, see ECF No. 146-1 at 59; (2) in a meet and confer letter dated December 5, 2012, the CHP defendants reminded plaintiff that they had set her deposition for December 21, 2012, see id. at 32; and (3) in a meet and confer letter dated December 17, 2012, the Towing defendants reminded plaintiff that her deposition was scheduled for that Friday, see ECF No.

4

deposition, which was scheduled at the place of her choosing in Stockton, California. See ECF No. 78 at 3. Present at the deposition were counsel for the CHP defendants, counsel for the Towing defendants, and a court reporter. ECF No. 146-1 at 35-43. These individuals waited for plaintiff for one hour before concluding that she would not appear.

Defendants also point out the many times that plaintiff has been admonished by the court for her failure to comply with procedural rules:

1. At an August 25, 2011 hearing on the Towing defendants' motion to dismiss and for sanctions, the magistrate judge formerly assigned to this case warned plaintiff not to abuse the federal procedural rules (there, by improperly filing a motion under Federal Rule of Civil Procedure 12(f)) or face sanctions: "I must remind you and admonish you again. I know it's difficult to represent yourself, but you have to comply with the local rules and the Federal Rules of Civil Procedure." See Gonzalez Decl., Ex. I at 6:13–7:14.

2. At an October 18, 2012 hearing on the Towing defendants' motion for leave to file a clarified answer, the former magistrate judge again reprimanded plaintiff for failing to comply with the federal rules and the local rules for improperly filing a motion pursuant to FRCP 12(f) and for failing to file an opposition to the defendants' motion. See, e.g., Gonzalez Decl., Ex. J at 7:4-25 (". . . [Y]ou have not complied with the rules. Again, I am cutting you breaks because you're not an attorney. When someone files a motion, you are obligated to comply with the rules and file an opposition.").

3. In an order dated October 23, 2012, plaintiff was warned once again for her failure to follow procedural rules: "Plaintiff is hereby given a final warning that

---

146-3 at 11.

5

> any further attempt by plaintiff to use [FRCP 12(f)] to strike documents or other materials . . . will result in the imposition of sanctions on plaintiff, including monetary sanctions and/or dismissal of plaintiff's case . . . ." ECF No. 126 at 8-9.

B.    Legal Standards

Rule 37(b)(2)(A) provides that a party who fails to comply with a court order to provide or permit discovery is subject to sanctions, which may include the following:

> (I) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or pleading in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Pursuant to Rule 37(d), a court may, on motion, order sanctions when a party fails to attend a properly noticed deposition. Fed. R. Civ. P. 37(d)(1)(A)(I). In such an instance, a court may choose from the sanctions listed above, as well as require the payment of reasonable expenses caused by the failure to attend the deposition. See Fed. R. Civ. P. 37(d)(3).

"Because of their very potency, inherent powers must be exercised with restraint and discretion." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). The imposition of sanctions under a federal court's inherent powers is warranted where a party has acted in bad faith, that is, "vexatiously, wantonly, or for oppressive reasons." Id. at 45-46 (citations omitted). Rule 37 sanctions are appropriate only where the discovery violation is "due to willfulness, bad faith, or fault of the party." Fair Housing of Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002) (citations omitted).

1    Rule 41(b) requires that federal actions be prosecuted with reasonable diligence.
2  See Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976).
3    Local Rule 183(a) provides that "All obligations placed on 'counsel' by these
4  Rules apply to individuals appearing in propria persona. Failure to comply therewith may be
5  ground for dismissal, judgment by default, or any other sanction appropriate under these Rules."
6  See also Local Rule 110 (sanctions for non-compliance with Rules).
7    The court must weigh several factors before imposing the extreme sanction of
8  involuntary dismissal. The court must examine: (1) the public's interest in the expeditious
9  disposition of cases; (2) the court's docket concerns; (3) the rebuttable presumption of prejudice
10 to the defendant; (4) the judicial policy favoring disposition of cases on the merits; and (5) the
11 availability of a less drastic sanction. See Yourish v. California Amplifier, 191 F.3d 983, 990
12 (9th Cir. 1999).

C.    Analysis

The court has reviewed plaintiff's actions in this case and finds them to be particularly egregious. Other than propounding her own discovery, to which the defendants have properly responded, plaintiff has failed entirely to comply with discovery. She has failed to appear at her deposition, failed to respond to defendants' discovery requests, and failed to respond to their requests to meet and confer. Through her steadfast refusal to provide defendants any discovery, plaintiff has made it practically impossible for the defendants to litigate this case. Discovery closes on January 25, 2013, and plaintiff has taken no action to reschedule her deposition, seek extension of relevant deadlines, or otherwise make it possible for defendants to meaningfully respond to her summary judgment motion or prepare their own such motion. Neither has plaintiff responded in any way to defendants' attempt to extend deadlines and get the

7

case back on track.[4]

While plaintiff appears to have maintained her position that defendants are not entitled to discovery because they did not file a timely answer to her complaint, she has been previously informed that this position is groundless because the defendants filed timely motions to dismiss, which can be filed in lieu of an answer under the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 12(b) (a party may assert certain defenses before filing a responsive pleading).  See also Defs.' Mot. Hr'g Tr. 3:17-22, October 18, 2012 (plaintiff advised that her position regarding defendants' untimeliness is unfounded).

By refusing to participate in discovery throughout the discovery period, and by failing to appear in response to the motion for sanctions, plaintiff has violated the discovery rules and the orders of this court and has failed to prosecute her lawsuit. In light of the plaintiff's conduct, the court agrees with the defendants that all factors weigh in favor of dismissal:

(1) *Expeditious resolution of litigation*.  Orderly and expeditious resolution of disputes serves the public interest and "is of great importance to the rule of law."  In re PPA Products Liability Litigation, 460 F.3d 1217, 1227 (9th Cir. 2006).  Plaintiff has disregarded the public's interest by refusing to participate in discovery.  Her non-compliance will necessarily prolong the litigation, without any showing of cause for the delay.

(2) *Court's need to manage its docket*.  The docket in this case includes numerous frivolous filings that have required admonishment by the court.  Plaintiff's past conduct demonstrates disregard for the court's resources and the need for orderly case management.  In light of plaintiff's past conduct, the undersigned concludes that continued litigation would likely result in continued non-compliance, wasteful pretrial activities, and the pointless expenditure of judicial resources.  See In re PPA Products, 460 F.3d at 1227 (discussing circumstances related

---

[4] Defendants' moving papers sought, as an alternative to terminating sanctions, an order directing plaintiff to comply with discovery and modification of the scheduling order.  Had plaintiff responded to the motion or appeared at the hearing, the undersigned would have entertained this request.

to docket management that support dismissal for discovery noncompliance and failure to prosecute).

(3) *Risk of prejudice to the defendant*. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990). Failure to appear at deposition and to produce documents constitutes prejudice. Id. Moreover, the law presumes prejudice from undue delay. In re PPA Products, 460 F.3d at 1227. If the plaintiff proffers a non-frivolous excuse for delay, the burden shifts to defendant to demonstrate actual prejudice. Id. at 1228. Here plaintiff has offered no excuse for failing to comply with her discovery obligations within the time frame established by the scheduling order. Her stated belief that "defendants are not entitled to any discovery" is frivolous. Defendants have already born costs of time and money in arranging, preparing for, and appearing at plaintiff's deposition. They have incurred further costs preparing and appearing in relation to the sanctions motion. Without any responses to discovery, defendants cannot adequately oppose plaintiff's motion for summary judgment or file their own motions for summary judgment. Accordingly, plaintiff's actions impair defendants' ability to go to trial and to obtain rightful decision of the case. Prejudice on these facts is both presumed and actual.

(4) *Disposition on the merits*. Although the policy favoring disposition of a case on its merits counsels against dismissal, "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." Id. Accordingly, this factor does not protect from terminal sanctions "a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." Id. Plaintiff's conduct in this case has seriously impeded progress of the case toward resolution on the merits. The case is presently stalled due to plaintiff's failure to participate in discovery and failure to appear. Accordingly, the general desirability of disposition on the merits does not weigh against dismissal here.

9

(5) *Availability of less drastic sanctions*. Less drastic sanctions might have been imposed had plaintiff appeared in opposition to the motion and indicated her willingness to comply with future orders of the court. Her complete failure to appear, however, demonstrates a disregard for the court that would make lesser sanctions futile. Plaintiff has previously been warned that continued failure to follow the rules and the orders of the court could result in dismissal. Defendants' noticed motion for terminating sanctions put plaintiff specifically on notice that dismissal was a present possibility. See id. at 1228-29 (although a prior warning is not always required, "we focus more closely on the lack of warning and absence of consideration of less drastic alternatives when the dismissal is sua sponte rather than in response to a noticed motion."). This court specifically ordered plaintiff to respond to the motion, but she failed to provide any explanation for her prior failures to provide discovery and appear for deposition, and she failed to appear at the hearing regarding sanctions. The undersigned has considered evidentiary, issue, and monetary sanctions but concludes in light of the entire history of this case that no sanction short of dismissal would be effective. See Adriana, 913 F.2d at 1411-12 (in evaluating the propriety and severity of sanctions, the court may consider all instances of a party's misconduct).

For these reasons, the court will recommend that the defendants' motion be granted and this action be dismissed with prejudice.

In passing, the court notes that at the hearing on this matter, the Towing defendants asked the court to impose evidentiary or issue sanctions in lieu of terminating sanctions so that they may file a motion for summary judgment and thereby obtain a judgment against plaintiff on the merits. This would have the effect of potentially reducing the Towing defendants' future financial liability should plaintiff continue to file suit against them. The CHP defendants argued in opposition to this request that continued litigation against a non-participating plaintiff would impose undue burdens and costs on them. While the court is sympathetic to the financial concerns of a small business, the court does not find it appropriate to

10

continue this action solely for the reason forwarded by the Towing defendants and particularly in light of the plaintiff's flagrant conduct.

Accordingly, IT IS HEREBY ORDERED that all dates in this matter are vacated; and

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for summary judgment be denied; and

2. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: January 24, 2013.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;mcca1265.disc

continue this action solely for the reason forwarded by the Towing defendants and particularly in light of the plaintiff's flagrant conduct.

Accordingly, IT IS HEREBY ORDERED that all dates in this matter are vacated; and

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for summary judgment be denied; and

2. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: January 24, 2013.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;mcca1265.disc