IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRILYN McCAIN,

       Plaintiff,

    vs.

MANGHAM, *et al.*,

       Defendants.

No. 2:11-cv-1265 KJM AC PS

<u>ORDER AND</u>

<u>FINDINGS & RECOMMENDATIONS</u>

On January 25, 2013, the undersigned issued findings and recommendations recommending that this action be dismissed with prejudice because of plaintiff's failure to, inter alia, appear at her December 21, 2012 deposition and at the January 23, 2013 hearing on defendants' joint motion for terminating sanctions. ECF No. 152. It has now come to the court's attention that on December 6, 2012 and pursuant to 18 U.S.C. § 4241(b) and § 4247(b), plaintiff was committed to the custody of the Attorney General for a psychiatric or psychological examination in a pending criminal action, <u>United States v. McCain ("McCain")</u>, 2:12-cv-0144 MCE.[1] <u>See</u> ECF No. 153. It appears that plaintiff is scheduled to be released to the United

---

[1] <u>See</u> <u>United States ex rel. Robinson</u>, 971 F.2d 244, 248 (9th Cir. 1991) (judicial notice of proceedings in other courts that have a direct relation to the matter at issue is appropriate).

1

States Marshal's Service on February 12, 2013 and transported back to the Eastern District of California by March 5, 2013.  <u>McCain</u>, 2:12-cr-0144 MCE (E.D. Cal.), ECF No. 52.  The reason for plaintiff's non-appearance at her December 21, 2012 deposition and at the January 23, 2013 is thus now apparent.  Therefore, the January 25, 2013 findings and recommendations will be vacated.

Nonetheless, the court will recommend that this matter be stayed.  The Supreme Court explains that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  <u>Landis v. North American Co.</u>, 299 U.S. 248, 254 (1936).  In determining whether to stay an action, courts must weigh competing interests that will be affected by the granting or refusal to grant a stay.  <u>CMAX, Inc. v. Hall</u>, 300 F.2d 265, 268 (9th Cir. 1962).  "Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  <u>Id.</u> (citing <u>Landis</u>, 299 U.S. at 254-55).

In light of the pending criminal action against plaintiff and her current commitment, the court finds a stay to be warranted.  No damage will result from the stay; although the undersigned previously recommended that this action be dismissed, defendants Mike's Towing and Michael D. Olivarez have filed a request to stay that recommendation so that they may proceed to the merits of plaintiff's claims, <u>see</u> ECF No. 154; and temporarily staying this action will provide plaintiff with the opportunity to adequately prosecute this case.  Thus, the court finds that a temporary stay is warranted.

Accordingly, IT IS HEREBY ORDERED that the January 25, 2013 findings and recommendations are vacated; and

////

IT IS HEREBY RECOMMENDED that:

1. This action be stayed;

2. Plaintiff be directed to file a status report within fourteen (14) days from her release from commitment;

3. Until ordered otherwise, the defendants be directed to file a status report no later than the 20th of each month, beginning February 20, 2013, apprising the court of the status of the criminal case pending against plaintiff.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: February 12, 2013.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;mcca1265.vac_fr

3