1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TERRYLYN McCAIN,                          No.  2:11-cv-1265 KJM AC PS

12                    Plaintiff,

13          v.                                 ORDER

14   CALIFORNIA HIGHWAY PATROL, ET
     AL.,
15
                     Defendants.
16

17

18          Pending before the court is defendants Mike's Towing Service and Michael Olivarez's

19   ("the Towing defendants") ex parte application for Order to Set Discovery Priority Including

20   Deposition Stay.  ECF No. 170.  This matter concerns plaintiff's depositions notices sent to the

21   Towing defendants, directing them to appear for depositions on November 4, 2013.  California

22   Highway Patrol ("CHP") officers Mangham, Pini and Walling ("the CHP defendants") have filed

23   a partial opposition to the ex parte application.  Plaintiff has not filed a response.

24          This action, which was filed on May 11, 2011, is proceeding against the CHP and Towing

25   defendants based on an allegedly unlawful vehicle stop and towing of plaintiff's car on March 14,

26   2011.  On January 3, 2013, the defendants moved for terminating sanctions in light of plaintiff's

27   discovery abuses.  ECF No. 146.  Plaintiff did not file an opposition to the motion and did not

28   appear at the hearing.  Accordingly, on January 25, 2013, the undersigned issued findings and

                                                 1

1   recommendations recommending that the motion be granted and this action dismissed with

2   prejudice.  ECF No. 152.

3        Following the issuance of the findings and recommendations, the Towing defendants filed

4   a notice of plaintiff's involuntary commitment in a pending criminal action, United States v.

5   McCain, 2:12-cr-0144 MCE.  ECF No. 153.  The Towing defendants then moved for a temporary

6   stay of the recommendation to dismiss.  ECF No. 154.  On February 12, 2013, the undersigned

7   vacated the January 25, 2013 findings and recommendations and recommending that the motion

8   for temporary stay be granted.  ECF No. 156.  On March 21, 2013, the Honorable Kimberly J.

9   Mueller adopted the findings and recommendations, vacated all dates in this matter, stayed this

10  case, and directed plaintiff to submit a status report within fourteen days of her release from

11  commitment.  ECF No. 159.

12       On May 2, 2013, Judge Mueller lifted the stay on notice that plaintiff was released from

13  confinement on March 14, 2013.  See ECF No. 163; United States v. McCain, 2:12-cr-0144 TLN,

14  ECF No. 158.  Judge Mueller also issued an order to show cause why this case should not be

15  dismissed in light of plaintiff's failure to prosecute and her failure to comply with Judge

16  Mueller's March 21, 2013 order.  Although plaintiff filed a "Case Management Status Report" on

17  May 9, 2013, the order to show cause has not yet been ruled on or vacated.

18       Meanwhile, it appears the parties have attempted to continue with their discovery

19  obligations.  See Cranmore Decl. ¶ 10, Exs. A-B.  The Towing defendants, for example, sought

20  responses to their previously-propounded discovery requests, see id., Ex. A, and plaintiff served

21  on the various defendants deposition notices, id., Ex. D.

22       The Towing defendants now move for an order staying the depositions set for Monday,

23  November 4, 2013, on the grounds that (1) Judge Mueller's March 21, 2013 order vacating dates

24  serves as a discovery stay, (2) the status of this case is unclear in light of Judge Mueller's order to

25  show cause, and (3) plaintiff may not obtain discovery from defendants until she had adequately

26  responded to their discovery requests.

27       Turning to the last argument first, Federal Rule of Civil Procedure 26(d) states that, unless

28  ordered otherwise, the "methods of discovery may be used in any sequence; and discovery by one

2

1  party does not require any other party to delay its discovery."  The Advisory Committee notes

2  following the text of this rule make clear that this provision was meant to "eliminate any fixed

3  priority in the sequence of discovery," and that the priority rule adopted by some courts which

4  confirms priority on the party who first serves notice of taking a deposition is unsatisfactory.  See

5  Fed. R. Civ. P. 26(d) advisory committee notes.  Nonetheless, the advisory committee notes also

6  grant courts discretion in asserting a priority as dictated by "special considerations."  See id.

7       The court finds that special considerations exist in this case, as set forth more fully in the

8  undersigned's January 25, 2013 findings and recommendations regarding plaintiff's failure to

9  participate in discovery.  While the court does not find that Judge Mueller's order vacating dates

10  serves as a discovery stay, the court is aware that Judge Mueller's ruling on the order to show

11  cause may dispose of this case.

12       The CHP defendants' position is that the ex parte application is premature because this

13  action is in abeyance until Judge Mueller rules on the order to show cause.  To avoid confusion

14  caused by the Towing defendants' attempt to also obtain discovery during this interim period, the

15  CHP defendants seek a discovery stay pending resolution of the order to show cause.

16       Good cause appearing, IT IS HEREBY ORDERED that:

17      1.  The Towing defendants' ex parte application is granted;

18      2.  Discovery in this action is stayed pending Judge Mueller's ruling on the order to show

19         cause.  Should Judge Mueller issue an order short of dismissal, the undersigned will

20         set a status conference to discuss the future scheduling of this case.

21  DATED: November 1, 2013

22

23  ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

3