1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TERRYLYN MCCAIN,                          No.  2:11-cv-01265-KJM-AC

12

13                    Plaintiff,
            v.                                 ORDER
14
     CALIFORNIA HIGHWAY PATROL, et
15   al.,

16
                      Defendants.
17

18

19          On May 5, 2013, this court ordered plaintiff Terrylyn McCain ("plaintiff") to

20   show cause, ECF No. 163, why her claim should not be dismissed for (1) failure to prosecute

21   and (2) failure to comply with the court's previous order, ECF No. 59, which directed plaintiff

22   to file a status report within fourteen days of her release from confinement.  In response,

23   plaintiff filed a "Case Management Report," in which she cited problems with receiving mail

24   and various detentions as preventing fulfillment of her duties to the court.  ECF No. 166.  After

25   evaluating the relevant factors, the court finds that plaintiff, acting *pro se*, has shown good

26   cause and that her claim may thus proceed.

27          Federal Rule of Civil Procedure 41(b) permits dismissal where "the plaintiff

28   fails to prosecute or to comply with . . . a court order."  FED. R. CIV. P. 41(b).  "District courts

                                          1

1  have the inherent power to . . . 'impose sanctions including, where appropriate, . . . dismissal of

2  a case.'" *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (quoting *Thompson v. Hous.*

3  *Auth.*, 782 F.2d 829, 831 (9th Cir. 1986)).  However, "dismissal is a harsh penalty and . . .

4  should be only be imposed in extreme circumstances." *Id.* (quoting *Hamilton Copper & Steel*

5  *Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990)).

6         When weighing dismissal under Rule 41(b), the court must consider five factors:

7  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage

8  its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition

9  of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v.*

10 *Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Ferdik*, 963 F.2d at 1260–61.  Additionally,

11 dismissal "must be supported by a showing of unreasonable delay," which "creates a

12 presumption of injury to the defense." *Henderson*, 779 F.2d at 1423 (citations omitted).

13        Here, the first and second factors weigh in favor of dismissal, whereas the third,

14 fourth and fifth weigh against.  The first factor, as a matter of law, "always favors dismissal"

15 because dismissal most expediently resolves the matter.  *Pruett v. Astrue*, No. 2:11-cv-00195

16 FCD KJN, 2011 WL 1327039, at *3 (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th

17 Cir. 1999)).  Similarly, the second factor favors dismissal here both because failure to

18 vigorously prosecute with all due haste impedes the court's efficiency and failure to comply

19 with court orders burdens both the court and opposing parties.

20        The remaining factors, however, do not counsel dismissal.  Defendants have

21 suffered minimal, if any, prejudice from the delayed filing of plaintiff's status report.  The court

22 previously ordered plaintiff to file a report within fourteen days of release from confinement.

23 Although failing to comply with that deadline, plaintiff filed her report on May 9, 2013—only

24 eleven days later—and the court has not observed any prejudice defendants have suffered in the

25 interim.  Further, such a short lapse is insufficient to constitute a "showing of unreasonable

26 delay" so as to "create[] a presumption of injury to the defense." *Henderson*, 779 F.2d at 1423

27 (citations omitted).

28

1         The fourth factor also weighs against dismissal.  Weighing this factor requires a

2    comparative analysis of the "policy favoring disposition on the merits" against "the

3    responsibility of the moving party to move towards that disposition at a reasonable pace, . . .

4    refrain[ing] from dilatory or evasive tactics." *Morris v. Morgan Stanley & Co.*, 942 F.2d 648,

5    652 (9th Cir. 1991).  Here, the court does not find that plaintiff engaged in strategic

6    maneuvering to prolong litigation.  Rather, the court accepts as likely plaintiff's proffered

7    explanations—interference with receipt of mail and physical detention—for inadvertent

8    noncompliance.

9         Finally, the fifth factor also weighs against dismissal.  Review of the docket

10   does not reveal other instances of failure to prosecute or noncompliance.  In fact, until the

11   instant order to show cause, this court has not previously warned plaintiff of the possibility of

12   dismissal.  As such, especially in light of plaintiff's *pro se* status, the court finds a "less drastic

13   sanction[]"—warning—to be available and proper.  Accordingly, plaintiff is cautioned that

14   further failure to prosecute or comply with court orders may result in sanctions up to and

15   including dismissal.

16        Plaintiff's claim may proceed.

17        IT IS SO ORDERED.

18   Dated:  January 8, 2014.

19

20   _____
     UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

3