UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRYLYN MCCAIN,<br><br>             Plaintiff,<br><br>      v.<br><br>MANGHAM, et al.,<br><br>             Defendants. | No.  2:11-cv-01265-KJM-AC<br><br><br>ORDER |

Currently pending before the court are defendants Mike's Towing Service and Michael D. Olivarez's ("Towing Defendants") ex parte motion "to continue consideration" of their motion to compel, ECF No. 196, and defendants' motion to modify the scheduling order, ECF No. 198.  For reasons discussed below, the court will deny the first motion and grant the second.

On December 2, 2015, the Towing Defendants file a motion to compel further discovery responses.  ECF No. 190.  Because plaintiff is presently incarcerated, the motion was not noticed for hearing.  See Local Rule 230(l).  The Towing Defendants now request that the court continue:

> (1) the Tow Defendants pending Motion to Compel (with no set hearing date, per Local Rule 230(l)), with the opportunity to amend and refile based on recently promised initial and further responses to discovery, as discussed herein; and (2) any Motion to Compel by Plaintiff which may be duly filed and currently pending, per agreements reached at deposition of Plaintiff on Dec. 8, 2015.

ECF No. 196 at 2.  It appears that defendants are asking the court to refrain from deciding their

1

motion until further notice, because they believe plaintiff may yet provide documents responsive to their requests.  Under these circumstances, the proper course is for defendants to withdraw their motion.  As to the Towing Defendants' request to continue consideration of "any Motion to Compel by Plaintiff which may be duly filed and currently pending," the docket reflects no such motions.  To the extent that the Towing Defendants are prospectively requesting the court defer consideration of motions plaintiff may file in the future, the request is improper.  For these reasons, the court will deny the Towing Defendants' motion.  However, in light of the Towing Defendants' representations regarding the status of the discovery dispute, their motion to compel will be vacated without prejudice to refiling.

All Defendants jointly requests that the court modify its pretrial scheduling order to allow more time for discovery.  ECF No. 198 at 2.  Specifically, defendants state that the Towing Defendants conferred with plaintiff during their December 8, 2015, deposition.  Id.  Based on plaintiff's representations during that meeting defendants expect they will receive further discovery responses from plaintiff.  Id.  Accordingly, defendants request that the court continue the discovery deadline to March 1, 2016, and the law and motion deadline to May 30, 2016.  See id. (requesting that the court continue the foregoing deadlines sixty days).[1]  The court finds that defendants have shown good cause for the granting of an extension of the foregoing deadlines.  See Fed. R. Civ. P. 16(b).  Accordingly, the court will grant the defendants' motion.

In accordance with the foregoing, THE COURT HEREBY ORDERS that:

1. The Towing Defendants' ex parte motion, ECF No. 196, is DENIED;
2. The Towing Defendant's pending motion to compel, ECF No. 190, is VACATED without prejudice to refiling; and

////

////

////

---

[1] Later on, defendants request that *both* the discovery deadline and the law and motion deadline be continued to March 31, 2016.  ECF No. 198 at 3.  The court can only assume, however, that this is a typo.

2

3.  Defendants' motion to modify the scheduling order, ECF No. 198, is GRANTED. The parties' discovery deadline is continued to March 1, 2016, and their law and motion deadline is continued to May 30, 2016.

DATED:  December 18, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE