UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRYLYN MCCAIN, | No. 2:11-cv-01265-KJM-AC |
| Plaintiff, | |
| v. | ORDER |
| MANGHAM, et al., | |
| Defendants. | |

This matter is before the undersigned pursuant to Local Rule 302(c)(21). Currently pending before the court are plaintiff's (1) December 7, 2015, motion to quash; (2) December 9, 2015, motion to quash; (3) and January 4, 2016, motion for clarification. The court will deny plaintiff's motions because they are based on a fundamental misconception, that her California Department of Motor Vehicle (DMV) records are irrelevant to this litigation.

Under the Federal Rules of Civil Procedure, a party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on any issue that is or may be in the case." Chavez v. DaimlerChrysler Corp., 206 F.R.D. 615, 619 (S.D. Ind. 2002) (internal quotations omitted). Where a non-party possesses potentially relevant information, the party seeking discovery may obtain a subpoena for the evidence pursuant to Rule 45. "The same broad

1

scope of discovery set out in Rule 26 applies to the discovery that may be sought pursuant to Rule 45." AF Holdings LLC v. Does 1–1,058, 286 F.R.D. 39, 46 (D.D.C. 2012) (citing Watts v. S.E.C., 482 F.3d 501, 507 (D.C. Cir. 2007)).  Any party that issues a subpoena must, however, "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Fed. R. Civ. P. 45(d)(1).  In addition, the court may modify or quash a subpoena that "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A).

Although plaintiff's motions to quash are somewhat unclear, they seem to request that the court quash subpoenas issued by defendants Mike's Towing Service and Michael D. Olivarez ("Towing Defendants") for her DMV records.  ECF Nos. 194, 195.  Plaintiff's motions describe these subpoenas as if they were served upon her; however, the Towing Defendants opposition asserts they were served upon the DMV itself.  ECF No. 200 at 5.  Plaintiff claims that these subpoenas should be quashed because the documents they seek are confidential and, in any case, irrelevant to her civil rights claims against defendants.  ECF Nos. 194, 195.  Plaintiff also claims that the Towing Defendants' request poses an undue burden upon her in light of her incarcerated status.  Id.

First, plaintiff is incorrect that her DMV records are irrelevant to this matter.  Although plaintiff's complaint alleges few facts, it is clear that her claims are based on a March 14, 2011, traffic stop initiated by defendant Mangham ("Officer Mangham").  ECF No. 106 at 7.  As a result of that traffic stop, plaintiff was arrested and transported to San Joaquin County Jail on a number of "administrative traffic infractions."  Id. at 9.  For the Towing Defendants' part, they assert that plaintiff was arrested and her vehicle was impounded because of an ongoing criminal enterprise.  ECF No. 200 at 2–3.  According to the Towing Defendants, prior to plaintiff's arrest she regularly drove without a driver's license or registration with the intention of being pulled over.  Id.  Once she was pulled over and her vehicle was impounded, plaintiff would send an "invoice" to the tower purporting to bill for claimed loss of use of the vehicle.  Id.  Plaintiff would then fraudulently claim withheld income to the IRS based on these "invoices" to obtain tax refunds.  Id.

2

Based on this understanding of the facts surrounding plaintiff's claims, the Towing Defendants have requested the registration history of plaintiff's vehicle in order to establish undisputed facts to be used in a motion for summary judgment. Id. at 4–5. Specifically, the Towing Defendants' subpoena requests

> Registration history, for the last 10 years, of the following vehicle: 194 Jaguar XJS, CV, Vin SAJNX27ORC191129; including time when Registered owner was: White Panther Fincl Trst, David H Putnam, Trustee, 2561 Beecher Rd., Stockton, CA, 95215 and/or TerryLyn McCain 2549 N. Beecher Rd., Stockton, CA 95215.

Id. at 5; ECF No. 194, Exhibit B-3.

In summary, plaintiff claims that she was wrongfully arrested in violation of the Fourth Amendment. The Towing Defendants, however, assert that she was properly arrested for failure to register her vehicle, driving without a license, and engaging in a criminal enterprise. In light of the Towing Defendants' version of the facts, the registration history of plaintiff's vehicle is clearly relevant to plaintiff's claims.

Second, the disclosure of the registration history of plaintiff's vehicle would not be unduly burdensome, nor would it violate plaintiff's rights to privacy. With regards to plaintiff's burdensome objection, the Towing Defendants' discovery request cannot have burdened plaintiff because it was not directed at her. What's more, plaintiff cannot assert any right to privacy to her vehicle's registration history, especially in light of the foregoing allegations. For one, plaintiff does not offer any authority in support of the proposition that she has a privacy interest in her vehicle's registration history. In addition, by asserting she was wrongfully arrested on charges involving her failure to register her vehicle, plaintiff has put the registration of her vehicle in issue. Accordingly, she cannot now object that her vehicle registration records are off limits.

Finally, it is unclear what plaintiff's self-styled motion for clarification of scope of pending action seeks, but it seems to request that the court bar defendants from requesting documents related to plaintiff's DMV records based on the contention that they are irrelevant to her claims. ECF No. 207. For reasons the court has already stated, plaintiff's contention is incorrect and the court will issue no such order.

////

In accordance with the foregoing, THE COURT HEREBY ORDERS that:

1. Plaintiff's motions to quash, ECF Nos. 194, 195, are DENIED; and

2. Plaintiff's motion for clarification, ECF No. 207, is DENIED.

DATED: January 12, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE