UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRYLYN MCCAIN, | No. 2:11-cv-01265-KJM-AC |
| Plaintiff, | |
| v. | ORDER |
| MANGHAM, et al., | |
| Defendants. | |

This matter is before the undersigned pursuant to Local Rule 302(c)(21). On February 10, 2016, plaintiff filed a request for subpoenas upon (1) the Stockton Police Department; (2) the San Joaquin County Sheriff's Department; (3) the California Department of Motor Vehicles; (4) the San Joaquin County Superior Court; (5) the "Superior Court of the State of California, Lodi Branch;" and (6) Clear Choice Lien Service, Inc. ECF No. 216. Plaintiff states that she is asking for the "production of documents, records to complete the discovery process." Id. The court construes the request as one for a signed subpoena under Federal Rule of Civil Procedure 45 and will grant it.

A non-party may be compelled to produce documents for inspection and copying pursuant to a subpoena duces tecum. See Fed. R. Civ. P. 34(c), 45(a). In order to obtain documents from a non-party, plaintiff must fill out subpoena forms and ensure that each person is served with the

1

1  subpoena by a non-party. Fed. R. Civ. P. 45(b). If the person's attendance is required, plaintiff
2  must tender to each person "the fees for one day's attendance and the mileage allowed by law."
3  Fed R. Civ. P. 45(b)(1). The current requisite fee for each person is forty dollars per day, 28
4  U.S.C. § 1821(b), and cannot be waived for a plaintiff proceeding in forma pauperis. See Dixon
5  v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993).

6        Federal Rule of Civil Procedure 45(a)(3) requires that "[t]he clerk must issue a subpoena,
7  signed but otherwise in blank, to a party who requests it. That party must complete it before
8  service." Therefore, at the outset, the Clerk of the Court will be directed to send plaintiff a blank
9  subpoena form. A subpoena may direct a non-party, pursuant to Federal Rule of Civil Procedure
10 45, to produce documents or other tangible objects for inspection.

11       Limitations on a subpoena include the relevance of the information sought as well as the
12 burden and expense to the non-party in providing the requested information. Fed. R. Civ. P. 26,
13 45. A motion for issuance of a subpoena duces tecum should be supported by clear identification
14 of the documents sought and a showing that the records are obtainable only through the identified
15 third-party. See, e.g., Davis v. Ramen, 1:06-cv-01216-AWI-SKO PC, 2010 WL 1948560, at *1
16 (E.D. Cal. May 11, 2010); Williams v. Adams, No. 1:05-cv-00124-AWI-SMS PC, 2010 WL
17 148703, at *1 (E.D. Cal. Jan. 14, 2010). "The Federal Rules of Civil Procedure were not intended
18 to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with
19 a subpoena duces tecum." Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991); see also, U.S.
20 v. Columbia Broad. Sys., Inc., 666 F.2d 364, 368 (9th Cir. 1982) (court may award costs of
21 compliance with subpoena to non-party). Non-parties are "entitled to have the benefit of this
22 Court's vigilance" in considering these factors. Badman, 139 F.R.D. at 605.

23       Because Federal Rule of Civil Procedure 45(b) requires personal service of a subpoena,
24 "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not
25 taken lightly by the court." Austin v. Winett, 1:04-cv-05104-DLB PC, 2008 U.S. Dist. LEXIS
26 103279, at *2 (E.D. Cal. Dec. 11, 2008); 28 U.S.C. § 1915(d). If plaintiff wishes the United
27 States Marshal to serve a subpoena duces tecum on a non-party, plaintiff must submit to the court
28 a completed subpoena form and the requisite fee. The form must describe the items to be

produced with reasonable particularity and designate a reasonable time, place, and manner for production. Plaintiff must also show that she has not or cannot receive the documents she seeks by way of discovery propounded upon defendants. Failure to do so will result in denial of the motion.

In accordance with the foregoing, THE COURT HEREBY ORDERS the Clerk of the Court to send plaintiff six blank subpoena forms.

DATED: February 16, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE