| | |
|---|---|
| TERRYLYN McCAIN,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA HIGHWAY PATROL, et al.,<br><br>Defendants. | No. 2:11-cv-01265 KJM AC<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff is proceeding in this action pro se, and the case was accordingly referred to the undersigned by Local Rule 302(c)(21). This matter is before the court on motions for summary judgment from all remaining parties: defendants Mangham, J. Pini, and Walling ("officer defendants") (ECF No. 262), defendants Mike's Towing Service and Michael D. Olivarez ("towing defendants") (ECF No. 250), and plaintiff TerryLyn McCain (ECF No. 265). Also pending are plaintiff's motion to strike (ECF No. 319), officer defendants' ex parte application to substitute a properly redacted document in opposition to plaintiff's motion for summary judgment (ECF No. 316), officer defendants' motion to strike plaintiff's opposition to the declaration of Counsel Alberto Gonzalez (ECF No. 309), and towing defendants' motion to compel (ECF No. 215). For the reasons that follow, the undersigned recommends that defendants' motions for summary judgment be GRANTED, plaintiff's motion for summary judgment be DENIED, and

1

that judgment be entered in defendants' favor.[1]

## I. Background

Plaintiff filed this case on May 11, 2011. ECF No. 1. Plaintiff brings this lawsuit pursuant to 42 U.S.C. §§ 1985, 1983, 1986, and 1988, alleging that her constitutional rights were violated under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments in connection with a traffic stop that lead to her arrest and the towing of her car. ECF No. 109 at 3-9.

On December 12, 2011, District Judge Kimberly J. Mueller adopted findings and recommendations dismissing all claims against former defendant California Highway Patrol. ECF No. 90. The same day, Judge Mueller adopted findings and recommendations dismissing plaintiff's claims premised on the "right to travel." ECF No. 91. The operative complaint in this case is plaintiff's First Amended Complaint. ECF No. 109. Only the towing defendants and the officer defendants remain, and all move for summary judgment on affirmative defense grounds: the officer defendants assert qualified immunity, and the towing defendants rely on the related "good faith" doctrine.

## II. Standards for Summary Judgment

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under summary judgment practice, "[t]he moving party initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or

---

[1] The court notes that this result should come as no surprise to plaintiff, who filed a lawsuit making similar claims against the Stockton Police Department, several of its officers, and a towing company in 2010 for a separate but factually similar incident that occurred in November of 2010. McCain v. Stockton Police Dep't, No. CIV S-10-3170 JAM, 2011 WL 4710696 (E.D. Cal. Oct. 4, 2011), subsequently aff'd, No. 11-17907, 2017 WL 3499794 (9th Cir. Aug. 16, 2017).

presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

"Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see also Fed. R. Civ. P. 56(c)(1)(B). Indeed, summary judgment should be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. In such a circumstance, summary judgment should "be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material, i.e., a fact "that might affect the outcome of the suit under the governing law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Anderson, 447 U.S. at 248. In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "'the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" T.W. Elec. Serv., 809 F.2d at 630 (quoting First Nat'l Bank of Ariz. v. Cities

Serv. Co., 391 U.S. 253, 288-89 (1968)). Thus, the "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita, 475 U.S. at 587 (citation and internal quotation marks omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact, [the court] draw[s] all inferences supported by the evidence in favor of the non-moving party." Walls v. Cent. Costa Cnty. Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011) (citation omitted). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. at 587 (quoting First Nat'l Bank, 391 U.S. at 289).

### III. Statement of Undisputed Facts

Unless otherwise specified, the following facts are either expressly undisputed by the parties or have been determined by the court, upon a full review of the record, to be undisputed by competent evidence. On March 14, 2011, on or about 7:30 p.m., plaintiff was heading east on "highway 4" in her 1994 Jaguar SJX. ECF No. 109 at 6-7. Plaintiff had only a "UCC FINANCIAL STATEMENT" as proof of her ownership of the car. Id. at 7.

Defendant Officer Mangham was on routine patrol in a California Highway Patrol ("CHP") vehicle in full uniform traveling on State Route 4. ECF No. 262-2 at ¶ 4. Defendant Mangham noticed plaintiff's vehicle, a common passenger car, driving without a state-issued license plate displayed. Id. Instead of a regular license plate, the Jaguar had an irregular, apparently homemade, "DOT" placard where the license plate should have been and the same US DOT numbers along the rear fenders. Id. ¶ 5. According to Mangham, based on his training and experience, the Jaguar should have displayed a vehicle registration license plate associated with a state licensing agency and not a US DOT number, because US DOT numbers are not used with common passenger cars. Id. at 6. Defendant Mangham activated his police lights and pulled

plaintiff over. Id. at 7, ECF No. 109 at 7.

According to plaintiff, defendant Mangham exited his patrol car and asked her to produce evidence against herself and she said "no." ECF No. 109 at 7. Defendant Mangham testifies that he asked plaintiff to present any form of identification, and she emphatically refused. ECF No. 262-2 at ¶¶ 22-23. Defendant Mangham instructed plaintiff to get out of her car, and she refused. Id. at ¶ 23. After several orders to exit the car, plaintiff stepped out of the car but continued to refuse to present any form of identification. Id. Defendant Mangham testifies that due to plaintiff's continual obstruction of his duties, he made the decision to arrest plaintiff. Id. at 25. Plaintiff was placed in handcuffs and seated in Mangham's patrol car. Id. at 27. A search of plaintiff's car revealed a passport identifying plaintiff as TerryLyn McCain. Id. at 28. Plaintiff still refused to confirm her identity. Id. at 29.

Defendant Mangham radioed CHP Dispatch for a check of plaintiff's driver's license status and he was told that plaintiff's license was suspended and she had four prior citations for driving with a suspended license. Id. at ¶ 45. Plaintiff had surrendered her driver's license in 2007. Id. at ¶ 33. A warrant check of plaintiff returned two outstanding warrants for her arrest. Id. at ¶ 46. A registration check of plaintiff's vehicle revealed that the registration had expired in 2007. Id. at ¶ 47. Plaintiff's vehicle did not have any current California state registration sticker, and it did not have a license plate issued by any known state, federal, or international motor vehicle registration agency. Id. at ¶ 43. Plaintiff believes that she has a constitutional right to use her vehicle as she wishes and that this right overrides any state vehicle registration requirement. Id. at ¶¶ 38-39.

Defendant Walling heard defendant Mangham's radio call regarding plaintiff and recognized her name from a prior contact he had with her. Id. at ¶ 48. Defendant Walling came to the scene and visually identified the plaintiff from his past interaction with her. Id. at ¶ 50. Defendant Walling took photographs of plaintiff's vehicle while on the scene. Id. at ¶ 52, ECF No. 262-9 (Exh. A-E). Defendant Pini was also present on the scene of plaintiff's arrest in her capacity as supervising Sergeant. ECF No. 262-5 at ¶ 6. Both defendant Pini and defendant Walling testify that their conduct towards plaintiff was based on facilitating the enforcement stop

by defendant Mangham under what they believed were probable violations of the California Penal Code and California Vehicle Code and they were not motivated by any animus towards plaintiff. ECF No. 262-2 at ¶ 73 (Decl. of Walling at ¶ 32, Decl. of Pini at ¶ 14). Defendant Mangham testifies his citation and arrest of plaintiff was based on what he believed were probable violations of the California Penal Code and California Vehicle Code and were not motivated by any personal animus against plaintiff. Id. at ¶ 72 (Decl. of Mangham at ¶ 48).

After placing plaintiff under arrest, defendant Mangham contacted CHP Dispatch and arranged for plaintiff's vehicle to be towed off the roadway and impounded. ECF No. 262-7 at ¶ 50. Defendant Mangham was on the scene when Mike's Towing Service arrived to tow plaintiff's car, and he directed the driver to the car and told him it was to be towed. Id. at ¶ 51. Defendant Mangham was concerned about leaving the vehicle on the shoulder of the road because it was in a high traffic area without a reasonable area of safety off the road to protect the car from traffic, and he believed the vehicle would pose a danger to other drivers on the road. Id. at ¶ 56. Defendant Mangham left the scene to book plaintiff into the county jail, and defendant Walling remained on the scene to standby for the tow truck and to allow the tow truck to remove the vehicle from the scene. Id. at ¶ 89-90.

### IV. Analysis

#### A. The Officer Defendants Are Entitled to Qualified Immunity

The officer defendants move for summary judgment on the grounds of qualified immunity. ECF No. 262-1 at 4. Based on the facts alleged by plaintiff and the uncontroverted evidence presented by the officer defendants, it is clear that the officer defendants are subject to qualified immunity and all of plaintiff's claims against them are barred. Government officials are immune "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." Pearson v. Callahan, 555 U.S. 223, 231 (2009). Ideally, qualified immunity

is determined at the earliest possible stage in litigation to avoid unnecessary burden and expense. Hunter v. Bryant, 502 U.S. 224, 227 (1991) (per curiam).

In Saucier v. Katz, the Supreme Court set forth a two-step inquiry for determining whether qualified immunity applies. 533 U.S. 194, 201 (2001) (overruled in part by Pearson, 555 U.S. 223). First, a court must ask, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Id. Second, if the answer to the first inquiry is "yes," the court must ask whether the constitutional right was "clearly established." Id. This second inquiry is to be undertaken in the specific context of the case. Id. In Pearson v. Callahan, the Supreme Court removed any requirement that the Saucier test be applied in a rigid order, holding "[t]he judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." 555 U.S. 223, 236 (2009). Here, it is clear from the uncontroverted facts that the officer defendants did not commit any constitutional violation, ending this court's qualified immunity inquiry at the first prong.

### 1. No Violation of Plaintiff's First Amendment Rights

The First Amendment to the U.S. Constitution protects, in relevant part, a person's right to "petition the government for a redress of grievances." U.S. Const. amend. I. Plaintiff does not claim her arrest was retaliatory, but states that she demanded to see a magistrate. ECF No. 109 at ¶ 60. Pursuant to the California Vehicle Code, when a person is arrested for a felony that person has no right to be immediately brought before a judicial officer. Cal. Veh. Code § 40302 (West). "[W]henever a person is arrested for any violation of this code declared to be a felony, he shall be dealt with in like manner as upon arrest for the commission of any other felony." Cal. Veh. Code § 40301 (West). Plaintiff was arrested for, among other things, violation of California Vehicle Code § 4463(a), "forgery, alteration, counterfeit, or falsification of a registration, license plate, etc.", which is a felony. The officer defendants did not violate plaintiff's First Amendment rights by failing to take her before a magistrate without delay and instead proceeding with her arrest as they would any other felony arrest.

### 2. No Violation of Plaintiff's Fourth Amendment Rights

The Fourth Amendment to the U.S. Constitution protects individuals, in relevant part, from unreasonable search and seizure. U.S. Const. amend. IV. The Fourth Amendment does not prohibit all search and seizure. "[I]f the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid." Carroll v. United States, 267 U.S. 132, 149 (1925), see also, United States v. Hartz, 458 F.3d 1011, 1017 (9th Cir. 2006) ("A police-initiated traffic stop is reasonable under the Fourth Amendment if the police stop the vehicle because of a 'reasonable suspicion' that the vehicle's occupants have broken a law." (citation omitted)). Impoundment of a vehicle, which constitutes a seizure under the Fourth Amendment, is proper under the "community caretaking doctrine" when a driver's arrest prevents the driver from being able to "remove the vehicle from a location at which it jeopardizes the public safety or is at risk of loss." Miranda v. City of Cornelius, 429 F.3d 858, 864 (9th Cir. 2005).

Here, the officer defendants had probable cause to pull plaintiff over, search her vehicle, arrest her, and order her car towed. As described in the facts above, plaintiff was driving a clearly unregistered vehicle, and she was doing so without a valid driver's license. ECF No. 262-2 at ¶¶ 5, 33. The officer defendants had reason to believe that plaintiff was acting in violation of several California laws, including California Vehicle Code § 4463(a). Upon plaintiff's arrest, the officer defendants acted properly in having the vehicle impounded because in their judgment it was unsafe to leave the vehicle unattended on the roadside. ECF No. 262-7 at ¶ 506. The officer defendants acted with probable cause and did not violate plaintiff's Fourth Amendment rights.

### 3. No Violation of Plaintiff's Fifth or Fourteenth Amendment Rights

The Fifth Amendment to the U.S. Constitution states, in pertinent part, that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . ." and that no person shall be "deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The due process rights contained in the Fifth Amendment is applied to the states by the Fourteenth Amendment; the rights are co-

extensive. Plyler v. Doe, 457 U.S. 202, 210, n.9 (1982); Bolling v. Sharpe, 347 U.S. 497, 498–99 (1954). The Fourteenth Amendment also requires a state not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV.

To the extent plaintiff alleges violation of a constitutional right to grand jury presentment and indictment, she miscomprehends the "grand jury" clause of the Fifth Amendment. ECF No. 109 at 12. The Supreme Court held well over a century ago that the Due Process Clause of the Fourteenth Amendment does not guarantee indictment by a grand jury to state criminal defendants. Hurtado v. California, 110 U.S. 516, 538; see also United States v. Navarro-Vargas, 408 F.3d 1184, 1189 (9th Cir. 2005) (discussing the history of grand juries). Plaintiff was properly apprehended for numerous state traffic violations, and nothing in the evidence presented in this case indicates that the nature of her alleged crimes entitled her to a grand jury indictment.

To the extent plaintiff claims her due process rights were violated by her arrest and the towing and impoundment of her vehicle, the court finds no constitutional violation occurred. As discussed above, the officer defendants' search and arrest of plaintiff and the seizure of plaintiff's vehicle was done with probable cause, the towing and impoundment of her vehicle was permissible under the community caretaking doctrine, and all actions taken against plaintiff were well within the bounds of constitutional requirements. In general, "there is no right to a pre-tow hearing." Soffer v. City of Costa Mesa, 798 F.2d 361, 363 (9th Cir. 1986). Plaintiff's due process rights were not violated under the Fifth or Fourteenth Amendment.

To the extent plaintiff alleges a Fourteenth Amendment equal protection violation, her claim fails. "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003). Plaintiff does not allege she is part of a protected class, and does not articulate, other than the brief accusation in her Third Cause of Action, how she was denied equal protection. ECF No. 109 at 12. Based on a review of the allegations and uncontroverted evidence, plaintiff's Fourteenth Amendment right to equal protection was not violated.

////

### 4. No Violation of Plaintiff's Sixth Amendment Rights

The Sixth Amendment to the U.S. Constitution States, in relevant part, that a person has the right to "be informed of the nature and cause of the accusation; [and] to be confronted with the witnesses against him[.]" U.S. Const. amend. VI. "The central concern of the Confrontation Clause is to ensure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact. The word "confront," after all, also means a clashing of forces or ideas, thus carrying with it the notion of adversariness." Maryland v. Craig, 497 U.S. 836, 845 (1990). Plaintiff has made no allegation that the officer defendants or the towing defendants were involved in her criminal proceedings post-arrest. Based on a review of the allegations and uncontroverted facts in this case, there was no violation of plaintiff's Sixth Amendment rights.

### 5. No Violation of Plaintiff's Eighth Amendment Rights

The Eighth Amendment to the U.S. Constriction states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. First, "[t]he Eighth Amendment's prohibition of cruel and unusual punishments applies only after conviction and sentence." Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). "Therefore, pretrial detainees are accorded no rights under the Eighth Amendment...Instead their rights arise under the Due Process Clause of the Fourteenth Amendment." Id. Further, to the extent plaintiff asserts she was subject to "cruel and unusual" punishment, her claims to not have merit. Plaintiff claims only that she was searched and arrested, and her vehicle was towed; her allegations do not remotely amount to cruel and unusual punishment as prohibited by the Eighth Amendment. See, e.g. Whitley v. Albers, 475 U.S. 312 (1986); ECF No. 109.

Because the officer defendants did not violate any of plaintiff's constitutional rights, they are subject to qualified immunity and are immune from suit. Their summary judgment motion should be GRANTED on qualified immunity grounds. The court further notes, as is apparent from the discussion above, that plaintiff's evidence is insufficient to establish any constitutional violation even without consideration of the qualified immunity issue.

1         B. The Towing Defendants are Protected by the Good Faith Defense

Upon a review of the uncontroverted evidence in this case, the court concludes that the towing defendants are entitled to the benefit of the "good faith" defense and are not liable for any of the alleged constitutional violations. While a private company cannot assert a qualified immunity defense, courts have "held open the possibility that private defendants may assert a 'good faith' defense to a section 1983 claim." Clement v. City of Glendale, 518 F.3d 1090, 1097 (9th Cir. 2008). The good faith defense is available to private individuals or entities acting at the direction of the police with no reason to suspect that doing so was constitutionally improper. Id. This defense is available to towing companies who act at the behest of law enforcement. Id.; see also Tarantino v. Syputa, 270 F. App'x 675, 677 (9th Cir. 2008).

Here, the undisputed facts make clear that the towing defendants are protected by the good faith defense. As discussed above, the officers who directed the towing company to tow plaintiff's car did not act in violation of any of plaintiff's constitutional rights. Thus, the towing defendants reasonably and correctly held a good faith belief that they were acting in accordance with constitutionally proper police orders. ECF No. 259 at 6. Because the good faith defense applies to the towing defendants, their motion for summary judgment should be GRANTED. The court again notes, as is apparent from the discussion above, that defendants would be entitled to summary judgment even without the availability of the good faith defense, because plaintiff has not produced evidence sufficient to establish a constitutional violation by any defendant.

        C. Plaintiff Is Not Entitled To Summary Judgment

For the reasons explained above in relation to the officer's motion, plaintiff has not presented evidence sufficient to support judgment in her favor on any claim. To the contrary, the undisputed facts fail to establish any constitutional violation. Plaintiff's motion should therefore be denied.

**V.    Other Motions**

In light of the recommended dispositions of the motions for summary judgment, the outstanding miscellaneous motions in this case, ECF Nos. 215, 309, 316 and 319, will be denied as moot.

CONCLUSION

Accordingly, for the reasons explained above, IT IS HEREBY ORDERED that the motions at ECF Nos. 215, 309, 316 and 319 are DENIED.

Furthermore, IT IS RECOMMENDED that:

1. Defendants' motions for summary judgment, ECF Nos. 250 and 262, be GRANTED; and

2. Plaintiff's motion for summary judgment, ECF No. 265, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: September 25, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE